IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, IFPTE LOCAL 2001, AFL-CIO,<br><br>     Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>     Defendant.<br>_____ / | CASE NO.  05-1251 MLB<br><br>**COMPLAINT FOR VIOLATIONS OF COLLECTIVE BARGAINING AGREEMENT UNDER 29 U.S.C. §185; FOR INTERFERENCE WITH EMPLOYEE BENEFITS UNDER SECTION 510 OF ERISA, 29 U.S.C. §1140; AND FOR DECLARATORY RELIEF UNDER 28 U.S.C. §2201**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001, AFL-CIO (hereafter "SPEEA") alleges for its causes of action against Defendant The Boeing Company, a Delaware corporation (hereafter "Boeing"), as follows:

**JURISDICTION AND VENUE**

1.    Pursuant to District of Kansas Rule 40.2, SPEEA hereby requests that trial in this matter be held in **Wichita, Kansas**.

2.    SPEEA brings this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185; under Section 510 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1140; and under the Declaratory Judgment Act, 28 U.S.C. §§2201 et seq., to remedy violations of a collective bargaining agreement between SPEEA and Boeing, to seek a

1

remedy for Boeing's interference with the pension rights of affected employees, and to declare and establish the rights and responsibilities thereunder.

3.      This Court has jurisdiction under 28 U.S.C. §1331, 29 U.S.C. §185 and 29 U.S.C. §1132(g).

4.      Venue is proper in this Court and in this Division because the agreement giving rise to many of the claims was negotiated and executed here, because the actions giving rise to the claim occurred here and because both SPEEA and Boeing may be found here.

## PARTIES

5.      Plaintiff SPEEA is an unincorporated labor organization that represents for purposes of collective bargaining employees of employers in industries affecting commerce. SPEEA maintains offices in this District from which it serves as collective bargaining representative for thousands of employees in this District.

6.      Defendant Boeing is a Delaware corporation with headquarters in the State of Illinois. For many years Boeing has transacted significant business in this District.

## FACTS

### The Collective Bargaining Agreements

7.      SPEEA serves as the collective bargaining representative for two bargaining units of employees at Boeing's commercial facility in Wichita (hereafter "the Commercial Facility"). One unit consists of engineers and the other is a unit of technical and other professional employees. SPEEA and

2

Boeing negotiated successive collective bargaining agreements establishing the terms and conditions of employment for the employees in these two bargaining units.

8. In 2003 the parties negotiated a multiyear agreement for the engineers' unit. A true and correct copy of this agreement – the Engineers Agreement – is attached as Exhibit A.

9. In 2004 the parties negotiated a multiyear agreement for the technical and professional unit. A true and correct copy of this agreement – the WTPU Agreement – is attached as Exhibit B.

10. Pursuant to these agreements, SPEEA-represented employees were entitled, *inter alia*, to certain health care benefits and certain retirement pension benefits. The details and contours of these benefits were negotiated through collective bargaining and established in the respective collective bargaining agreements.

11. With respect to pension benefits, the parties agreed that both units of the SPEEA-represented employees would participate in the Boeing Company Employee Retirement Plan ("the Pension Plan"). A true and correct copy of the Summary Plan Description of the Pension Plan is attached as Exhibit C.

12. The normal retirement age under the Pension Plan is 65. However, the Pension Plan allows employees to retire at age 55 under certain conditions (hereafter "the Early Retirement Pension Benefit").

13. Retirement benefits are paid under one of two formulas, either the Standard Benefit Formula or the Alternative Benefit Formula (which is

composed of a "Core Benefit" and an "Excess Benefit"). Employees who elect to retire under the Early Retirement Pension Benefit receive a monthly pension benefit that is reduced from its normal amount by between 2% and 5% (depending on which formula applies) for each year retirement occurs before age 60. By contrast, an employee who seeks to retire before age 65 -- but who does not qualify for the Early Retirement Pension Benefit -- can begin receiving his pension benefit at age 55 but the monthly benefit is reduced by 6% for each year retirement occurs before age 65 (hereafter "the Deferred Vested Benefit").

14.     Another provision of the Pension Plan protects employees in the event of a "layoff."  Specifically, employees who lose Boeing employment through "layoff" may take advantage of the Early Retirement Pension Benefit if they reach age 55 within six years of the termination of their Boeing employment, enabling them to avoid the higher actuarial penalty that would otherwise apply to the Deferred Vested Benefit. In the parlance of employee benefits, such employees are able to "bridge" to the early retirement age.

15.     Ordinarily, once individuals leave Boeing employment, by retirement or otherwise, they must arrange for their own health care coverage until they reach age 65 and become eligible for Medicare.

16.     SPEEA and Boeing negotiated a special health-care provision that accompanies the Early Retirement Pension Benefit. Specifically, if an individual is eligible for and elects the Early Retirement Pension Benefit, that individual also qualifies for Boeing-provided health care until he or she becomes eligible for Medicare (hereafter "the Early Retirement Health Care Benefit").

