IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, IFPTE LOCAL 2001, AFL-CIO, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1251-MLB |
| THE BOEING COMPANY, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately for material to be kept confidential, ensure that confidential material is protected, and confirm that such confidential material as may be disclosed may be used solely in the prosecution of this case, the Court enters the following Protective Order to govern the handling of Discovery Material (as defined below) produced in the above-captioned civil litigation ("this litigation").

IT IS HEREBY AGREED:

1.     This Protective Order is being entered for good cause shown. Specifically, some of the documents which may be produced in this case may contain confidential or proprietary business or financial records, or confidential employment and personnel information regarding former employees of defendant.  This Protective Order shall only apply to the documents, information, items, or material specifically set forth in

this Order.

2.      **Definitions**.

A.     The term "Discovery Material" shall mean all documents (having the broadest meaning accorded the term under Fed. R. Civ. P. 26 and 34), computer tapes or disks, information, matters, tangible items, things, objects, materials, and substances produced in discovery in this litigation, whether originals or copies, whether produced pursuant to Fed. R. Civ. P. 26, Fed. R. Civ. P. 34, court order, subpoena, or by agreement, including interrogatory answers, responses to requests to produce or for admissions, deposition transcripts and exhibits, and court papers to the extent that such court papers quote, summarize, or contain materials covered by this Protective Order.

B.     The term ACONFIDENTIAL MATTER@ shall mean any Discovery Material and its contents designated ACONFIDENTIAL@ pursuant to paragraph 3 below.

C.     The term Aproducing person@ shall mean with respect to particular Discovery Material the person or entity disclosing the Discovery Material through discovery.

D.     The terms Aparty@ or Aparties@ mean any person or entity that is a party to this litigation.

3.      **Designation of CONFIDENTIAL MATTER**.

A.     Discovery Material may be designated CONFIDENTIAL by the producing person if that person determines in good faith that the Discovery Material contains trade secrets or confidential research, development, private or

commercially sensitive information, tax and other financial information, or confidential information regarding current and former Boeing employees.  In no event shall a producing person be entitled to designate as CONFIDENTIAL any Discovery Material that is available to the general public or to the participants of the relevant employee-benefit plans.

B.     Before delivery to the other side of copies of Discovery Material, each page of Discovery Material designated as CONFIDENTIAL MATTER shall be marked by the producing person as "CONFIDENTIAL."

C.     If a producing person inadvertently fails to designate Discovery Material as CONFIDENTIAL MATTER, it may make the designation belatedly so long as it does so promptly after learning of the oversight, or promptly after the producing person should reasonably have been aware of the oversight.  Counsel for the receiving parties shall take reasonably necessary steps to assure the confidentiality of the CONFIDENTIAL MATTER, including reasonable efforts to secure return of the CONFIDENTIAL MATTER from individuals to whom disclosure was made but would not have been permitted by this Order had the Discovery Material been originally designated as CONFIDENTIAL MATTER. The producing person shall be responsible for actual attorneys' fees, paralegal fees, clerical and other costs incurred in complying with a belated request, and shall pay such expenses and costs within thirty (30) days of the date of invoice.

4.     **Restrictions on CONFIDENTIAL MATTER**.

CONFIDENTIAL MATTER produced or revealed in this litigation shall be subject to the following restrictions:

A.     CONFIDENTIAL MATTER shall be used by the party to whom it is produced only for the purpose of prosecuting or defending this litigation and not for any business or other purpose whatsoever.

B.     Except as otherwise provided, CONFIDENTIAL MATTER shall not be shown, discussed, or communicated in any way to anyone other than:

(i)   counsel for the parties who are actively engaged in the conduct of this litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons assisting them in the conduct of this litigation, as well as counsel=s experts or consultants;

(ii)  court reporters and officials involved in this litigation;

(iii)   the parties and employees of the parties who have a reasonable need for the information for prosecution or defense of this litigation;

(iv)   witnesses at trial and in deposition, to obtain evidence or discovery as allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence;     (v)   the Court and Court personnel for any purpose the Court finds necessary;

(vi) jurors and the Court personnel at trial of this action, as may be necessary for trial purposes; and

(vii) subject to compliance with the certification requirement contained in paragraph 7, and to the extent not covered by the above provisions,

(a)   the authors, addressees, copy recipients, originators of

the CONFIDENTIAL MATTER or other persons as to whom it is clear have previously seen it except as to documents pertaining to specific individuals, which may be shown only to those who are shown on the face of the document as having received or seen it;

(b)  experts; and

(c)  persons noticed for deposition or designated as trial witnesses to the extent reasonably necessary in preparing to testify in this litigation, provided, however, that no such deponent or witness may retain a copy of any material designated as CONFIDENTIAL MATTER, except as otherwise provided by this Order.

