**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, IFPTE LOCAL 2001, AFL-CIO.** )<br>)<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-1251-MLB |
| ) | |
| **THE BOEING COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**REPORT AND RECOMMENDATION
&
ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

This matter is before the court on (1) Boeing's partial motion to dismiss (Doc. 39) and (2) plaintiff's motion to amend its complaint (Doc. 30).[1] The motion to dismiss has been referred to this court for a report and recommendation, including proposed findings of fact where appropriate, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b). For the reasons set forth below, the court recommends that Boeing's motion to dismiss be GRANTED.

---

[1] Boeing seeks dismissal of plaintiff's claims that Boeing unlawfully interfered with employee pension rights in violation of Section 510 of ERISA, 29 U.S.C. § 1140 (Counts 3 and 4). Allegations in Counts 1 and 2 that Boeing breached two collective bargaining agreements in violation of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, are not addressed in this motion. Count 5 is a general request for a declaratory judgment under 28 U.S.C. § 2201.

Plaintiff's motion to amend shall be DENIED.

### Background

Highly summarized, this is an action by the Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001 ("SPEEA") to: (1) enforce collective bargaining agreements between SPEEA and Boeing and (2) secure a remedy for Boeing's alleged interference with the pension rights of certain employees. Specifically, SPEEA alleges that the parties negotiated collective bargaining agreements in 2003 and 2004 which included participation by its members in "the Boeing Company Employee Retirement Plan" (the "Plan").[2] The normal retirement age under the Plan is 65; however, under certain conditions, employees may retire at age 55 (the "Early Retirement Pension Benefit"). The Plan also includes a "layoff" provision which allows employees who "reach age 55 within six years of the termination of their Boeing employment" to avoid an actuarial penalty that would otherwise apply to their pension benefits.[3] The collective bargaining agreements also contain provisions which extend health care benefits for persons "laid off" and eligible for

---

[2] SPEEA serves as the collective bargaining representative for two bargaining units at Boeing's commercial facility in Wichita: (1) engineers and (2) technical and other professional employees. The 2003 collective bargaining agreement covered engineers and the 2004 agreement covered technical and professional employees. Although different in some respects, the two collective bargaining agreements treat early retirement and health care similarly.

[3] In simpler terms, employees age 49 and older who meet all other vesting requirements are eligible for early retirement if "laid off" by Boeing. In the parlance of employee benefits, such employees are able to "bridge" to the early retirement age.

the "Early Retirement Pension Benefit." (Doc. 1, pp. 2-5).

In 2004 Boeing announced its intention to sell its commercial facility in Wichita and eventually entered into an Asset Purchase Agreement with Spirit AeroSystems, Inc. ("Spirit") in February 2005.[4] In March, Boeing advised the SPEEA-represented employees in Wichita that they would be laid off from their Boeing employment effective May 2005 because of the sale. (Doc. 1, p. 5).

Spirit announced plans to continue operating the commercial facilities in Wichita. However, Boeing employees who wished to be considered for employment by Spirit were required to submit an application. After reviewing work records and interviewing Boeing managers, Spirit hired some, but not all, of the Boeing employees who sought employment with Spirit. (Doc. 1, p. 5).

Plaintiff alleges that, as part of the transition process, Boeing laid off the majority of the SPEEA-represented employees at the Wichita commercial facility on June 16, 2005.[5] Spirit assumed operations on June 17 and the former Boeing employees offered employment began working for Spirit that same day. (Doc. 1, p. 6).

Apparently, some SPEEA-represented employees between the ages of 49 and 55

---

[4] The Asset Purchase Agreement was executed by Mid-Western Aircraft Systems, Inc. which subsequently changed its name to Spirit AeroSystems, Inc.

[5] For reasons unexplained, an undisclosed number of employees were laid off at a later date. (Doc. 1, p. 6). Boeing denies that the employees were "laid off" for purposes of determining their eligibility for early retirement pension benefits. However, in the context of this motion to dismiss, plaintiff's allegation that the employees were laid off is taken as true.

expressed interest in early retirement under the "lay off" provisions of the Plan. However, Boeing advised its employees that they would not be considered "laid off" for purposes of early retirement benefits if they (1) did not apply to be hired by Spirit, (2) were offered and accepted a job with Spirit, or (3) were offered a job by Spirit but declined the offer. (Doc. 1, p. 6).[6] SPEEA contends that Boeing's interpretation violates the collective bargaining agreements and unlawfully interferes with its members' rights to pension benefits.

