## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, IFPTE LOCAL 2001, AFL-CIO, | ) ) ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION** |
| v. | ) ) | No. 05-1251-MLB |
| THE BOEING COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM AND ORDER

Before the court are the following:

1.  Chief U.S. Magistrate Judge Karen M. Humphreys' Report and Recommendation and Order Denying Plaintiff's Motion to Amend (Doc. 57);

2.  Plaintiff's Rule 72 Objections to Chief Judge Humphreys' Report and Recommendation (Doc. 58);

3.  Plaintiff's Motion to Alter Portions of Chief Judge Humphreys' Report and Recommendations (Doc. 60);

4.  Defendant's response (Doc. 61); and

5.  Plaintiff's reply (Doc. 62).

### Background

The court incorporates Chief Judge Humphreys' unobjected-to summary of the background of this case.

### Scope of Review

The parties agree that this court reviews <u>de novo</u> Chief Judge Humphreys' recommendations that Boeing's motion to dismiss SPEEA's ERISA claims be granted and that SPEEA's motion to amend be denied. Chief Judge Humphreys' nondispositive order denying SPEEA's motion to strike or file a surreply is reviewed under the "clearly erroneous or

contrary to law" standard.

SPEEA's ERISA Claims

In its complaint (Doc. 1), SPEEA brought two claims pursuant to § 510 of ERISA, 29 U.S.C. § 1140. In its third claim for relief, SPEEA alleged that Boeing interfered with Boeing employees' Early Retirement Pension Benefit rights. In its fourth claim for relief, SPEEA alleged that Boeing interfered with the employees' early Retirement Pension Healthcare Benefit rights. SPEEA asserted that it possessed standing to bring both ERISA claims by virtue of § 510.

Boeing moved to dismiss both claims, arguing that SPEEA is not one of the parties permitted to sue under ERISA § 502(a), 29 U.S.C. § 1132(a), and that SPEEA has neither constitutional nor statutory standing to assert ERISA claims on behalf of its members. SPEEA obviously disagreed. Chief Judge Humphreys, in her Report and Recommendation, agreed with Boeing and SPEEA has objected.

The narrow issue framed by the parties is whether SPEEA, an unincorporated labor organization, has standing to pursue ERISA-based claims on behalf of its members. Because the Tenth Circuit has not spoken on this question, the parties have based their opposing arguments on the decisions of two courts of appeals: Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund, 326 F.3d 919 (7th Cir. 2003), is relied upon by SPEEA and New Jersey State AFL-CIO v. New Jersey, 747 F.2d 891 (3d Cir. 1984), is relied upon by Boeing. Chief Judge Humphreys considered both cases and adopted the view of the Third Circuit. SPEEA now contends that "if this court were to adopt the R&R, it would be the first court to address and reject Judge Posner's reasoning" in Southern Illinois.

-2-

Despite this somewhat foreboding pronouncement, only one of the courts which has cited Southern Illinois has actually followed it: Pennsylvania Federation v. Norfolk Southern Corporation, No. Civ.A. 02-9049, 2004 WL 228685 (E.D. Pa. Feb. 4, 2004).  After determining that the union qualified for constitutional standing as an associational representative of the plan members, the court discussed and contrasted the holdings of New Jersey State AFL-CIO and Southern Illinois with respect to whether the union also qualified for statutory standing:

> Having alleged facts sufficient to satisfy the Hunt [v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)] test, the Union qualifies for constitutional standing as an associational representative. Our analysis is not complete, however, without further consideration of whether the Union has statutory standing under ERISA.
>
> The Third Circuit held in New Jersey State AFL-CIO v. State of New Jersey, 747 F.2d 891 (3d Cir. 1984), that a branch of the AFL-CIO labor union could not sue under ERISA, 29 U.S.C. § 1132(a). In that case, the union sued for declaratory judgment to clarify the rights to future benefits of plan participants when several recently enacted state statutes required employers to offer greater benefits to dental plan participants and beneficiaries. New Jersey State AFL-CIO, 747 F.2d at 892. In its analysis, the Third Circuit pointed solely to the language in ERISA, which limited such civil actions to the Secretary of Labor, plan participants and beneficiaries, and held that because a labor union was neither a plan participant nor a beneficiary, the union did not have standing under the statute. Id.  The court did not, however, clarify whether the AFL-CIO was suing as a representative on behalf of its members or in its own stead. Furthermore, there is no discussion on whether the union brought the action under the aegis of associational standing and if not, whether it might have done so. It is therefore unclear, whether the Third Circuit even considered whether the Plaintiff union in that case might have qualified for Article III standing as an association, and further, if that would have allowed it to stand in the stead of the plan participants and beneficiaries it presumptively represented under ERISA. Furthermore, every circuit or district court case citing or following the New Jersey State AFL-CIO ruling ruled on the

-3-

issue from the exact same stance-that a union suing in its own stead, may not sue under ERISA. None have addressed the question as to whether a union may sue using associational standing. The singular case addressing this issue directly comes from the Seventh Circuit. In <u>Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund of Illinois</u>, the Seventh Circuit held that unions could have standing under ERISA using associational standing if their members were participants in the Plan being challenged. <u>Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund of Illinois</u>, 326 F.3d 919, 922 (7 Cir.2003) [sic]. Judge Posner, writing for the court, reasoned "we do not think that by confining the right to sue under [ERISA's] section 1132(a)(1) to plan participants and beneficiaries Congress intended to prevent unions from suing on behalf of participants. The union in such a case is not seeking anything for itself; the real plaintiffs interest are plan participants." <u>Southern Illinois Carpenters Welfare Fund</u>, 326 F.3d at 922. Because, as mentioned above, there was no discussion in <u>New Jersey State AFL-CIO</u> about whether the union could bring suit as an association and in fact, in that case, there is reason to believe the union was suing solely on its own behalf, this Court does not find a conflict between the Seventh Circuit's opinion and the Third Circuit's ruling.

<u>Pennsylvania Federation</u>, 2004 WL 228685, at *10 (footnotes omitted).

In response, Boeing does not cite a case which discusses <u>Southern Illinois</u>. It does, however, cite quite a number of decisions which hold that a party seeking ERISA standing must fall within one of the enumerated categories under § 502(a) and cases which state that unions do not have ERISA standing. There are two appellate decisions, both by the Sixth Circuit: <u>Local 6-0682 International Union of Paper v. National Industrial Group Pension Plan</u>, 342 F.3d 606 (6th Cir. 2003). In that case, even though a union was the plaintiff, it did not argue that it had statutory standing under ERISA. <u>Id.</u> at 609. The other case, <u>Local No. 1654, International Brotherhood of Electrical Workers v. L.G. Philips Display Components Co.</u>, 137 Fed. Appx. 776 (6th Cir. 2005), noted merely that "the district court also did not consider that the union would not have standing to pursue a claim for benefits

-4-

under ERISA, as it is not a participant or beneficiary of an ERISA plan."

Turning to the district court decisions relied upon by Boeing, Toussaint v. JJ Weiser & Co., No. 04 Civ. 2592(MBM), 2005 WL 356834 (S.D.N.Y. Feb. 13, 2005) holds that officers of a union, who themselves are not participants in an ERISA plan, have no ERISA standing and the union itself does not have ERISA standing. Local 827 International Brotherhood of Electrical Workers v. Verizon New Jersey, Inc., No. Civ.02-1019(RMB), 2006 WL 2246369 (D.N.J. Aug. 3, 2006), denied the union's motion for costs and attorney's fees, noting that the motion was premature because the plaintiffs had not prevailed on their ERISA claims.  The court did cite New Jersey State AFL-CIO for the proposition that labor unions are neither participants nor beneficiaries for purposes of ERISA, which is hardly surprising since New Jersey is within the Third Circuit.

Chief Judge Humphreys also noted that Congress was aware of "employee organizations" or unions when it drafted ERISA and that its failure to list unions as a party which can bring an ERISA action is an indication that Congress did not intend to include unions.  She cited Abels v. Titan International, Inc., 85 F. Supp. 2d 924, 930 n.2 (S.D. Iowa 2000) for its statement that "the fact Congress knew how and when to incorporate Unions into the statutory scheme, coupled with the conspicuous absence of any mention of Unions in [§ 1132], strongly suggest[s] that Congress intended not to grant Unions standing to bring civil suits under ERISA."

SPEEA takes issue with what it dubs "theory" set forth in Abels and cites several cases in which entities other than those outlined

by § 1132 (participants, beneficiaries, fiduciaries and the Secretary
of Labor) have been permitted to be plaintiffs in ERISA cases.  The
cases deal with the concept of derivative standing through assignment
of healthcare and pension benefits.  Presumably, SPEEA has cited these
cases because the word "derivative" appears in Judge Posner's opinion
("[t]hus the critical question, so far as jurisdiction is concerned,
is whether the union's members are plan participants; if not, the suit
fails regardless of its merit or lack thereof because none of the
other plaintiffs is eligible to sue except the union, and its right
to sue is <u>derivative</u> from that of the union's members.") <u>S. Ill.
Carpenters Welfare Fund</u>, 326 F.3d at 922 (emphasis supplied).
Nevertheless, none of the plaintiffs in any of the cases relied upon
by SPEEA is a labor union.  Since this case does not involve
derivative standing, the cases relied upon by SPEEA do not support its
position.  In fact, one of the cases actually supports Chief Judge
Humphreys' conclusion that Congress' failure to include unions in the
statutory categories of entities authorized to sue is an indication
that Congress did not intend to allow it.  In <u>City of Hope National
Medical Center v. Healthplus, Inc.</u>, 156 F.3d 223 (1st Cir. 1998), the
court noted:

> Commenting on the exclusive nature of ERISA's list of
> parties with standing, the Supreme Court has cautioned that
> "[t]he assumption of inadvertent omission is rendered
> especially suspect upon close consideration of ERISA's
> interlocking, interrelated, and interdependent remedial
> scheme, which is in turn part of a 'comprehensive and
> reticulated statute.'" <u>Massachusetts Mut. Life Ins. Co. v.
> Russell</u>, 473 U.S. 134, 146, 105 S. Ct. 3085, 87 L. Ed. 2d
> 96 (1985) (quoting <u>Nachman Corp. v. Pension Benefit Guar.
> Corp.</u>, 446 U.S. 359, 361, 100 S. Ct. 1723, 64 L. Ed. 2d 354
> (1980)).  Thus, when we previously considered ERISA's
> standing provision, we stated that "since Congress has
> carefully catalogued a selected list of persons eligible to

sue under ERISA, there is no plausible rationale for us gratuitously to enlarge the roster." <u>Kwatcher v. Massachusetts Serv. Employees Pension Fund</u>, 879 F.2d 957, 965 (1st Cir. 1989).

<u>Id.</u> at 226.

Finally, SPEEA contends that adoption of the Report and Recommendation ". . . would mean creating a split with on-going decisions of both the Third Circuit and the Seventh Circuit, each of which expressly holds that organizations may bring ERISA claims in federal court pursuant to associational standing." (Doc. 58 at 8-9). The Third Circuit case is <u>Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.</u>, 280 F.3d 278 (3d Cir. 2002).[1] The Seventh Circuit case, of course, is <u>Southern Illinois</u>, <u>supra</u>.

<u>Pennsylvania Psychiatric</u> is an ERISA case (or, as the court put it in footnote 2, ". . . removal was proper as ERISA completely preempts at least some of the claims alleged by the Pennsylvania Psychiatric Society on behalf of its members' patients.") The court discussed at considerable length the concepts of associational standing and third party standing but, as SPEEA itself has acknowledged, the court did not examine ". . . the issue of associational standing where a union, which is the exclusive bargaining representative for certain employees, sues to enforce a cause of action for its participant members, especially where it negotiated those benefits." (Doc. 48 at 22). Chief Judge Humphreys did not discuss <u>Pennsylvania Psychiatric</u> in her Report and

[1]It probably would come as a surprise to the Tenth Circuit that this court's failure to follow decisions of other courts of appeal creates a "circuit split." Thankfully, circuit splits are the province of the circuit courts.

-7-

Recommendation, perhaps because she recognized the same deficiency noted by SPEEA.   In any event, this court has considered all the arguments presented in SPEEA's submissions to Chief Judge Humphreys. The Third Circuit's decision, at best, is only tangentially relevant to the issue this court must decide.

Questions arising under ERISA are some of the most difficult this court must deal with and therefore, this court always looks to the Tenth Circuit for even the smallest kernel of guidance with respect to resolution of an ERISA issue.   In <u>Felix v. Lucent Technologies, Inc.</u>, 387 F.3d 1146 (10th Cir. 2004), the court observed in a footnote:

> The "but for" circuits mistakenly assume that our jurisdiction depends only on the traditional notion of "standing." In § 502(a)(1)(B) ERISA cases, we only have <u>jurisdiction</u> over suits brought "to recover benefits due to [the plaintiff] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). As the Supreme Court has explained, "The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties" outlined in § 502. <u>Franchise Tax Bd. [v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1,] 21, 103 S. Ct. 2841. Therefore, the requirement of § 502 is "both a standing and a subject matter jurisdictional requirement." <u>Stanton [v. Gulf Oil Corp.</u>, 792 F.2d 432,] 434 (4th Cir. 1986); <u>see also Miller v. Rite Aid Corp.</u>, 334 F.3d 335, 340 (3d Cir. 2003) (same).

<u>Id.</u> at 1160 n.14.   This is at least some indication that the Tenth Circuit would   not look with favor on SPEEA's claims.   <u>See also Coleman v. Champion  Int'l Corp./Champion Forest Prods.</u>, 992 F.2d 530, 534 (5th Cir. 1993) ("Where Congress has defined the parties who may bring a civil action founded on ERISA, we are loathe [sic] to ignore the legislature's specificity.  Morever, our previous decisions have hewed to a literal construction of § 1132(a). . . . Absent clear

Congressional expression that non-enumerated parties such as the appellant have standing to sue under ERISA, we decline to confer such standing." (internal quotations and citations omitted)). As noted by Chief Judge Humphreys, the fact that Congress expressly included unions in certain statutory provision of ERISA, but did not include them in § 1132(a), supports the conclusion that Congress did not intend for unions to bring claims under ERISA as representatives of participants.

Accordingly, SPEEA's objections to Chief Judge Humphreys' Report and Recommendation are overruled insofar as they relate to SPEEA's third and fourth claims for relief in its complaint. This is no longer an ERISA case.

### SPEEA's Motion for Leave To Amend

SPEEA asserts that Chief Judge Humphreys erroneously believed that its proposed amended complaint was limited to ERISA claims when, in fact, it also included claims by the International Association of Machinists and Aerospace Workers under § 301 of the LMRA, 29 U.S.C. § 185. (Doc. 59 at 2.) It notes that Boeing did not challenge the § 301 claims in its motion to dismiss directed to the initial complaint, which is true. (Docs. 40 and 51.) However, SPEEA also asserts that "Judge Humphreys held that, but for the issue of ERISA standing she would allow the IAM's claims to proceed." (Doc. 62 at 7.) This assertion is not true. Chief Judge Humphreys denied plaintiff's motion to amend but noted: "SPEEA is granted leave to refile its motion to amend should the district judge find that SPEEA does have standing to prosecute the ERISA claims." When SPEEA read Chief Judge Humphreys' Report and Recommendation, it should have

-9-

recognized that she did not specifically address the arguments relating to IAM's § 301 claims.  But for some unknown reason, SPEEA did not ask Chief Judge Humphreys to reconsider.  In any event, here is what happened.

In the first and second claims in its initial complaint, SPEEA alleged that Boeing breached contractual promises regarding early retirement pension benefits and early retirement healthcare benefits in violation of § 301.  (Doc. 1.)  Boeing did <u>not</u> move to dismiss these claims.  (Doc. 40.)  When SPEEA moved for leave to file its first amended complaint, it sought to add as a plaintiff the International Association of Machinists and Aerospace Workers, AFL-CIO (IAM), asserting that IAM would pursue the same claims as SPEEA. (Doc. 30 at 2.)  The third and fourth claims of the proposed amended complaint allege that Boeing breached contractual promises with IAM representatives concerning the early retirement pension benefit and early retirement healthcare benefit plans (Doc. 30 at 11-12); in other words, the same claims SPEEA made against Boeing which Boeing did not move to dismiss.  In addition to adding IAM as an additional plaintiff, SPEEA sought to add the Boeing Company Employee Retirement Plan (also called the Boeing Pension Plan) as an additional defendant. SPEEA alleged that the pension plan is an "employee pension benefit plan" within the meaning of § 2(2) of ERISA.  (Doc. 30 at 3.)  Boeing opposed SPEEA's motion for leave to amend (Doc. 37) and SPEEA filed a reply (Doc. 47).  It is not clear whether Chief Judge Humphreys considered these submissions so this court will do so now.

SPEEA's and Boeing's submissions relating to the proposed first amended complaint (Docs. 37 and 47) are quite lengthy.  To the extent

-10-

that the proposed amended complaint seeks to assert ERISA claims by IAM, whether against Boeing or the pension plan, or both, the motion for leave to amend is denied on the ground of futility.  IAM cannot assert ERISA claims any more than can SPEEA.

Boeing's other arguments with respect to the motion for leave to amend deserve some discussion.  Boeing asserts that SPEEA's motion should be denied because it does not comply with Fed. R. Civ. P. 7(b)(1) and is deficiently vague and conclusory.  SPEEA's response is that any deficiencies in its motion are purely "technical" and that Boeing cannot claim that it has been surprised, prejudiced or sandbagged because SPEEA's counsel told Boeing's counsel in December 2005 that it ". . . would be filing an amended complaint along these lines."  The court dislikes these sorts of spats.  Yes, SPEEA's motion does not comply with all the requirements of the rules.  But no, the rules are not "technicalities."  The Federal Rules of Civil Procedure and the universally applied case law provide that leave to amend shall be freely given when justice so requires.  Notwithstanding all the briefing which has been done just to get this case in its present posture, the case is relatively "new" and the court will not deny leave to amend for the reasons put forth by Boeing.

Boeing asserts that IAM's claims do not arise out of the same transaction or occurrence as SPEEA's claims.  As the court understands it, SPEEA represents engineering, professional and other white collar workers whereas IAM represents hourly factory workers.  Two collective bargaining agreements are involved.  At this juncture, the court is not in a position to say that the unions' § 301 claims do not meet the requirements of Fed. R. Civ. P. 20(a).

-11-

Boeing asserts that joinder of IAM will prejudice Boeing because discovery will lead to ". . . highly confidential collective bargaining negotiation history and strategy with IAM and SPEEA" to which the unions otherwise would be entitled to. (Doc. 37 at 23.) The court is not in a position to make a ruling on this potential problem because it does not know what Boeing is talking about. Obviously, if there is something SPEEA knows which IAM should not know (and vice versa) the fact that the unions presently are represented by the same counsel may be a concern but these are matters which can be, and should be, initially presented to Chief Judge Humphreys who is responsible for handling discovery matters.

Accordingly, this court's rulings with respect to SPEEA's objections to Chief Judge Humphreys' recommendations regarding the motion for leave to amend are as follows: the objections are sustained with respect to the addition of IAM as a plaintiff, except insofar as IAM is seeking to pursue ERISA claims on behalf of its members.  IAM may pursue its claims under § 301, at least for now.  The objections are overruled with respect to the addition of the Boeing pension plan as a defendant because its alleged involvement (Doc. 30-2 at 3, ¶ 10) relates ERISA issues which are no longer in the case. In other words, any amended claims relating to ERISA would be futile.

### SPEEA's Motion To Strike

SPEEA's objection to Chief Judge Humphreys' order denying SPEEA's motion to strike, or in the alternative, to file a surreply is overruled.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall

strictly comply with the standards enunciated by this court in <u>Comeau</u>
<u>v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion
for reconsideration shall not exceed 3 double-spaced pages.  No reply
shall be filed.

     IT IS SO ORDERED.

     Dated this __8th__ day of January 2007, at Wichita, Kansas.


                                          S/Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE