# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, IFPTE LOCAL 2001, AFL-CIO, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-1251-MLB |
| THE BOEING COMPANY, | ) ) | |
| Defendant. | ) ) | |
| DAVID A. HARKNESS, on behalf of himself and all others similarly situated, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07-1043-MLB |
| THE BOEING COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Boeing and Spirit jointly move (Doc. 387) the court to reconsider its order denying their motion for a protective order concerning an e-mail string containing attorney-client communications. (Memorandum and Order, Doc. 378). Defendants argue that the court

"misapprehended defendants' legal position, and thus controlling law, resulting in the need to correct legal error and prevent injustice." (Doc. 388, p. 1).

Defendants' motion for reconsideration is not persuasive. Boeing's argument that it did not provide Spirit with the disputed attorney-client communication in June 2005 is simply without merit. Boeing granted Spirit employees access to the e-mail messages in *June 2005* and *Spirit* produced the e-mail messages to plaintiffs in *2009* while producing materials responsive to plaintiffs' discovery requests. Boeing cites no exception to the general rule that disclosure of attorney-client communications to a third party waives the privilege.

Boeing's related argument that former Boeing employees cannot waive the attorney-client privilege is similarly unpersuasive. The attorney-client communications were provided to *Spirit* in June 2005 and remained in *Spirit's* possession in 2009 when *Spirit* produced the e-mail string during discovery. The suggestion that a former Boeing employee somehow improperly disclosed the e-mail string to Spirit misstates the facts. Boeing made a conscious business decision to allow Spirit to use Boeing's e-mail system and the information contained therein to facilitate the sale of the Wichita facility to Spirit.

**IT IS THEREFORE ORDERED** that defendants' motion to reconsider **(Doc. 387)** is **DENIED.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 4th day of May 2010.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge
