IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
SOCIETY OF PROFESSIONAL        )
ENGINEERING EMPLOYEES IN       )
AEROSPACE, et al.,             )
                               )
              Plaintiffs,      )   CIVIL ACTION
                               )
v.                             )   Nos. 05-1251-MLB
                               )        07-1043-MLB
BOEING CO., et al.,            )
                               )
              Defendants.      )
                               )
```

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' motion for partial reconsideration. (Doc. 582). The motion has been fully briefed and is ripe for decision. (Doc. 584). Plaintiffs' motion is denied for the reasons herein.

**Analysis**

Plaintiffs move for reconsideration of the court's decision that IAM's claim for breach of contract with respect to the amendments in the Plan failed as a matter of law because the IAM's CBA was not in effect at the time of the amendments. (Doc. 581, n.47). Plaintiffs contend that the court's decision misapprehended their position which, they say, they raised in their response brief (Doc. 566) and which is that their claim for breach of contract arose when Boeing transferred the assets to the Spirit Plan, which occurred prior to the date the CBA expired.

In the pretrial order, plaintiffs very generally claimed that "Boeing's February 22, 2005 contract with Spirit wherein Boeing contracted to transfer the pension assets of certain employees, also

breached Boeing's contract with the employees' unions, all of which forbade Boeing from unilaterally amending the benefit plans." (Doc. 548). Then, in their motion for summary judgment, plaintiffs set out six points in support of their assertion that Boeing breached its union contracts and, more specifically, that Boeing made binding promises about layoff protection in its contracts. Point number five pertained to plan amendments, one of which was Amendment 40 to the BCERP. Plaintiffs claimed that "the same layoff provisions on Layoff Bridge applied to all Wichita employees equally, and Boeing was forbidden from making this unilateral amendment by other union contracts." (Doc. 552, n.10). Plaintiffs did not identify the "other contracts.

Boeing responded, in part, as follows:

> To be eligible to bridge to pension and retiree medical benefits under the CBAs, an employee must not only experience a "layoff," but also retire under the BCERP. *See* SOF ¶¶ 57, 68; Pls. Br. 60-61. The Harkness plaintiffs cannot satisfy the second requirement any more than the first. Because Boeing transferred their pension assets and liabilities to the Spirit Mirror Plans, they are no longer eligible to retire under the BCERP. Implicitly conceding as much, plaintiffs resort to arguing that Boeing's transfer of their pension assets violated the CBAs, and that they are therefore *entitled* to be participants in the BCERP. Pls. Br. 64. Again, plaintiffs' arguments fall well short of the mark.
>
> As a threshold matter, plaintiffs cannot possibly claim any breach of the CBA between the IAM and Boeing because no such CBA was in effect when Boeing added Article 14 on September 14, 2005. SOF ¶¶ 219–222. The IAM had terminated its CBA with Boeing effective September 1, 2005, and did not execute a new CBA with Boeing until September 29, 2005. *Id.* And the September 29 agreement was not made retroactive, but was by its very terms effective on that date. SOF ¶ 222. Boeing could not have breached a CBA that simply did not exist at the time. *See United Food & Commercial Workers Int'l Union, AFL-CIO, Local 7 v. Gold Star*, 897 F.2d 1022, 1026 (10th Cir. 1990). Apparently admitting as much,

> plaintiffs allege only that Boeing's amendment of the BCERP violated "the *other* Union Contracts." Pls. Br. 68 n.10 (emphasis added). But neither the other unions nor their members filed any grievances challenging Boeing's action as a breach of the respective CBAs and, thus, they cannot raise the issue now.

(Doc. 556 at 102-103).

Plaintiffs' reply to Boeing's position was:

> Boeing is wrong, for all the following reasons. First, the IAM complained about Boeing's breach in June 2005, when it filed a formal grievance challenging Boeing's interference with the Layoff Bridge. Pls. Ex. R-2. Boeing cannot escape liability when legal proceedings have already commenced by engaging in unilateral acts. Second, all the Contracts, not just the IAM Contract, forbade this plan amendment, which affected all the employees equally as BCERP participants. Third, federal labor law forbade Boeing from changing the pension terms here, even in a contract hiatus. Trs. of Colo. Pipe Indus. v. Howard Elec. & Mech., 909 F.2d 1379, 1383 (10th Cir. 1990). Fourth, Boeing admits it never informed the IAM of this change during bargaining, depriving Boeing of its waiver argument. Pls. SOF ¶ 123; Pls. Ex. U at ¶11. Fifth, and finally, as shown below this plan amendment violated ERISA as an illegal cutback. See Part II.A below.

(Doc. 566 at 25).

But plaintiffs made no attempt to explain how the transfer of assets during the IAM CBA term resulted in a breach of the CBA. Plaintiffs' contention that they complained of the transfer in the grievance is factually incorrect. The grievance does not discuss the transfer of the Boeing plan's assets to the Spirit plan. Plaintiffs' conclusory statement that the contracts "forbade the plan amendment" clearly refers to the changes which were made after the IAM CBA term ended. Plaintiffs' third argument, that federal labor law forbids changes to the plan, is not supported in this case. Howard Elec. discussed an employers' obligation to continue to fund a pension plan during contract negotiations. The facts of this case are not remotely

-3-

similar. Most importantly, the individual plaintiffs in this action were no longer Boeing employees. Plaintiffs do not point out how the holding in <u>Howard Elec.</u> is applicable to this case. Plaintiffs' remaining arguments are not persuasive and do not support plaintiffs' current position on reconsideration.

In its Memorandum and Order, the court noted:

> The IAM terminated its CBA with Boeing effective September 1, 2005. Therefore, there was no CBA in effect at the time of the amendments. Because Boeing made the changes after September 1, the IAM plaintiffs' claim of breach of contract on this issue fails as a matter of law. Boeing's motion for summary judgment on the IAM claim of breach of contract is granted. Plaintiffs' motion is denied.

(Doc. 581 at n.47).

Plaintiffs seek reconsideration on the basis that the court "misapprehended" their position that plaintiffs' breach of contract claims against Boeing for the pension transfer must have accrued before September 2005 because Boeing announced the transfer before that time. (Doc. 582 at 5). Plaintiffs do not cite any part of their extensive briefs where this "must have accrued" argument is made. The court is not a mind reader, nor is the court required to construct arguments for plaintiffs. The court cannot "misapprehend" an unstated position.

## Conclusion

Plaintiffs' motion for reconsideration is denied. (Doc. 582).

IT IS SO ORDERED.

Dated this <u>  18th  </u> day of January 2013, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot

-4-

UNITED STATES DISTRICT JUDGE