# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, et al., ) ) ) ) Plaintiffs, ) ) v. ) ) BOEING CO., et al., ) ) Defendants. ) ) | **CIVIL ACTION** Nos. 05-1251-MLB 07-1043-MLB |

## MEMORANDUM AND ORDER

After entering an order denying summary judgment to Boeing on the majority of plaintiffs' section 301 claims[1] (Doc. 581), this court instructed the parties to submit briefs on the issue of whether the claims may be submitted to a jury. The parties have now done so. (Docs. 583, 586). The court is prepared to rule.

## Analysis

Pursuant to Federal Rule of Civil Procedure 39(a)(2), the court must deny a jury trial when it determines that there is no federal right to a jury trial on the issues raised. Plaintiffs contend that their request for compensatory damages on the section 301 claims are legal in nature and, therefore, ensure their right to a jury trial even though the request for monetary relief is combined with claims for equitable relief. Boeing responds that plaintiffs are not entitled to a jury trial because they seek equitable relief on their claims.

The Seventh Amendment provides that "[i]n Suits at common law,

---

[1] Plaintiffs' motion for partial summary judgment was also denied.

where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The Supreme Court has stated that "[s]uits at common law" refers to "suits in which legal rights [are] to be ascertained and determined." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564, 110 S. Ct. 1339, 108 L. Ed.2d 519 (1990). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 501, 79 S. Ct. 948, 3 L. Ed.2d 988 (1959).

To determine whether plaintiffs are entitled to a jury trial, the court must undertake a two-part inquiry: (1) comparison of the claims at issue to "18th-Century actions brought in the courts of England prior to the merger of the courts of law and equity" and (2) a review of the remedies sought to determine whether they are "legal or equitable in nature." Terry, 494 U.S. at 565. If the two-step inquiry concludes that an action is equitable, the court should strike the jury demand. See id. The Supreme Court has held that a request for an equitable remedy does not waive the right to trial by jury on legal issues. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473 (1962). In "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Id. "If a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains

intact.  The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." Tull v. United States, 481 U.S. 412, 425 (1987).

In Terry, the Court held that a claim brought pursuant to section 301 is comparable to a breach of contract claim and, therefore, a legal issue.  494 U.S. at 569; see also Lampkin v. UAW, 154 F.3d 1136, 1146 (10th Cir. 1998)(the Seventh Amendment right to a jury trial applies in section 301 claims).  Therefore, the first part of the inquiry has been satisfied.

Turning to the second prong, the court must determine if plaintiffs' damages are legal or equitable in nature.  In their request for relief, plaintiffs seek "an award of contract damages . . . to remedy Boeing's breaches of the labor contracts, in order to attempt to put Plaintiffs in the position they would have been in absent Boeing's breaches."  (Doc. 548 at 46).  The parties have not conducted damages discovery at this time and the pretrial order is silent as to a dollar amount and the exact nature of their monetary damages.  Plaintiffs' position at summary judgment, however, was that their damages consisted of the loss of age 55 pension benefits and health care.

Turning to the facts presented on summary judgment, the court will attempt to construct the potential amount of money damages. There are nine individuals who are named plaintiffs in the Harkness Class.  The Harkness Class itself is composed of "hundreds" of individuals. (Doc. 100 at 6).  In addition, there are seventeen named plaintiffs who comprise the McCartney/Boone plaintiffs.  The CBAs in this case provided early retirement and health care benefits for

Boeing employees who had at least 10 years of service and reached age 55. The monthly pension benefit in June 2005 was $60 per year of service. This amount was reduced by 10% when an employee retired at age 55. Therefore, an employee who elected to take early retirement and had 25 years of service would receive $16,200 per year ($1,500 per month, less 10%). Several of the named plaintiffs had at least 25 years of service in 2005.

This case has been pending for more than seven years. Therefore, considering that the Harkness Class is comprised of hundreds of individuals, the amount of money damages due to plaintiffs for their loss of pension benefits, should they prevail, could potentially be in the millions.[2] Plaintiffs also seek equitable relief in the form of specific performance and an injunction requiring Boeing to provide the benefits at issue.

The general rule is that money damages constitute a legal remedy. Terry, 494 U.S. at 565, 570. Terry recognized two exceptions to this general rule. An award of money damages may be considered equitable relief if it is restitutionary or if the monetary award is incidental or intertwined with injunctive relief. Id. at 571. Boeing asserts that the money damages in this case are "plainly incidental to or intertwined with injunctive relief - i.e., specific performance in the form of benefits." (Doc. 586 at 4). Boeing cites a Sixth Circuit opinion, Golden v. Kelsey-Hayes Co., 73 F.3d 648 (6th Cir. 1996), in support of its position.

---

[2] The court has no indication the amount of compensatory damages on plaintiffs' claim for their loss of health care benefits. Presumably, the amount would include past premiums paid by plaintiffs and past payments made for healthcare services.

-4-

In <u>Golden</u>, theسixth Circuit addressed unlawful modifications to retiree healthcare benefits and held that the Seventh Amendment did not entitle the plaintiffs to a jury trial. 73 F.3d at 659-63. In addition to declaratory relief and a request for a permanent injunction, the plaintiffs sought damages for costs and expenses sustained due to the defendant's modifications of their healthcare benefits. In <u>Golden</u>, the plaintiffs incurred damages over a period of approximately two months. The court determined that those damages were incidental to the grant of equitable relief because it allowed the plaintiffs to be made whole. <u>Golden</u>, 73 F.3d at 660-61. Notably, there was a dissent in <u>Golden</u> which held that <u>Dairy Queen</u> and subsequent decisions dictate that the inclusion of injunctive relief does not negate the right to a jury trial in a section 301 claim which seeks monetary damages. In discussing the dissent, the majority noted that the plaintiffs had sought and were granted a preliminary injunction. The majority stated that the granting of injunctive relief essentially concluded that plaintiffs had no adequate remedy at law and this ruling was not challenged on appeal. Therefore, the majority concluded that the plaintiffs could not be made whole through legal relief alone and the monetary relief was merely incidental.

In <u>Stewart v. KHD Deutz</u>, 75 F.3d 1522 (11th Cir. 1996) and <u>Senn v. United Dominion Indus.</u>, 951 F.2d 806 (7th Cir. 1992) the Eleventh and Seventh Circuits addressed the same issue as in <u>Golden</u>, but held that the plaintiffs had a right to a jury trial. In both cases the plaintiffs sought health care benefits which were negotiated in collective bargaining agreements. The plaintiffs requested damages for the breach of the agreements and equitable relief in the form of

an injunction requiring the employer to provide future benefits. In both cases, the circuits held that <u>Tull</u> and <u>Terry</u> required a jury trial on the plaintiffs' monetary damages claims. In <u>Senn</u>, the Seventh Circuit held that the right to a jury trial was intact even though the primary relief sought by the plaintiffs was injunctive relief. The Circuit reasoned that the right to a jury trial is preserved when legal rights are at stake and it cannot be abridged by characterizing the legal claim as incidental to equitable relief. <u>Senn</u>, 951 F.2d at 814.

While the Tenth Circuit has not directly addressed this issue, the court finds the Supreme Court's opinion in <u>Dairy Queen</u> instructive and supports the holdings in <u>Senn</u> and <u>Stewart</u>. In <u>Dairy Queen</u>, the plaintiff filed suit against defendant alleging a breach of contract. The plaintiff sought an accounting to determine the amount owed to plaintiff as well as an injunction. The district court denied the defendant's request for a jury trial. The Supreme Court held that a breach of contract is legal in nature and a request for an accounting does not render the claim equitable. The Court specifically held that "the district judge erred in refusing to grant [defendant's] demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract." <u>Dairy Queen</u>, 369 U.S. at 479. The Court held that the defendant had "a right to have the jury determine not only whether the contract has been breached and the extent of the damages if any but also just what the contract is." <u>Id.</u>

Citing <u>Dairy Queen</u>, the Second Circuit determined that a breach of the labor contracts, by failing to make pension payments, was triable to a jury. See <u>Brown v. Sandimo Materials</u>, 250 F.3d 120 (2d

Cir. 2001). The Circuit held that at trial the plaintiffs would "seek to establish, first, which parties are bound by the relevant CBAs, and second, that those parties violated the terms of the CBAs." Id. at 126. The Circuit held that the right to a jury trial is a basic and fundamental feature of our system of jurisprudence and that plaintiffs' breach of contract claim must be presented to a jury, even though the claim also sought equitable relief. In this case, the issues to be decided by a factfinder will be to determine the exact terms of the CBAs at issue and whether Boeing breached those terms by failing to classify plaintiffs as laid off when their employment with Boeing ended. If plaintiffs prevail, they seek monetary damages to compensate them for the seven plus years that Boeing has been in breach of the agreement. Those damages relate directly to Boeing's breach. They are not intertwined with the equitable question before the court. Notably, if the jury determines that the terms of the CBAs required Boeing to treat plaintiffs as laid off, the equitable remedy will flow from that determination.

     In comparison with Golden, the monetary damages are significant and the legal question in this case is central to the damages. The monetary damages are not merely incidental. Therefore, the court does not find the Sixth Circuit opinion in Golden to be persuasive. The court is persuaded by the Second, Seventh and Eleventh Circuits' opinions and finds that plaintiffs' request for monetary damages for their loss of pension and health care benefits is legal in nature and not merely incidental to their claim for equitable relief. Plaintiffs have the right to have a jury decide whether the CBAs at issue were breached in this case.

Moreover, in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court clarified a significant difference between legal and equitable remedies. Great-West explained that a monetary award is equitable when the money identified as belonging to the plaintiff can be traced to funds or property in the defendant's possession. 534 U.S. at 213. When the property sought to be recovered is no longer in the defendant's control, the plaintiff's claim "is only that of a general creditor" and thus a legal claim. Id. In this case, the monetary relief sought by plaintiffs is the payment of pension funds and health care provisions due under the plan. An undisputed fact in this case is that Boeing is no longer in possession of the Harkness Class' pension. Therefore, the monetary damage claim is legal in nature. See Calhoon v. Trans World Airlines, Inc., 400 F.3d 593, 598 (8th Cir. 2005)("The district court correctly concluded that the requested monetary relief is in the nature of legal relief because it seeks to impose personal liability on the defendant, is measured by the plaintiffs' loss, and does not involve traceable funds that belong to the plaintiff and are being unlawfully held by the defendant.")

**Conclusion**

Plaintiffs have the right pursuant the Seventh Amendment to proceed to a jury trial on their section 301 claims. The court, however, declines to empanel the jury in an advisory capacity to hear plaintiffs' ERISA claims. A trial date will be determined at a status conference to be held on February 19, 2013 at 3:30 p.m. Counsel who will present the case to the jury are required to attend the status conference in person.

IT IS SO ORDERED.

Dated this   30th   day of January 2013, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE