**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOEING CO., et al., <br><br> Defendants. | **CIVIL ACTION** <br><br> Nos. 05-1251-MLB <br> 07-1043-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs and Spirit defendants' motion of voluntary dismissal of all claims against Spirit defendants with prejudice. (Doc. 575).

**I. Facts and Procedural History[1]**

Plaintiffs, which consist of unions and past Boeing employees, brought claims against various Boeing and Spirit organizations. The individual plaintiffs in this case include 1999 Harkness class members and the McCartney/Boone plaintiffs who are not members of the class. All parties have been engaged in extensive discovery for several years. The pretrial order was entered on October 3, 2011, and the dispositive motion deadline was December 9, 2011. (Doc. 548). The claims against the Spirit defendants consist of breach of contract and ERISA violations. Essentially, plaintiffs assert that Spirit agreed to assume the liabilities of plaintiffs' pension and health care benefits which accrued under the BCERP.

---

[1] A detailed factual history of the events surrounding this litigation may be found in this court's December 11, 2012, memorandum and order. (Doc. 581).

In preparing for the filing of dispositive motions, plaintiffs' counsel met to discuss the merits of their claims against the Spirit defendants. After reviewing the voluminous documents and more than 40 depositions, plaintiffs' counsel determined that they did not have a factual basis to support their contentions. Plaintiffs' counsel met with Spirit's counsel to determine a solution. In order to save litigation costs, plaintiffs' and Spirit's counsel agreed to a settlement in which plaintiffs would dismiss all claims against the Spirit defendants with prejudice and the parties would bear their own costs.

Plaintiffs and Spirit defendants presented the court with a joint motion to dismiss with prejudice on September 25, 2012. (Doc. 575). On November 27, 2012, the court entered an order preliminarily approving the voluntary dismissal. (Doc. 579). The order required written notice to class members and afforded class members the opportunity to submit objections to the dismissal.

On December 11, 2012, the court denied Boeing's motion for summary judgment on the majority of plaintiffs' claims against Boeing. (Doc. 581). The parties are currently engaging in damages discovery. The case is scheduled for mediation in Fall 2013.

In mid-January, counsel sent out the notices to all members of the Harkness class detailing the proposed dismissal, the procedure for filing objections and the date and location of the fairness hearing. (Doc. 587). On February 27, counsel re-sent the notices to the class members for whom the initial notice was returned as undeliverable. (Doc. 591). Ultimately, only five notices were returned as undeliverable after the second mailing. On March 13, 2013, Joan

Heffington filed an objection with the court. (Doc. 592). Additionally, two class members sent emails to plaintiffs' counsel regarding the notice. (Doc. 598).

The court held a fairness hearing on June 17, 2013. Counsel for all parties discussed how they reached an agreement on plaintiffs' claims against Spirit. Joan Heffington was the only class member who presented objections at the hearing.

## II. Analysis

### A. Fed. R. Civ. P. 23(e)

Under Rule 23(e), claims of a certified class may be settled, compromised or dismissed only with court approval. Fed. R. Civ. P. 23(e). The Court may approve a settlement upon finding that it is fair, reasonable and adequate. See Rule 23(e)(2). In determining whether the settlement is fair, reasonable and adequate, the court should consider the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002). The proponents of the settlement are responsible for providing sufficient evidence to support a conclusion that the settlement is fair. See In re Sprint Corp. ERISA Litig., 443 F. Supp.2d 1249, 1256 (D. Kan. 2006).

After a review of the submitted filings by the parties and the statements made by all counsel at the fairness hearing, the court finds that the proposed dismissal is fair, reasonable and adequate. All parties conducted extensive discovery concerning plaintiffs' claims and concluded that there is no evidentiary support for the claims against the Spirit defendants. Continued litigation of the claims would result in unnecessary expense and a significant amount of time for all involved. The remaining claims against Boeing will not be impacted by the dismissal and have the potential to offer all relief sought by plaintiffs.

**B. Objections**

Out of 1999 plaintiffs, only one objection was filed with the court and presented at the hearing. Joan Heffington's objection focuses on her belief that all counsel involved are engaged in a conspiracy, committing fraud, providing ineffective assistance of counsel and violating her Due Process rights. (Doc. 592 at 2). Based on Ms. Heffington's statements at the hearing and the exhibits she tendered, the thrust of her objection is that she has not received what she believes she is entitled to as a result of the Boeing sale. She has not presented any persuasive evidence with respect to the controlling factors, supra. Plaintiffs' counsel also received two emails regarding the proposed dismissal. Richard Spevak objected to the dismissal on the basis that there is "collusion" between those involved. (Doc. 599, exh. A). Rick De Jesus sent an email asking for more information about the dismissal and stated why he believes he should be compensated for the loss of his benefits. Id.

After thoroughly examining all objections, including the

statements and exhibits offered by Joan Heffington at the hearing, the court finds that the objectors do not offer any legitimate reason why the claims against Spirit should proceed. The objectors' arguments concerning their claims for damages are not persuasive in light of the fact that those claims are currently pending against Boeing and there has been no evidence (after years of discovery) that Spirit agreed to pay for those benefits.

Therefore, the objections to the voluntary dismissal are overruled. (Doc. 592).

**III. Conclusion**

Plaintiffs and the Spirit defendants' joint motion to dismiss all claims against the Spirit defendants with prejudice is granted. (Doc. 575). The parties are to bear their own costs.

IT IS SO ORDERED.

Dated this ___19th___ day of June 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