4

17.     The Agreements also provide certain health-care benefits to employees who lose their Boeing employment through a "layoff." Specifically, the Agreements provide that SPEEA-represented employees who are eligible and elect to retire under the "bridging" provision set forth above will also receive retiree medical insurance until they reach age 65.

**Boeing sells the Commercial Facility and lays off its employees.**

18.     In 2004 Boeing announced it was looking to sell the Commercial Facility. It subsequently found a buyer in Spirit AeroSystems, Inc. ("Spirit").

19.     Spirit does not have and has never had any corporate affiliation or other such relationship with Boeing.

20.     Boeing and Spirit entered into an Asset Purchase Agreement on or about February 22, 2005. This agreement provided, *inter alia*, that Spirit would take over the ownership and operation of the Commercial Facility from Boeing.

21.     On or about March 2005, Boeing announced to its SPEEA-represented employees at Wichita that they would be laid off from their Boeing employment effective May 2005 owing to Boeing's sale of the Commercial Facility.

22.     Spirit announced it planned to continue operating the Commercial Facility. The employees were informed that, if they wanted to be considered for a job with Spirit, they were required to submit an application form. Spirit subsequently reviewed the employees' work records and conducted interviews with their Boeing managers. Spirit hired some, but not all, of those former Boeing employees who sought employment with Spirit.

23.     On June 16, 2005, Boeing laid off the majority of SPEEA-represented

employees at the Commercial Facility. Others were laid off at a later date.

24. On June 17, Spirit took over the operations of the Commercial Facility. Those individuals whom Spirit chose to hire started work for Spirit that same day.

### Boeing refuses to honor its contractual promises and interferes with its former employees' benefit rights.

25. Approximately 611 SPEEA-represented employees were between 49 and 54 years of age, with at least 10 years of vesting service, on their last day of employment with Boeing. These individuals had given many years of their life to Boeing and expected to continue working for Boeing until they retired. Now that they were about to be abruptly laid off from their Boeing employment, they looked forward to exercising the special benefits SPEEA had negotiated with Boeing.

26. Boeing informed the SPEEA-represented employees, however, that despite the fact it had involuntarily terminated their collective employment with Boeing, Boeing would not consider them "laid off" if they did not seek to be hired by Spirit, if they were offered and accepted employment with Spirit, or if Spirit offered them employment and they declined it, and thus they would not qualify for the Early Retirement Pension Benefit or the Early Retirement Health Care Benefit.

27. SPEEA has protested this determination on numerous occasions with Boeing representatives. Boeing has refused to change its position.

28. The International Association of Machinists attempted to pursue a protest over the same issues through the grievance-arbitration process, under

6

similar language as found in the SPEEA Agreements. Boeing has taken the position that the subject matter of the grievance is outside the contractual grievance procedure, and thus rejected efforts to pursue that route. SPEEA reasonably believes that Boeing will take the same position and refuse to arbitrate any grievance SPEEA may file over the issues raised in this Complaint.

### FIRST CLAIM FOR RELIEF:  BREACH OF CONTRACTUAL PROMISE TO PROVIDE CERTAIN PENSION BENEFITS TO LAID-OFF BOEING EMPLOYEES [29 U.S.C. §185]

29.  Boeing agreed, in contracts signed with SPEEA, that laid off employees with 10 years of vesting service who reach age 55 within 6 years of their layoff from Boeing employment, would qualify for the Early Retirement Pension Benefit.

30.  The SPEEA-represented employees at the Commercial Facility were laid off as of June 16 when Boeing involuntarily terminated their employment.

31.  By taking the position that the laid-off SPEEA-represented employees cannot qualify for the Early Retirement Pension Benefit, Boeing breached its contractual promises with SPEEA.

### SECOND CLAIM FOR RELIEF: BREACH OF CONTRACTUAL PROMISE TO PROVIDE CERTAIN HEALTH BENEFITS TO LAID-OFF BOEING EMPLOYEES [29 U.S.C. §185]

32.  Boeing agreed, in contracts signed with SPEEA, that laid off employees with 10 years of vesting service who reach age 55 within 6 years of the termination of their Boeing employment would qualify for the Early Retirement Health Care Benefit.

33. The SPEEA-represented employees at the Commercial Facility were "laid off" as of June 16 when Boeing involuntarily terminated their employment.

34. By taking the position that the laid-off SPEEA-represented employees cannot qualify for the Early Retirement Health Care Benefit, Boeing breached its contractual promises with SPEEA.

### THIRD CLAIM FOR RELIEF: UNLAWFUL INTERFERENCE WITH EMPLOYEES' PENSION RIGHTS [29 U.S.C. §1140]

35. SPEEA was at all relevant times the collective bargaining representative for the Boeing employees in the Engineers Unit and the Technical and Professional Unit at the Commercial Facility. SPEEA brings this claim in a representative capacity on behalf of those former Boeing employees and thus it has standing under Section 510 of ERISA, 29 U.S.C. §1140.

36. The SPEEA-represented employees were entitled to the Early Retirement Pension Benefit if they were laid off. They were in fact laid off when their Boeing employment was terminated. Despite the fact they were laid off, Boeing took steps to prevent them from receiving that benefit by, *inter alia*, declaring them not to be laid off.

37. Boeing's decision not to treat them as laid off was motivated by a desire to prevent the SPEEA-represented employees from receiving the Early Retirement Pension Benefit.

38. Boeing's actions in this regard constitute violations of Section 510 of ERISA, 29 U.S.C. §1140.

### FOURTH CLAIM FOR RELIEF: UNLAWFUL INTERFERENCE WITH EMPLOYEES' HEALTH CARE RIGHTS [29 U.S.C. §1140]

39. SPEEA was at all relevant times the collective bargaining representative for the Boeing employees in the Engineers Unit and the Technical and Professional Unit at the Commercial Facility. SPEEA brings this claim in a representative capacity on behalf of those former Boeing employees and thus it has standing under Section 510 of ERISA, 29 U.S.C. §1140.

40. The SPEEA-represented employees were entitled to the Early Retirement Health Care Benefit if they were laid off. They were in fact laid off when their Boeing employment was terminated. Despite the fact they were laid off, Boeing took steps to prevent them from receiving that benefit by, *inter alia*, declaring them not to be laid off.

41. Boeing's decision not to treat them as laid off was motivated by a desire to prevent the SPEEA-represented employees from receiving the Early Retirement Health Care Benefit.

42. Boeing's actions in this regard constitute violations of Section 510 of ERISA, 29 U.S.C. §1140.

**FIFTH CLAIM FOR RELIEF: DECLARATORY JUDGMENT AS TO PARTIES' RIGHTS AND RESPONSIBILITIES [28 U.S.C. §2201]**

43. As set forth in the preceding paragraphs, Boeing has, by its words and its actions, taken steps to breach its collective bargaining promises to SPEEA and to unlawfully interfere with its former employees' right to the Early Retirement Pension Benefit and the Early Retirement Health Care Benefit.

44. The SPEEA-represented former Boeing employees who were laid off from Boeing due to their involuntary termination from Boeing employment on or about June 16 are entitled to "bridge" the Early Retirement Pension Benefit

9

and the Early Retirement Health Care Benefit if they reach age 55 within 6 years of their lay offs.

45.	Plaintiff SPEEA invokes the jurisdiction of this Court to establish and declare the legal rights and responsibilities of SPEEA, the SPEEA-represented former employees of Boeing, and Boeing as to the Early Retirement Pension Benefit and the Early Retirement Health Care Benefit.

## PRAYER FOR RELIEF

WHEREFORE, SPEEA prays for judgment as follows:

1. For an order declaring the rights of the SPEEA-represented employees to the Early Retirement Pension Benefit and the Early Retirement Health Care Benefit;
2. For specific performance of Boeing's contractual promises;
3. For an award of damages to the SPEEA-represented employees in an amount to be proved at trial;
4. For an injunction requiring Boeing to take all steps necessary to allow otherwise eligible SPEEA-represented employees to receive the aforementioned benefits.
5. For an award to SPEEA reimbursing it for its expenses, attorneys fees and costs herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: August ___, 2005		Respectfully submitted,


		_/s/ Scott Brown_____

        Charles R. Schwartz, KS #000286
        Scott L. Brown, KS #20580
        Blake & Uhlig, PA
        753 State Avenue, Suite 475
        Kansas City, KS 66101
        (913) 321-8884
        (913) 321-2396 (fax)


         /s/ Arlus J. Stephens
        George R. Murphy, *pro hac vice* pending
        Joni S. Jacobs, *pro hac vice* pending
        Arlus J. Stephens, *pro hac vice* pending
        Davis, Cowell & Bowe LLP
        1701 K Street NW, Suite 210
        Washington, DC 20006
        (202) 223-2620
        (202) 223-8651 (fax)

        Attorneys for SPEEA

## DEMAND FOR JURY TRIAL

SPEEA hereby demands jury trial on all issues herein triable to a jury.

Dated: August 8, 2005        Respectfully submitted,


         /s/ Scott L. Brown
        Charles R. Schwartz, KS #000286
        Scott L. Brown, KS #20580
        Blake & Uhlig, PA
        753 State Avenue, Suite 475
        Kansas City, KS 66101
        (913) 321-8884
        (913) 321-2396 (fax)


         /s/ Arlus J. Stephens
        George R. Murphy
        Joni S. Jacobs
        Arlus J. Stephens
        Davis, Cowell & Bowe LLP

1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Attorneys for SPEEA

12