The provisions of this Order apply to any person(s) attending a deposition to the same extent as if such person were being shown written CONFIDENTIAL MATTER, but will not constitute a basis for excluding a party from attending any deposition. However, nothing in this Order shall prevent any party from arguing for exclusion of any person from attending any deposition on any other basis.

C.    An attorney for a party in this matter may not disclose CONFIDENTIAL MATTER to any person or entity other than as provided in this Order without the prior written consent of the producing person, which consent will not be unreasonably refused or delayed.  If the producing party does not agree, the attorney seeking to show the CONFIDENTIAL MATTER may apply to the court for relief from this Order.

D.    Nothing in this Order shall be construed to limit in any way the

right of any producing person to use its own Discovery Material, including CONFIDENTIAL MATTER, for any purpose; provided, however, that the Court may consider the producing party's own disposition, distribution and publication of Discovery Material as evidence of good faith compliance with this Order, and as bearing on the propriety of the producing party's designations of CONFIDENTIAL MATTER. Furthermore, nothing in this Order shall prevent counsel from discussing generally with potential witnesses events, without reading from or showing the person CONFIDENTIAL MATTER.

        E.      Any and all electronic databases produced by Boeing to Plaintiff, and all information contained therein, shall be designated and treated as CONFIDENTIAL MATTER and shall be subject to the protections of this Order. Relevant analyses and compilations prepared by Plaintiff from the electronic databases for use in the preparation and conduct of this action shall not be confidential, so long as those analyses or other compilations do not contain Social Security Numbers or other confidential personal identifying information of individual employees or former employees of Boeing, which information shall be redacted before being filed with the Court.

5.    **Use**.

Persons obtaining access to CONFIDENTIAL MATTER designated under this Order shall use the matter only for preparation and trial of this litigation (including appeals and retrials) and shall not use the matter for any other purpose. By entering into this Order, no party concedes that any information designated hereunder should be treated confidentially at time of trial nor that any portion of the trial should be closed to

the public.

6. **Confidentiality of Depositions**.

Any producing person may designate deposition testimony as CONFIDENTIAL MATTER, either on the record at a deposition by identifying specific portions of the deposition (and exhibits discussed during that portion of the deposition), or within 30 days after receiving a deposition transcript by identifying pages of the deposition transcript (and exhibits to it) as CONFIDENTIAL MATTER.  If the latter method is used, CONFIDENTIAL MATTER within the deposition transcript may be designated by underlining the portions of the pages being designated and marking those pages (and accompanying exhibits if not already so marked) with the legend(s) set forth in paragraph 3.B, above.  Challenges to such designations shall be as set forth in paragraph 13 below.

7. **Certification of Compliance**.

A. Before disclosure of CONFIDENTIAL MATTER, the disclosing party shall obtain from each individual from whom certification is required under paragraph 4.B(vii) a signed certification in the form attached hereto as Exhibit "A," certifying that the person to whom such materials are disclosed has read and understands this Order, agrees to be bound by it, and submits to the jurisdiction of the Court for purposes of enforcing this Order.

B. The executed certifications shall be retained by counsel for the party making the disclosure and are discoverable by other parties upon a showing of good cause.  In the event there is a dispute between the parties about a possible breach of the confidentiality provisions of this Order, however, the form executed by the individual who is the subject of the dispute shall be made available to the

Court for in camera review.

8.   **Subpoena by Other Courts or Agencies**.

If another court or an administrative agency subpoenas or orders production of CONFIDENTIAL MATTER that a party has obtained in discovery in this litigation, the party that has received the subpoena or order shall notify the person that designated the Discovery Material as CONFIDENTIAL MATTER of the pendency of such subpoena or order as soon as reasonably possible, but in no event later than five (5) business days after receiving the subpoena or order, and in any event before the date of production set forth in the subpoena or order.   The designating person may then notify the person receiving the subpoena of the designating person's intent to intervene to resist the subpoena.   Should the producing person give notice of such intent, the person receiving the subpoena shall take steps reasonable and necessary to withhold production while the intervening person's motion is pending.   Provided, however, that nothing in this Order shall be construed to require a party to violate or refuse to comply with valid court orders of any court, or with the rules of procedure of any court.   Provided further that tender of notice of intent to intervene to resist the subpoena, as provided herein, shall constitute an agreement by the designating person to pay attorneys' fees, paralegal fees, clerical and other expenses and cost actually incurred in connection with complying with this paragraph, such payment to be made within thirty (30) days of the date of invoice.

9.   **Filing**.

In the event that any CONFIDENTIAL MATTER is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Clerk of the Court, such confidential materials shall be filed

under seal in an envelope marked as "CONFIDENTIAL."   Although entire transcripts containing confidential testimony shall be marked as "CONFIDENTIAL," only such testimony as has been designated as confidential shall be subject to the protections of this Order.   The party seeking to file CONFIDENTIAL MATTER must first file a motion with the court and be granted leave to file the particular document under seal.

      10.    **Termination of Litigation**.

      Within ninety (90) days after final conclusion of all aspects of this litigation, CONFIDENTIAL MATTER and all copies in the files of all attorneys and all other persons who have possession of such matter shall without exception either be returned to the producing party or, at the option of the party in possession, be destroyed.   All notes, memoranda, summaries, or other materials setting forth, summarizing, or paraphrasing CONFIDENTIAL MATTER shall also be destroyed, except that counsel of record for each party may maintain in its files customary copies of each pleading, motion, order, or brief filed with the Court, and its customary attorney work product, correspondence and other case files, exclusive of any CONFIDENTIAL MATTER and copies or excerpts thereof.   All counsel of record shall certify their own compliance with this paragraph, and shall obtain certification from their clients and expert consultants retained by them, and not more than ninety (90) days after final termination of this litigation shall deliver to counsel for the producing party the certifications.   Nothing in this provision shall require the Court or Court Clerk to return or destroy confidential documents that are filed in this case.

      Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding,

except with respect to documents or information that are no longer confidential. This Court, however, shall not retain jurisdiction over persons provided access to confidential materials or information for enforcement of the provisions of this Order following the final disposition of this case. Nothing in this Order shall prevent a party from seeking leave of the Court to reopen the case to enforce the provisions of this Order.

11.    **No Waiver**.

The inadvertent disclosure of privileged matter by a producing person or its counsel shall not constitute a waiver of any applicable privilege. A producing person that inadvertently discloses matter it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the matter is privileged. Upon receipt of such notice, if the person to whom such information was disclosed seeks to challenge the claim of privilege or lack of waiver, the notice and motion procedures set forth in paragraph 13, below, shall apply. If the claim of privilege is upheld, the matter shall be returned on request of the producing person or counsel. In addition, the disclosure of CONFIDENTIAL MATTER pursuant to the procedures set forth in this Order does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of Discovery Material designated CONFIDENTIAL MATTER in this litigation.

12.    **Disputes**.

If a dispute arises regarding the applicability of the provisions of this Order, the affected parties shall make good faith efforts to resolve the dispute without intervention of the Court. A party that objects to another person's designation of Discovery Material

as CONFIDENTIAL MATTER hereunder shall give the designating person of such CONFIDENTIAL MATTER and all parties to this litigation written notice of such objection, including a specific designation of the Discovery Materials to which objection is raised, and an explanation of the basis for objection.  Counsel shall confer within seven court days of such objection to attempt to resolve the dispute.  In the event that the dispute is not resolved through such conference, the producing person shall have ten (10) court days following notice of objection to move for an order designating the Discovery Material "CONFIDENTIAL."  In ruling on such a motion, the burden shall be on the party seeking to preserve confidentiality to establish the confidential, private or proprietary nature of the Discovery Material.  While such a motion is pending, no disclosure of the CONFIDENTIAL MATTER may be made except in accordance with this Order, and the matter will be treated as CONFIDENTIAL MATTER.  Failure to file such a motion within ten (10) Court days shall constitute a waiver of the right to designate the Discovery Material CONFIDENTIAL under this Order, and the Discovery Material to which an objection was made shall no longer be treated as CONFIDENTIAL MATTER.

13. **Modification**.

Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery in accordance with the Federal Rules of Civil Procedure.  Nothing in this Order shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Order.

**14.    Violations**.

The parties may pursue any and all civil remedies available to them for breach of

the terms of this Order and may seek to claim that a breach constituted a contempt of court.

IT IS BY THE COURT SO ORDERED.

S/ Karen M. Humphreys

_____

The Honorable Karen M. Humphreys
United States Magistrate Judge

Dated:   November 17, 2005

APPROVED:

DAVIS, COWELL & BOWE LLP
1701 K Street NW, Suite 210
Washington, DC 20006
George R. Murphy, DC # 75200
Joni S. Jacobs, DC # 493846
Arlus J. Stephens, DC # 478938

*) and )*

BLAKE & UHLIG, PA
753 State Avenue, Suite 475
Kansas City, Kansas 66101

By_____
     Charles R. Schwartz, # 00286
     Scott L. Brown, # 20580
          *Attorneys for Plaintiff*

FOULSTON SIEFKIN LLP
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone:  316-267-6371

By _____
     Douglas L. Stanley, # 12037
     Boyd A. Byers, # 16253
     Sophie K. Counts, # 21245
          *Attorneys for Defendant*

## CERTIFICATION AND STIPULATION

I, _____, hereby certify that I have read and understand the Protective

Order in this case, that I agree to be bound by its terms, and I agree to submit to the

jurisdiction of the above-referenced Court for purposes of any proceedings concerning

my compliance with the Protective Order.


By_____

Dated_____