## Motion to Dismiss

As noted above, Boeing seeks dismissal of SPEEA's ERISA claims (Counts 3 and 4) for lack of jurisdiction over the subject matter under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6). The standards for considering a Rule 12(b)(1) motion are well established:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the

---

[6] Neither party cites any provision or clause within the collective bargaining agreements or the Plan defining the term "laid off."

> pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F. 3d 1000, 1003 (10th Cir. 1995)(internal citations omitted). In the instant case, Boeing mounts a facial challenge to this court's jurisdiction over SPEEA's ERISA claims; therefore, the court accepts the allegations in the complaint as true.

Boeing argues that the express grant of federal jurisdiction to enforce ERISA is limited to suits brought by a "participant, beneficiary, fiduciary, or the Secretary of Labor." 29 U.S.C. § 1132(e).[7] Because SPEEA is neither a participant, beneficiary, nor fiduciary, Boeing asserts a lack of subject matter jurisdiction over SPEEA's ERISA claims. SPEEA concedes that the Supreme Court has held that the list in §1132(e) is exclusive. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983). Nonetheless, SPEEA argues that courts allow labor unions to bring actions to enforce ERISA claims *on behalf of* union members who are "participants." E.g., Southern Ill. Carpenters v. Carpenters Welfare Fund, 326 F.3d 919 (7th Cir. 2003)(J. Posner, holding that union had standing). Boeing counters that Judge Posner's interpretation of ERISA jurisdiction is overly broad and

---

[7] Plaintiff alleges that Boeing's failure to declare or treat SPEEA-represented employees as "laid off" interfered with the employees' right to pension benefits in violation of Section 510 of ERISA, 29 U.S.C. § 1140. (Doc. 1, pp. 8-9). Section 510, in turn, provides that "[t]he provisions of [29 U.S.C. § 1132] of this title shall be applicable in the enforcement of this section."

contrary to the majority view that jurisdiction is limited to the enumerated parties in 29 U.S.C. 1132(e).

Courts are divided regarding whether a labor union may bring ERISA claims. Compare New Jersey State AFL-CIO v. New Jersey, 747 F.2d 891 (3rd Cir. 1984)(court lacked subject-matter jurisdiction over union's action seeking declaratory judgment) with Southern Ill. Carpenters v. Carpenters Welfare Fund, supra, (union has Article III and "associational" standing to sue on behalf of its members who are plan participants).[8] The Tenth Circuit has not directly addressed the issue of whether a union may bring an ERISA claim. However the Tenth Circuit has narrowly construed 29 U.S.C. § 1132 and rejected the view that "jurisdiction depends only on the traditional notion of standing." Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1160 n. 14 (10th Cir. 2004). Felix reaffirmed the Supreme Court's admonition that the express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties outlined in § 502 of ERISA. Id. Felix also held that "the requirement of § 502 is both a standing and subject matter jurisdictional requirement." Id.

SPEEA purports to be neither a "beneficiary" or "fiduciary" of the Plan; therefore, in order for the union to establish standing and subject matter jurisdiction under 29 U.S.C. § 1132, SPEEA must qualify as a "participant." ERISA defines "participant" as:

---

[8] Additionally, research reveals numerous cases with factual and legal variations on the issue of standing under 29 U.S.C. § 1132. See, e.g., Coleman v. Champion International Corporation, 992 F. 2d 530 (5th Cir. 1993)(son did not have standing to maintain ERISA action as participant's descendant); Pressroom Union-Printers League Income Security Fund v. Continental Assurance, 700 F.2d 889 (2nd Cir. 1983)(pension fund plan could not maintain action).

> **any employee or former employee** of an employer, or **any member or former member of an employee organization, who is or may become eligible to receive a benefit** of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7)(emphasis added). Recognizing that it does not meet the statutory definition of "participant," SPEEA argues that, as a union, it (1) "stands in the shoes" of the employee claimants, (2) has "associational" standing for constitutional purposes, and (3) has "representational" standing to vindicate the claims of union-represented employees.

With due regard to the contrary holding of the Seventh Circuit, this court is not persuaded that SPEEA qualifies as a party who may bring an action under 29 U.S.C. § 1132. ERISA was enacted in 1974 after nearly a decade of studying private pension plans and is a "comprehensive and reticulate statute." Nachman Corp. v. Pension Benefit Guaranty Corp., 446 U.S. 359, 361 (1980). When defining the term "participant," the fact that Congress expressly included "*members* of an employee organization" but excluded the *employee organization itself* is strong evidence that Congress did not intend for a union to be considered a "participant."[9] Equally important, Congress expressly included the term "employee organization" (union) in numerous other ERISA statutes.[10] For example, 29 U.S.C. § 1054(h)(1) requires that written notice of plan amendments be sent to "(A) each

---

[9] Congress defined the term "employee organization" to include "any labor union." 29 U.S.C. § 1002(4).

[10] Research reveals that Congress used the term "employee organization" in the following statutes found in Subchapter I of ERISA: 29 U.S.C. §§ 1003, 1021, 1023, 1054, 1061, 1083, 1084, 1085, 1102, 1108, 1110, 1137, and 1142.

participant in the plan" and "(C) each employee organization representing participants in the plan." That "Congress knew how and when to incorporate unions into the statutory scheme, coupled with the conspicuous absence of any mention of unions in [29 U.S.C. § 1132] strongly suggests that Congress intended *not* to grant unions standing to bring civil suits under ERISA." Abels v. Titan Intern., Inc., 85 F. Supp. 2d 924, 930, n. 2 (S.D. Iowa 2000).

Although this court concludes that a plain reading of ERISA's statutory provisions forecloses SPEEA from bringing ERISA claims under 11 U.S.C. § 1132, the court will briefly address SPEEA's argument that it has "associational standing." The Supreme Court has established a three part test for associational standing:

> (a) its members otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) **neither the claim nor the relief requested requires the participation of individual members in the lawsuit.**"

Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 342-43 (1977)(emphasis added). Because only the third element of the test is disputed, the court's analysis is limited to whether the claim or relief requested requires "the participation of individual members in the lawsuit."

SPEEA argues that at no point in these proceedings will individual members ever testify about whether they otherwise qualify for the early-retirement benefit because SPEEA seeks only "generalized injunctive and declaratory relief, not individual damage determinations." (Doc. 48, p. 8). This conclusory argument is contradicted by the "Prayer for Relief" in SPEEA's complaint which requests the following:

\* \* \*

> 3. For an award of damages **to the SPEEA-represented employees** in an amount to be proved at trial;

\* \* \*

(Doc. 1, p. 10)(emphasis added). In order to determine an award of monetary damages *to* SPEEA-represented employees, evidence would be required concerning individual employees and their eligibility for "Early Retirement Benefits." Because participation in the lawsuit by individual members is necessary, SPEEA has failed to satisfy the third element of the test to establish "associational standing."

## Summary

29 U.S.C. § 1132 is the express grant of federal jurisdiction for the ERISA claims asserted in this case. Because SPEEA lacks standing under 29 U.S.C. § 1132 to bring such claims, Boeing's partial motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss SPEEA's ERISA claims **(Doc. 39)** be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may serve and file written objections to the proposed findings and recommendations with the clerk of the district court within ten (10) days after being served with a copy of this recommendation and report. Failure to make a timely objection to this report and recommendation waives appellate review of both factual

and legal issues.

## Motion to Amend

SPEEA moves to amend its complaint to add (1) a new plaintiff (the International Association of Machinists and Aerospace Workers), (2) a new defendant (the Boeing Company Employee Retirement Plan, and (3) a new claim under ERISA Section 502. Boeing opposes the motion, arguing that the proposed amendment would be futile for the same reasons asserted in its motion to dismiss.  Because the proposed amended complaint suffers from the same subject matter and standing defects discussed above, the motion shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 30)** is **DENIED.**[11]

## Motion to Strike or File Sur-reply

SPEEA moves to strike portions of Boeing's reply brief or, in the alternative, to file a sur-reply to Boeing's motion to dismiss.  In support of its motion, SPEEA argues that Boeing's reply brief raised two new issues: (1) "redressability" and (2) that the conduct alleged is not a violation of Section 510.  The court does not agree.  SPEEA argued in its

---

[11] As noted in the Report and Recommendation, courts are divided on the issue of whether a union may assert a claim on behalf of its members under 29 U.S.C. § 1132. SPEEA is granted leave to refile its motion to amend should the district judge find that SPEEA does have standing to prosecute the ERISA claims.

response to the motion to dismiss that the union had constitutional standing. Because "redressability" is an aspect of constitutional standing, Boeing did not raise a "new" issue in its reply brief. Similarly, Boeing's reply brief merely responded to Plaintiff's assertion that Boeing's failure to designate employees as "laid off" was a violation of § 510. Accordingly, SPEEA's motion to strike or, in the alternative, to file a sur-reply shall be denied.

**IT IS THEREFORE ORDERED** that SPEEA's motion to strike or, in the alternative, to file a sur-reply **(Doc. 53)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of September 2006.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge