**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SOCIETY OF PROFESSIONAL
ENGINEERING EMPLOYEES IN
AEROSPACE, IFPTE LOCAL 2001, et al.

                Plaintiffs,

v.                             **No.**     **05-CV-1251 MLB**

BOEING CO., et al.

                Defendants.
_____/

## PLAINTIFFS' FIRST INTERROGATORIES CONCERNING REMEDY TO SPIRIT DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs request that you provide the information requested in the following interrogatories.  You are asked to answer each interrogatory within the space provided, inserting additional pages where necessary.  Please verify your answers in the form provided after the last interrogatory and serve the original set of interrogatories and answers on Plaintiffs' counsel within thirty (30) days.

## INSTRUCTIONS

The interrogatories that follow are to be considered as continuing, and you are requested to provide by way of supplementary answers thereto, such additional information as you or any other person acting on your behalf, may hereinafter obtain that augment, change, or otherwise modify your answers now given to these interrogatories below.

Each interrogatory calls for the knowledge of the Spirit Defendants, individually and collectively, but also for all knowledge that is available to the Spirit Defendants by reasonable inquiry, including inquiry of Spirit Defendants' representatives or other person(s) acting on behalf of the Spirit Defendants.

1

<div style="border:1px solid black;">

**EXHIBIT
A**

</div>

Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition. In construing the requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) the terms "any" and "all" shall be understood to mean "any and all"; (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production; (iv) the use of any tense of any verb shall be considered to also include within its meaning all tenses of the verb so used; and (v) the term "including" shall be construed to include the phrase "without limitation."

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.       "Spirit Defendants" means, individually or collectively, Spirit AeroSystems Holdings, Inc.; Spirit AeroSystems, Inc.; the Spirit AeroSystems Holdings, Inc. Retirement Plan for IBEW, WEU and WPTU Employees and the Spirit AeroSystems Holdings, Inc. Retirement Plan for IAM Employees.

2.       "You" and "your" means the Spirit Defendants individually and collectively or any person acting on behalf of the Spirit Defendants, including all employees, agents and representatives.

3.       "Harkness Class" or "Harkness Plaintiffs" means the class certified by the Court on July 14, 2008 (Doc. 118), or all union-represented persons who were between the ages of 49 and 55 years old on June 16, 2005, who had at least 10 years of service with Boeing and were employed by Spirit on June 17, 2005.

4.       "Identify" means, when referring to a person, to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present

or last known place of employment, and the past and/or present relationship to the party.  When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

5.      "Benefit option" means the form or type of the benefit elected, if there was more than one type of benefit option available under the terms of the applicable plan.

6.      "Day One Employee" means all former Boeing Wichita Division employees who became employees of Spirit on June 17, 2005.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify any and all members of the Harkness Class.

**ANSWER:**

**INTERROGATORY NO. 2:**  For each individual identified in Interrogatory No. 1, please provide the following information:  last known address, bargaining unit, date of birth, date of death (if applicable), Spirit employment status (active, retired, terminated, deceased, etc.), date of any change to Spirit employment status (i.e., retired, terminated, deceased, etc.), date of retirement (if applicable), beneficiary (if applicable), beneficiary's gender, beneficiary's date of birth, beneficiary's address, years of vesting service, and years of Boeing ("frozen benefit") service.

**ANSWER:**

**INTERROGATORY NO. 3:**  For each individual identified in Interrogatory No. 1, identify those who have applied for benefits from the Spirit AeroSystems Holdings, Inc. Retirement Plan, and whether they are presently receiving a benefit from the Plan.  For each individual identified who has applied for a benefit but is not presently receiving one, state the reasons why the individual is not receiving the benefit applied for.

     **ANSWER:**

**INTERROGATORY NO. 4:**  For each individual identified in Interrogatory No. 3 who is receiving a benefit from the Plan, please provide the following information: the type of benefit they are receiving; the monthly amount of the benefit they are receiving; and the date when they commenced receiving the benefit.  If any changes to the form and/or amount of the benefit have occurred since the original date of receipt, please describe the change and state the date on which it occurred.

     **ANSWER:**

**INTERROGATORY NO. 5:**  Identify and describe any plan documents pertaining to active employee healthcare provided by Spirit to members of the Harkness Class and/or their dependents at any time from June 17, 2005 to the present.

      **ANSWER:**

**INTERROGATORY NO. 6:**  Identify each and every Harkness Class member who has received the active employee healthcare described in Interrogatory No. 5 at any time from June 17, 2005 to present.  For each person identified, indicate the length of time each received the active employee healthcare, the benefit option(s) they chose, and the monthly cost of such benefit (to the employee), including any changes to such benefit options from June 17, 2005 to present.

      **ANSWER:**

**INTERROGATORY NO. 7:**  Identify and describe any plan documents pertaining to any retiree healthcare provided by Spirit to members of the Harkness Class and/or their dependents since June 17, 2005.

   **ANSWER:**

**INTERROGATORY NO. 8:**  Identify each Harkness Class member who has received the retiree healthcare described in Interrogatory No. 7 at any time from June 17, 2005 to present. For each person identified, indicate the length of time each received the retiree healthcare, the benefit option they chose and the monthly cost of such benefit (to the employee), including any changes to such benefit options from June 17, 2005 to present.

   **ANSWER:**

**INTERROGATORY NO. 9:**  Identify and describe any plan documents pertaining to any COBRA coverage benefits provided by Spirit to members of the Harkness Class and/or their dependents since June 17, 2005.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify each Harkness Class member who has received the COBRA coverage described in Interrogatory No. 9 at any time from June 17, 2005 to present. For each person identified, indicate the length of time each received the coverage, the benefit option they chose and the monthly cost of such benefit (to the employee), including any changes to such benefit options from June 17, 2005 to present.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify each and every Day One Employee who was at least 55 years of age on June 17, 2005.  For each individual identified, please provide the following information:  bargaining unit, date of birth, date of death (if applicable), Spirit employment status (active, retired, terminated, deceased, etc.), date of any change to Spirit employment status (i.e., retired, terminated, deceased, etc.), beneficiary (if applicable), beneficiary's gender, beneficiary's date of birth, beneficiary's address, and whether the individual elected active employee healthcare coverage from Spirit.  For those individuals identified who did elect active employee healthcare please state the benefit option(s) they chose and the monthly cost of such benefit (to the employee), including any changes to such benefit options from June 17, 2005 to present.

      **ANSWER:**

Dated:  May 17, 2013

Tom E. Hammond (#10242)
*tehammond1@yahoo.com*
Hammond, Zongker & Farris LLC
727 N. Waco Street, Suite 200
P.O. Box 47370
Wichita, KS 67201
Tel. (316) 262-6800
Fax (316) 262-3770

Arlus J. Stephens (DC #478938)
*astephens@murphypllc.com*
Renee M. Gerni (DC #979573)
*rgerni@murphypllc.com*
Murphy Anderson PLLC
1701 K Street NW, Suite 210
Washington, DC 20006
Tel. (202) 223-2620
Fax (202) 223-8651

William T. Payne (PA #38083)
*wpayne@stemberfeinstein.com*
Joel R. Hurt (PA #85841)
*jhurt@stemberfeinstein.com*
Feinstein Doyle Payne & Kravec, LLC
The Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel. (412) 281-8400
Fax (412) 281-1007

By  s/ Arlus J. Stephens

Attorneys for Plaintiffs

## VERIFICATION

STATE OF _____          )

                                ) SS:

COUNTY OF _____)


_____, of lawful age and being first duly sworn, upon oath deposes and

states:

      I _____, as _____ (title) of

Defendant, being of lawful age and being first duly sworn, upon oath depose and state that I have

read the foregoing Interrogatories and Answers thereto; that each and every statement contained

in said Answers are my answers; that they are true and correct; and that I am authorized to

answer on behalf of Defendants.


                                                     _____


Subscribed and sworn to before me, a Notary Public within and for the County and State

listed above, on this_____ day of _____, 2013.


                                                 _____

                                               Notary Public


My Appointment Expires:

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, I electronically served the foregoing Plaintiffs'

First Interrogatories Concerning Remedy to the Spirit Defendants by sending the same via

electronic mail to the following:

| | |
|---|---|
| Michael F. Delaney | E-mail: mdelaney@spencerfane.com |
| Gregory L. Ash | E-mail: gash@spencerfane.com |
| Eric P. Kelly | E-mail: ekelly@spencerfane.com |
| | |
| William J. Kilberg | Email:  wkilberg@gibsondunn.com |
| Paul Blankenstein | Email:  pblankenstein@gibsondunn.com |
| Jason J. Mendro | Email:  jmendro@gibsondunn.com |
| Jaclyn N. Adams | Email:  nadams@gibsondunn.com |
| | |
| Boyd Byers | E-mail: bbyers@foulston.com |
| James M. Armstrong | E-mail: jarmstrong@foulston.com |
| Charles McClellan | E-mail: cmcclellan@foulston.com |

 s/ Arlus J. Stephens
 Arlus J. Stephens

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SOCIETY OF PROFESSIONAL
ENGINEERING EMPLOYEES IN
AEROSPACE, IFPTE LOCAL 2001, et al.

        Plaintiffs,

v.                            **No.**    **05-CV-1251 MLB**

BOEING CO., et al.

        Defendants.

_____/

### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
### CONCERNING REMEDY TO SPIRIT DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Spirit AeroSystems Holdings, Inc.; Spirit AeroSystems, Inc.; the Spirit AeroSystems Holdings, Inc. Retirement Plan for IBEW, WEU and WPTU Employees and the Spirit AeroSystems Holdings, Inc. Retirement Plan for IAM (hereinafter "Spirit Defendants"), produce original documents responsive to these requests, including all non-identical copies, as they are kept in the usual course of business or labeled and organized to correspond with the categories of the requests. Such production shall be made within thirty (30) days of service electronically or at the offices of Hammond, Zongker & Farris LLC, 727 N. Waco Street, Suite 200, Wichita, KS 67201, or such other location as is mutually acceptable to counsel. The documents and records subject to these requests shall remain available to Plaintiffs' counsel until such inspection and copying can be reasonably completed.

### INSTRUCTIONS

The requests that follow are to be considered as continuing, and you are requested to provide by way of supplementary answers thereto, such additional information as you or any

1

EXHIBIT

**B**

other person acting on your behalf, may hereinafter obtain that augment, change, or otherwise modify your answers now given to these requests below.

Each request calls for the knowledge of the Spirit Defendants, individually and collectively, but also for all knowledge that is available to the Spirit Defendants by reasonable inquiry, including inquiry of Spirit Defendants' representatives or other person(s) acting on behalf of the Spirit Defendants.

If any document is withheld under claim of privilege, state the privilege invoked and identify the subject matter of the document withheld sufficient to allow its description to the Court for ruling thereon.  Such description should include, but is not limited to, the date, author(s), recipient(s), and the type of document (e.g., letter, e-mail, memorandum, report, etc.) or to provide some other means of identifying the document and to disclose the present location and custodian thereof.

Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.  In construing the requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) the terms "any" and "all" shall be understood to mean "any and all"; (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production; (iv) the use of any tense of any verb shall be considered to also include within its meaning all tenses of the verb so used; and (v) the term "including" shall be construed to include the phrase "without limitation."

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Spirit Defendants" means, individually or collectively, Spirit AeroSystems

Holdings, Inc.; Spirit AeroSystems, Inc.; the Spirit AeroSystems Holdings, Inc. Retirement Plan

for IBEW, WEU and WPTU Employees and the Spirit AeroSystems Holdings, Inc. Retirement

Plan for IAM Employees.

2.      "You" and "your" means the Spirit Defendants individually and collectively or

any person acting on behalf of the Spirit Defendants, including all employees, agents and

representatives.

3.      "Document" means any printed, typewritten, handwritten, or otherwise recorded

matter of any character including, but not limited to, letters, memoranda, telecopy and facsimile

messages, electronic mail, electronic documents, notes, diaries, calendars, logs, reports, audio or

visual recordings, observations, statements or formal affidavits, or any other such writings, or

any carbon or photocopy of any such material if you do not have custody or control of the

original.

4.      "Harkness Class" or "Harkness Plaintiffs" means the class certified by the Court

on July 14, 2008 (Doc. 118), or all union-represented persons who were between the ages of 49

and 55 years old on June 16, 2005, who had at least 10 years of service with Boeing and were

employed by Spirit on June 17, 2005.

## DOCUMENTS REQUESTED

1.      All correspondence between the Spirit Retirement Plan(s) and any member of the

Harkness Class from January 1, 2005 to the present.

2.      All documents on file with the Spirit AeroSystems Holdings, Inc. Retirement Plan

for IBEW, WEU and WPTU Employees and the Spirit AeroSystems Holdings, Inc. Retirement

Plan for IAM Employees concerning or referencing any member of the Harkness Class.

3

3.      All documents associated with any and all claims for benefits made by members of the Harkness Class, including all documents reflecting the disposition of any and all such claims and all records of any such claims from the Spirit Defendants.

4.      All documents constituting the terms of the Spirit "mirror" plan(s) established to assume pension liabilities for Harkness Class members from the Boeing Company pursuant to the Asset Purchase Agreement.

5.      All documents constituting the terms of active employee health care coverage received by Harkness Class members and their dependents since June 17, 2005.

6.      All documents constituting the terms of retiree health care coverage received by Harkness Class members and their dependents since June 17, 2005.

7.      All documents to which you referred, or upon which you relied, in answering the Plaintiffs' First Interrogatories Concerning Remedy to Spirit Defendants.

Dated May 17, 2013

Tom E. Hammond (#10242)
*tehammond1@yahoo.com*
Hammond, Zongker & Farris LLC
727 N. Waco Street, Suite 200
P.O. Box 47370
Wichita, KS 67201
Tel. (316) 262-6800
Fax (316) 262-3770

Arlus J. Stephens (DC #478938)
*astephens@murphypllc.com*
Renee M. Gerni (DC #979573)
*rgerni@murphypllc.com*
Murphy Anderson PLLC
1701 K Street NW, Suite 210
Washington, DC 20006
Tel. (202) 223-2620
Fax (202) 223-8651

William T. Payne (PA #38083)
*wpayne@stemberfeinstein.com*
Joel R. Hurt (PA #85841)
*jhurt@stemberfeinstein.com*
Stember Feinstein Doyle & Payne, LLC
The Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel. (412) 281-8400
Fax (412) 281-1007

By s/ Arlus J. Stephens

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, I electronically served the foregoing Plaintiffs'

First Requests for Production of Documents Concerning Remedy to the Spirit Defendants by

sending the same via electronic mail to the following:


| Michael F. Delaney | E-mail: mdelaney@spencerfane.com |
| Gregory L. Ash | E-mail: gash@spencerfane.com |
| Eric P. Kelly | E-mail: ekelly@spencerfane.com |
| | |
| William J. Kilberg | Email:  wkilberg@gibsondunn.com |
| Paul Blankenstein | Email:  pblankenstein@gibsondunn.com |
| Jason J. Mendro | Email:  jmendro@gibsondunn.com |
| Jaclyn N. Adams | Email:  nadams@gibsondunn.com |
| | |
| Boyd Byers | E-mail: bbyers@foulston.com |
| James M. Armstrong | E-mail: jarmstrong@foulston.com |
| Charles McClellan | E-mail: cmcclellan@foulston.com |


 s/ Arlus J. Stephens
Arlus J. Stephens


6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SOCIETY OF PROFESSIONAL
ENGINEERING EMPLOYEES IN
AEROSPACE, IFPTE LOCAL 2001, et al.

        Plaintiffs,

v.                           No.    05-CV-1251 MLB

BOEING CO., et al.
        Defendants.
_____/

## PLAINTIFFS' FIRST INTERROGATORIES CONCERNING REMEDY
## TO BOEING DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs request that you provide the information requested in the following interrogatories. You are asked to answer each interrogatory within the space provided, inserting additional pages where necessary. Please verify your answers in the form provided after the last interrogatory and serve the original set of interrogatories and answers on Plaintiffs' counsel within thirty (30) days.

## INSTRUCTIONS

The interrogatories that follow are to be considered as continuing, and you are requested to provide by way of supplementary answers thereto, such additional information as you or any other person acting on your behalf, may hereinafter obtain that augment, change, or otherwise modify your answers now given to these interrogatories below.

Each interrogatory calls for the knowledge of the Boeing Defendants, individually and collectively, but also for all knowledge that is available to the Boeing Defendants by reasonable

---

**EXHIBIT**

**C**

inquiry, including inquiry of Boeing Defendants' representatives or other person(s) acting on behalf of the Boeing Defendants.

Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.  In construing the requests herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) the terms "any" and "all" shall be understood to mean "any and all"; (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production; (iv) the use of any tense of any verb shall be considered to also include within its meaning all tenses of the verb so used; and (v) the term "including" shall be construed to include the phrase "without limitation."

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Boeing Defendants" means The Boeing Company, the Boeing Company Employee Retirement Plan, the Boeing Company Retiree Health and Welfare Benefit Plan, the Employee Benefit Plans Committee of the Boeing Company and the Boeing Company Layoff Benefits Plan.

2.      "You" and "your" means the Boeing Defendants individually and collectively or any person acting on behalf of the Boeing Defendants, including all employees, agents and representatives.

3.      "Harkness Class" or "Harkness Plaintiffs" refers to the class certified by the Court on July 14, 2008 (Doc. 118), or all union-represented persons who were between the ages of 49 and 55 years old on June 16, 2005, who had at least 10 years of service with Boeing and were employed by Spirit on June 17, 2005.

2

4.      "McCartney Plaintiffs" refers to the individual, natural persons named as Plaintiffs in this lawsuit who are not Harkness Plaintiffs.

5.      "Benefit option" means the form or type of the benefit elected, if there was more than one type of benefit option available under the terms of the applicable plan.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1</u>:**  Identify any and all members of the Harkness Class.

**ANSWER:**

**<u>INTERROGATORY NO. 2</u>:**  For each individual identified in response to Interrogatory No. 1, please provide the following information:  last known address, bargaining unit, date of birth, date of hire, date of death (if applicable and known), years of Boeing pension vesting service and years of credited service.

**ANSWER:**

**<u>INTERROGATORY NO. 3</u>:**  For each individual identified in response to Interrogatory No. 1, identify those who have applied for pension benefits from any of the Boeing Defendants.  For each individual identified who has applied for a benefit but is not presently receiving one, state the reasons why the individual is not receiving the benefit applied for.

      **ANSWER:**

**<u>INTERROGATORY NO. 4</u>:**  For each individual identified in response to Interrogatory No. 1, identify those who have applied for retiree healthcare benefits from any of the Boeing Defendants.  For each individual identified who has applied for a benefit but is not presently receiving one, state the reasons why the individual is not receiving the benefit applied for.

      **ANSWER:**

**INTERROGATORY NO. 5:**  Identify and describe any plan documents pertaining to any retiree healthcare coverage provided by Boeing to former Wichita Division employees (and/or their dependents) who retired under the Boeing Company Employee Retirement Plan ("BCERP") on or after June 17, 2005.

      **ANSWER:**

**INTERROGATORY NO. 6:**  For each McCartney Plaintiff, please provide the following information: bargaining unit, date of birth, date of hire, date of death (if applicable and known), years of Boeing pension vesting service, and years of credited service.

      **ANSWER:**

**INTERROGATORY NO. 7:**  For each McCartney Plaintiff who is receiving a pension benefit

from the BCERP, please provide the following information: the benefit option he or she is

receiving; the monthly amount of the benefit being received; and the date when the benefit

commenced.  If any changes to the form and/or amount of the benefit have occurred since the

original date of receipt, please describe the change and state the date on which it occurred.

    **ANSWER:**

**INTERROGATORY NO. 8:**   Identify each and every former Boeing employee who was at

least age 55 on June 17, 2005 and who elected to retire under the BCERP as a result of the June

2005 divestiture of the Wichita Division.  For each individual identified, provide the following

information:  bargaining unit, date of birth, date of hire, date of retirement, Spirit employment

status (if applicable and known), date of death (if applicable and known), years of Boeing

pension vesting service and years of credited service, benefit commencement date, the benefit

option elected by the retiree under the BCERP and the monthly benefit amount paid to the retiree

(including any changes to such amount since 2005).

    **ANSWER:**

**INTERROGATORY NO. 9:**  For each individual identified in response to Interrogatory No. 8, identify those who have received retiree healthcare benefits from any of the Boeing Defendants since 2005 and the terms of such coverage, including: the premiums and subsidy levels, deductibles and co-pay rates for this coverage and any changes to the coverage or rates over time.

 **ANSWER:**

**INTERROGATORY NO. 10:**  For the retiree healthcare coverage described in response to Interrogatory No. 9, for the individuals identified in response to Interrogatory No. 8, describe the costs to the Boeing Defendants of such coverage on an annual basis for each calendar year beginning in 2005.

 **ANSWER:**

Dated:  June 7, 2013                    Tom E. Hammond (#10242)
                                        *tehammond1@yahoo.com*
                                        Hammond, Zongker & Farris LLC
                                        727 N. Waco Street, Suite 200
                                        P.O. Box 47370
                                        Wichita, KS 67201
                                        Tel. (316) 262-6800
                                        Fax (316) 262-3770

                                        Arlus J. Stephens (DC #478938)
                                        *astephens@murphypllc.com*
                                        Renee M. Gerni (DC #979573)
                                        *rgerni@murphypllc.com*
                                        Murphy Anderson PLLC
                                        1701 K Street NW, Suite 210
                                        Washington, DC 20006
                                        Tel. (202) 223-2620
                                        Fax (202) 223-8651

                                        William T. Payne (PA #38083)
                                        *wpayne@stemberfeinstein.com*
                                        Joel R. Hurt (PA #85841)
                                        *jhurt@stemberfeinstein.com*
                                        Feinstein Doyle Payne & Kravec, LLC
                                        The Allegheny Building, 17th Floor
                                        429 Forbes Avenue
                                        Pittsburgh, PA 15219
                                        Tel. (412) 281-8400
                                        Fax (412) 281-1007

                                        By  s/ Arlus J. Stephens

                                        Attorneys for Plaintiffs

8

**VERIFICATION**

STATE OF _____          )

                                    ) SS:

COUNTY OF _____)


_____, of lawful age and being first duly sworn, upon oath deposes and

states:

      I _____, as _____ (title) of

Defendant, being of lawful age and being first duly sworn, upon oath depose and state that I have

read the foregoing Interrogatories and Answers thereto; that each and every statement contained

in said Answers are my answers; that they are true and correct; and that I am authorized to

answer on behalf of Defendants.


                            _____


Subscribed and sworn to before me, a Notary Public within and for the County and State

listed above, on this_____ day of _____, 2013.


                            _____

                            Notary Public


My Appointment Expires:

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, I electronically served the foregoing Plaintiffs' First

Interrogatories Concerning Remedy to the Boeing Defendants by sending the same via electronic

mail to the following:

| | |
|---|---|
| William J. Kilberg | Email:  wkilberg@gibsondunn.com |
| Paul Blankenstein | Email:  pblankenstein@gibsondunn.com |
| Jason J. Mendro | Email:  jmendro@gibsondunn.com |
| J. Nicci Warr | Email:  nwarr@gibsondunn.com |
| | |
| Boyd Byers | E-mail: bbyers@foulston.com |
| James M. Armstrong | E-mail: jarmstrong@foulston.com |
| Charles McClellan | E-mail: cmcclellan@foulston.com |
| | |
| Michael F. Delaney | E-mail: mdelaney@spencerfane.com |
| Gregory L. Ash | E-mail: gash@spencerfane.com |
| Eric P. Kelly | E-mail: ekelly@spencerfane.com |

 s/ Arlus J. Stephens
Arlus J. Stephens

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001, *et al.*, ) ) ) | |
| Plaintiffs, ) ) | Civil Action Nos. 05-CV-1251-MLB-KMH |
| vs. ) ) | and 07-CV-1043-MLB-KMH |
| The Boeing Company, *et al.*, ) ) | |
| Defendants. ) ) ) | |

## BOEING DEFENDANTS' THIRD INTERROGATORIES TO SPEEA

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendants The Boeing Company, The Boeing Company Employee Benefit Plans Committee, The Boeing Company Employee Retirement Plan, The Boeing Company Retiree Health and Welfare Benefit Plan, and The Boeing Company Layoff Benefits Plan (collectively "Boeing Defendants") ask that plaintiff the Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001 ("SPEEA") supply the information requested in the interrogatories on the following pages. You are requested to answer each interrogatory within the space provided, inserting additional pages where necessary. You should verify your answers in the form provided after the last interrogatory and serve the original set of interrogatories and answers on Boeing Defendants' counsel within thirty (30) days.

Each interrogatory seeks information available to you, your attorneys or agents, and all persons acting in your behalf. Accordingly, as used herein, the terms "you" and "your" refer without limitation to SPEEA, its attorneys, agents, and representatives.

The terms "and" and "or" are meant to include both alternatives and to be all inclusive.

> **EXHIBIT**
>
> **D**

Each of the following interrogatories not only calls for your knowledge, but also for all knowledge that is available to you through reasonable inquiry, including inquiry of your representatives or other persons acting on your behalf.

Whenever an interrogatory calls for information claimed by you to be privileged, state in response to such interrogatory the identity of the participants in the communication, date of the communication, and the general subject matter of the communication; the fact of such claim of privilege; and the basis for the assertion of such claim.

These discovery requests are of a continuing nature, and you are obligated to supplement your responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**Interrogatory No. 1.**  Identify by full name and BEMS ID number each individual that you contend is a member of the class certified by the Court on July 14, 2008, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.

**ANSWER:**


**Interrogatory No. 2.**  Other than those identified in response to the prior interrogatory, identify by full name and BEMS ID number each and every other individual, that you contend is entitled to damages, specific performance, or some other remedy or recovery in this case, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.

**ANSWER:**

**Interrogatory No. 3.**  Please state whether you are seeking monetary damages or specific performance in this lawsuit.  If you are seeking monetary damages (whether on your own behalf or on behalf of represented members), please describe in detail your theory of damages and any calculation thereof, including identification of the lump-sum / present-value discount rate you propose using, and the particular Boeing Defendant from which you are seeking these damages.  Also include in this answer your proposed method of payment, whether by lump sum amount, periodic monthly payments, or otherwise.  Also state whether you claim that Boeing would make the payments directly to individual Harkness-class Plaintiffs or that a trust administered by the Union would be involved.  If you are seeking specific performance, describe in detail the performance that you seek and the particular Boeing Defendant from which you are seeking this specific performance.

**ANSWER:**

Respectfully submitted,

William J. Kilberg
Paul Blankenstein
Jason J. Mendro
J. Nicci Warr
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. NW
Washington, DC  20036-5036

— *and* —

By /s/ *James M. Armstrong*
   James M. Armstrong          #09271
   Boyd A. Byers              #16253
   Charles E. McClellan       #23692
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS  67206-4466

*Attorneys for Boeing Defendants*

## **VERIFICATION**

STATE OF _____          )

                                       )    SS:

COUNTY OF _____      )


_____, of lawful age and being first duly sworn, upon oath deposes and states:

I have read the above and foregoing interrogatories and corresponding answers; these answers are my answers based on personal knowledge; and the answers are true and correct.

FURTHER AFFIANT SAITH NAUGHT.

_____
Name and Title


Subscribed and sworn to before me, a Notary Public within and for the County and State aforesaid, on this_____ day of _____, 2013.


_____
Notary Public

My Appointment Expires:

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, I served the above and foregoing **Boeing Defendants' Third Interrogatories to SPEEA** via electronic mail on the following:

Arlus J. Stephens                astephens@murphypllc.com
Renee M. Gerni                   rgerni@murphypllc.com
Thomas E. Hammond                tehammond1@yahoo.com
Joel R. Hurt                     jhurt@stemberfeinstein.com
William T. Payne                 wpayne@stemberfeinstein.com

*Attorneys for Plaintiffs*


Gregory L. Ash                   gash@spencerfane.com
Michael F. Delaney               mdelaney@spencerfane.com
Eric P. Kelly                    ekelly@spencerfane.com

*Attorneys for Spirit Defendants*


                                          */s/ James M. Armstrong*
                                          James M. Armstrong        #09271

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Nos. 05-CV-1251-MLB-KMH |
| vs. | ) ) | and 07-CV-1043-MLB-KMH |
| The Boeing Company, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## BOEING DEFENDANTS' THIRD INTERROGATORIES TO IAM

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendants The Boeing Company, The Boeing Company Employee Benefit Plans Committee, The Boeing Company Employee Retirement Plan, The Boeing Company Retiree Health and Welfare Benefit Plan, and The Boeing Company Layoff Benefits Plan (collectively "Boeing Defendants") ask that plaintiff the International Association of Machinists and Aerospace Workers, AFL-CIO and District 70, IAMAW ("IAM") supply the information requested in the interrogatories on the following pages. You are requested to answer each interrogatory within the space provided, inserting additional pages where necessary. You should verify your answers in the form provided after the last interrogatory and serve the original set of interrogatories and answers on Boeing Defendants' counsel within thirty (30) days.

Each interrogatory seeks information available to you, your attorneys or agents, and all persons acting in your behalf. Accordingly, as used herein, the terms "you" and "your" refer without limitation to the IAM, its attorneys, agents, and representatives.

The terms "and" and "or" are meant to include both alternatives and to be all inclusive.

EXHIBIT

E

Each of the following interrogatories not only calls for your knowledge, but also for all knowledge that is available to you through reasonable inquiry, including inquiry of your representatives or other persons acting on your behalf.

Whenever an interrogatory calls for information claimed by you to be privileged, state in response to such interrogatory the identity of the participants in the communication, date of the communication, and the general subject matter of the communication; the fact of such claim of privilege; and the basis for the assertion of such claim.

These discovery requests are of a continuing nature, and you are obligated to supplement your responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1.**  Identify by full name and BEMS ID number each individual that you contend is a member of the class certified by the Court on July 14, 2008, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.

**ANSWER:**


**Interrogatory No. 2.**  Other than those identified in response to the prior interrogatory, identify by full name and BEMS ID number each and every other individual, that you contend is entitled to damages, specific performance, or some other remedy or recovery in this case, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.

**ANSWER:**

**Interrogatory No. 3.**  Please state whether you are seeking monetary damages or specific performance in this lawsuit.  If you are seeking monetary damages (whether on your own behalf or on behalf of represented members), please describe in detail your theory of damages and any calculation thereof, including identification of the lump-sum / present-value discount rate you propose using, and the particular Boeing Defendant from which you are seeking these damages. Also include in this answer your proposed method of payment, whether by lump sum amount, periodic monthly payments, or otherwise.  Also state whether you claim that Boeing would make the payments directly to individual Harkness-class Plaintiffs or that a trust administered by the Union would be involved.  If you are seeking specific performance, describe in detail the performance that you seek and the particular Boeing Defendant from which you are seeking this specific performance.

**ANSWER:**

**Interrogatory No. 4.**  Please describe the terms and conditions of the IAM National Pension Fund, including without limitation a description of how benefit payments are calculated, the monthly benefit amount any plaintiff or represented person would receive under the IAM National Pension Fund upon retirement from Spirit; and the impact of early retirement on the receipt of any benefit.

**ANSWER:**

**Interrogatory No. 5.**  Please identify the Individual Plaintiffs and Harkness-Class Plaintiffs who are or have been participants in the IAM National Pension Fund described in

3

Interrogatory No. 4; the credits and/or prospective benefits available to each such participant; and identify whether each such participant has received or is currently receiving benefits from the IAM National Pension Fund and, if so, describe the nature and amount of those benefits.

     **ANSWER:**

                                               Respectfully submitted,

                                             William J. Kilberg
Paul Blankenstein
Jason J. Mendro
J. Nicci Warr
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. NW
Washington, DC  20036-5036

         *─ and ─*

By /s/ *James M. Armstrong*
   James M. Armstrong        #09271
   Boyd A. Byers             #16253
   Charles E. McClellan      #23692
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS  67206-4466

*Attorneys for Boeing Defendants*

**VERIFICATION**

STATE OF _____         )
                              )   SS:
COUNTY OF _____        )


_____, of lawful age and being first duly sworn, upon oath deposes and states:

I have read the above and foregoing interrogatories and corresponding answers; these answers are my answers based on personal knowledge; and the answers are true and correct.

FURTHER AFFIANT SAITH NAUGHT.

_____
Name and Title


Subscribed and sworn to before me, a Notary Public within and for the County and State aforesaid, on this_____ day of _____, 2013.


_____
Notary Public

My Appointment Expires:

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, I served the above and foregoing **Boeing Defendants' Third Interrogatories to IAM** via electronic mail on the following:

| | |
|---|---|
| Arlus J. Stephens | astephens@murphypllc.com |
| Renee M. Gerni | rgerni@murphypllc.com |
| Thomas E. Hammond | tehammond1@yahoo.com |
| Joel R. Hurt | jhurt@stemberfeinstein.com |
| William T. Payne | wpayne@stemberfeinstein.com |

*Attorneys for Plaintiffs*

| | |
|---|---|
| Gregory L. Ash | gash@spencerfane.com |
| Michael F. Delaney | mdelaney@spencerfane.com |
| Eric P. Kelly | ekelly@spencerfane.com |

*Attorneys for Spirit Defendants*

/s/ *James M. Armstrong*
James M. Armstrong          #09271

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Nos. 05-CV-1251-MLB-KMH |
| vs. | ) ) | and 07-CV-1043-MLB-KMH |
| The Boeing Company, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**BOEING DEFENDANTS' THIRD INTERROGATORIES
TO INDIVIDUAL PLAINTIFFS AND HARKNESS-CLASS PLAINTIFFS**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendants The Boeing Company, The Boeing Company Employee Benefit Plans Committee, The Boeing Company Employee Retirement Plan, The Boeing Company Retiree Health and Welfare Benefit Plan, and The Boeing Company Layoff Benefits Plan (collectively "Boeing Defendants") ask that the Individual Plaintiffs and the Harkness-Class Plaintiffs supply the information requested in the interrogatories on the following pages. You are requested to answer each interrogatory within the space provided, inserting additional pages where necessary. Each Individual Plaintiff and Harkness-Class Plaintiff should verify his or her answers in the form provided after the last interrogatory and serve the original set of interrogatories and answers on Boeing Defendants' counsel within thirty (30) days.  For those Individual Plaintiffs and Harkness-Class Plaintiffs who are deceased or incapacitated, these requests are to be answered by appropriate agents, representatives, executors, estate trustees or administrators, etc., and such responding person should be properly identified by name and title in the response.

Each interrogatory seeks information available to you, your attorneys or agents, and all persons acting in your behalf. Accordingly, as used herein, the terms "you" and "your" refer

```
EXHIBIT
F
```

without limitation to the Individual Plaintiffs and Harkness-Class Plaintiffs, their attorneys, agents, and representatives. To avoid confusion in responses, each Individual Plaintiff and Harkness-Class Plaintiff should specify when any answer is made with respect to less than all of the Individual Plaintiffs and/or Harkness-Class Plaintiffs. Each Individual Plaintiff and Harkness-Class Plaintiff should answer separately on his or her own behalf, as may be necessary.

The terms "and" and "or" are meant to include both alternatives and to be all inclusive.

Each of the following interrogatories not only calls for your knowledge, but also for all knowledge that is available to you through reasonable inquiry, including inquiry of your representatives or other persons acting on your behalf.

Whenever an interrogatory calls for information claimed by you to be privileged, state in response to such interrogatory the identity of the participants in the communication, date of the communication, and the general subject matter of the communication; the fact of such claim of privilege; and the basis for the assertion of such claim.

These discovery requests are of a continuing nature, and you are obligated to supplement your responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1.**   Identify by full name each individual that you contend is a member of the class certified by the Court on July 14, 2008, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.   To the extent that this information is provided in response to the interrogatories directed to the union plaintiffs, it need not be provided again in response to this interrogatory, provided the Harkness-class Plaintiffs adopt the union response.   To the extent that this information is not provided in response to the interrogatories directed to the union plaintiffs, then it must be provided here, but one response on behalf of all of the Harkness-class Plaintiffs is sufficient.

**ANSWER:**

**Interrogatory No. 2.**   Other than Boeing or Spirit, please identify all other employers you have had at any time since June 17, 2005, identifying your specific dates of employment with each such employer, and if you are no longer employed by any such employer, please state the date and the reason you became separated from your employment with that employer (including whether your separation was voluntary or involuntary).

**ANSWER:**

**Interrogatory No. 3.**   Other than Boeing or Spirit, please identify any and all efforts you have made to obtain employment with any other employer at any time since June 17, 2005,

identifying the name and location of the potential employer, the particular efforts you made to obtain that employment, and the date(s) you undertook each of those efforts.

**ANSWER:**

**Interrogatory No. 4.**   Please identify your specific dates of employment with Spirit; if you are no longer employed at Spirit, please state the date and the reason you became separated from your employment with Spirit (including whether your separation was voluntary or involuntary).

**ANSWER:**

**Interrogatory No. 5.**   Please state whether you have retired from Spirit.  If you have retired from Spirit, please provide the following information:

a.      The date you retired;

b.      Your age as of the date you retired;

c.      Each retirement and/or pension plan from which you have received, are receiving, and/or will receive benefits;

d.      The benefit option you selected for payment of your benefits from each retirement and/or pension plan from which you have received or will receive benefits;

e.      The monthly amount (or lump sum) of your retirement/pension benefit under each plan (including whether the amount has changed over time and the amount at each point in time);

f.      If you were represented by the IAM or IBEW, identify the value of your 401(k) investments with the IAM National 401(k) Plan on the date of your retirement from Spirit;

4

g.      If you were represented by SPEEA, identify the value of your 401(k) plan on the date of your retirement from Spirit;

h.      Whether you participated in Spirit's medical plan, and, if you participated, which option(s) you chose, and the amount of premiums, deductibles, co-pays, or out-of-pocket expenses you have paid; and

i.      Whether you elected (and, if not, why not) to participate in the retiree-medical plan, and, if you participated, which option(s) you chose and the amount of premiums, deductibles, co-pays, or out-of-pocket expenses you have paid.

**ANSWER:**

**Interrogatory No. 6.**  Please identify the date on which you would have retired from Boeing if you had been classified as "laid off" following Boeing's sale of its BCA Wichita Division to Spirit in June 2005 and the benefit option you would have selected (i.e., lump sum, level-benefit option, or qualified joint and survivor immunity).

**ANSWER:**

**Interrogatory No. 7.**  Please identify the dates during which you were:

a.   A participant in Spirit's medical plan for employees; and/or

b.   A participant in Spirit's medical plan for retirees.

**ANSWER:**

5

**Interrogatory No. 8.**   Please identify each premium, deductible, co-pay, and out-of-pocket medical or healthcare related expenses you incurred while you were:

      a.       A participant in Spirit's medical plan for employees; and/or

      b.       A participant in Spirit's medical plan for retirees.

      **ANSWER:**

**Interrogatory No. 9.**   Other than the expenses identified in response to Interrogatory No. 8, identify all other out-of-pocket medical or healthcare related expenses incurred since June 2005.

      **ANSWER:**

**Interrogatory No. 10.**   Please identify the full name of any spouse or domestic partner you have had since June 17, 2005, and state whether that person has been an employee of Boeing and/or Spirit at any time since June 17, 2005, and the dates of that person's employment with Boeing and/or Spirit.

      **ANSWER:**

**Interrogatory No. 11.**   State whether your spouse was a participant in any health or medical plan at any employer since June 2005 from which you received, or were eligible to receive, benefits.

      **ANSWER:**

**Interrogatory No. 12.**   If you were represented by the IAM or the IBEW, and in connection with Spirit's public stock offering, identify the amount of cash you received at the time of that offering, the amount of Spirit stock you received at the time of that offering, and the market value of the stock received at the time of that offering.

**ANSWER:**

**Interrogatory No. 13.**   Identify any early retirement programs in which you have participated, or were eligible to participate, since June 2005.  Describe the eligibility for any such program and its terms, including the amount, frequency, and source of any payments under the program.

**ANSWER:**

Respectfully submitted,

William J. Kilberg
Paul Blankenstein
Jason J. Mendro
J. Nicci Warr
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave. NW
Washington, DC  20036-5036

— *and* —

By /s/ *James M. Armstrong*
   James M. Armstrong     #09271
   Boyd A. Byers          #16253
   Charles E. McClellan    #23692
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS  67206-4466

*Attorneys for Boeing Defendants*

***Each Individual Plaintiff and Harkness-Class Plaintiff should answer separately on his or her own behalf and should use a separate verification.***

## VERIFICATION

STATE OF _____            )
                                     )   SS:
COUNTY OF _____           )


_____, of lawful age and being first duly sworn, upon oath deposes

and states:

I have read the above and foregoing interrogatories and corresponding answers; these

answers are my answers based on personal knowledge; and the answers are true and correct.

FURTHER AFFIANT SAITH NAUGHT.

_____
Name and Title


Subscribed and sworn to before me, a Notary Public within and for the County and State

aforesaid, on this_____ day of _____, 2013.


_____
Notary Public

My Appointment Expires:

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, I served the above and foregoing **Boeing Defendants' Third Interrogatories to Individual Plaintiffs and Harkness-Class Plaintiffs** via electronic mail on the following:

| | |
|---|---|
| Arlus J. Stephens | astephens@murphypllc.com |
| Renee M. Gerni | rgerni@murphypllc.com |
| Thomas E. Hammond | tehammond1@yahoo.com |
| Joel R. Hurt | jhurt@stemberfeinstein.com |
| William T. Payne | wpayne@stemberfeinstein.com |

*Attorneys for Plaintiffs*

| | |
|---|---|
| Gregory L. Ash | gash@spencerfane.com |
| Michael F. Delaney | mdelaney@spencerfane.com |
| Eric P. Kelly | ekelly@spencerfane.com |

*Attorneys for Spirit Defendants*

/s/ *James M. Armstrong*
James M. Armstrong          #09271

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SOCIETY OF PROFESSIONAL           )
ENGINEERING EMPLOYEES             )
IN AEROSPACE, et al.              )
                                  )        No. 05-CV-1251 MLB
                    Plaintiffs,   )
                                  )
v.                                )
                                  )
BOEING CO., et al.                )
                                  )
                    Defendants.   )
_____   )

## RESPONSE TO BOEING'S THIRD INTERROGATORIES TO IAM

Plaintiff IAM hereby responds to the Boeing Defendants' "Third Interrogatories to IAM."

## General Responses and Objections

1.      Plaintiff objects to each Interrogatory to the extent that it could be read to make inquiries of Plaintiff's counsel.  Plaintiff objects to each Interrogatory to the extent that it could be read to seek counsel's mental impressions, conclusions, legal opinions or theories. *See Hickman v. Taylor*, 329 U.S. 495 (1947).  Plaintiff further objects to each Interrogatory to the extent that it could be read to request information revealed in confidence for the purpose of obtaining legal services or opinions, and thus would object to each Interrogatory to the extent that it could be read to seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity or protection from discovery.

EXHIBIT
G

2.     Plaintiff objects to the instructions and definitions contained in these Interrogatories to the extent that they seek to impose obligations on Plaintiff greater than or inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Kansas.

3.     Plaintiff objects to each Interrogatory to the extent it seeks materials and information that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence regarding such claims and defenses.

4.     Plaintiff objects to each Interrogatory to the extent it is vague, overbroad, or not limited in scope to a particular time period relevant to the claims or defenses in this case. Plaintiff will, however, reasonably attempt to answer such Interrogatories to the extent they are proper and not ambiguous.

5.     Plaintiff objects to the Interrogatories to the extent that they seek information in Defendants' possession, publicly available, or otherwise available from sources that are more convenient, less burdensome, and/or less expensive to Plaintiff.

6.     Plaintiff's responses (and any further objections or responses to these discovery requests or their subject matter) are made without waiver of, and with preservation of:

a.     All questions as to competency, relevance, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceeding in this matter (including the trial of this lawsuit), and in any other lawsuit or proceedings;

b.      The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this lawsuit) and in any other lawsuit or proceeding; and

c.       The right to object on any ground at any time to a demand or request for the further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of these Interrogatories.

7.      Plaintiff incorporates all General Objections into each Specific Objection herein, with or without reference. Insertion of General Objections below in response to individual Interrogatories shall not be construed as a waiver of other General Objections in that response or as a waiver of that General Objection in other specific responses.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**INTERROGATORY NO. 1**:  Identify by full name and BEMS ID number each individual that you contend is a member of the class certified by the Court on July 14, 2008, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.

**ANSWER:**  Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff objects that the Interrogatory calls for legal conclusions.  Plaintiff further objects that the Interrogatory requests some information from Plaintiff that has no bearing on Plaintiff's claims in this lawsuit.  Plaintiff further objects that the request is somewhat vague in requesting "the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person," which request is also partially objectionable in calling for possible legal conclusions to be drawn.  Plaintiff further objects that the request as written imposes undue burdens on Plaintiff when the

information could be more readily attained by other means. Subject to and without waiving these objections, Plaintiff answers as follows:

Plaintiff contends that the members of the class certified by the Court on July 14, 2008 are those individuals who were Union-represented Boeing workers in Wichita who were participants in the Boeing Pension Plan as of June 16, 2005, who had at least ten years of vesting service on that date, who were between the ages of 49 and 55 on that date, and who went to work at Spirit on or around June 17, 2005.  Further answering, Plaintiff contends the Court directed three subclasses, including one consisting of those class members who were represented by Plaintiff IAM.  Plaintiff takes no position on the identity of class members in the SPEEA or IBEW subclasses and offers no answer on them because it lacks any basis for information about them.  As for the IAM subclass, it specifically consists of any individual who was an employee in the bargaining unit of employees at Spirit represented by the IAM as of June 17, 2005 and who otherwise meets the age and Boeing-service requirements.

Because the payment of union dues (or fraction thereof) in Kansas is by law a voluntary matter, the Plaintiff does not itself have independently-created lists of those individuals who make up the bargaining unit in question.  Rather, the Plaintiff must generally rely on the employer to prepare such lists because the employer is the entity with the access to information to do so.  That is the case here: Spirit chose whom to hire for employment on June 17, 2005, and not all those people whom it hired became actual dues-paying members of the IAM.

In this case, the Plaintiffs have already requested that Spirit provide them with the information requested in this Interrogatory.  Plaintiff has also requested that Spirit

provide contact information for all individuals who may be class members.  Once Spirit

has done so, and Plaintiff has had an opportunity to review what Spirit provides, Plaintiff

can supply a more complete answer to this Interrogatory.

**INTERROGATORY NO. 2:**   Other than those identified in response to the

prior interrogatory, identify by full name and BEMS ID number each and every other

individual, that you contend is entitled to damages, specific performance, or some other

remedy or recovery in this case, including the identity of any claimants to the

funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other

person.

**ANSWER:**   Plaintiff incorporates its General Objections as if fully set forth

herein. Plaintiff objects that the Interrogatory calls for legal conclusions.  Plaintiff further

objects that the Interrogatory requests some information from Plaintiff that has no bearing

on Plaintiff's claims in this lawsuit.  Plaintiff further objects that the request is somewhat

vague in requesting "the identity of any claimants to the funds/benefits sought in this

case, such as an estate, a surviving spouse, child, or other person," which request is also

partially objectionable in calling for possible legal conclusions to be drawn.  Plaintiff

further objects that the request as written imposes undue burdens on Plaintiff when the

information could be more readily attained by other means, including from Boeing's own

records. Subject to and without waiving these objections, Plaintiff answers as follows:

Plaintiff states that the only additional individuals of whom it is aware at this time

who should receive a remedy based on Plaintiff's claims in this case are those

McCartney/Boone Plaintiffs who were represented by IAM, all of whom IAM believes

are still living at this time.  Those individuals are Norris Palmer, Bradley Stevens,

Marsha Gray, Darlene Kerns, Randall McFarland, Russell Norman, William Stoner, and Gary Leavell.

**INTERROGATORY 3**:   Please state whether you are seeking monetary damages or specific performance in this lawsuit.  If you are seeking monetary damages (whether on your own behalf or on behalf of represented members), please describe in detail your theory of damages and any calculation thereof, including identification of the lump-sum / present-value discount rate you propose using, and the particular Boeing Defendant from which you are seeking these damages.  Also include in this answer your proposed method of payment, whether by lump sum amount, periodic monthly payments, or otherwise. Also state whether you claim that Boeing would make the payments directly to individual Harkness-class Plaintiffs or that a trust administered by the Union would be involved. If you are seeking specific performance, describe in detail the performance that you seek and the particular Boeing Defendant from which you are seeking this specific performance.

**ANSWER:**  Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff further objects that the Interrogatory requests some information from Plaintiff that has no bearing on Plaintiff's claims in this lawsuit.  Plaintiff further objects that the Interrogatory calls for speculation.  Plaintiff further objects that the Interrogatory calls for information not yet created, because Plaintiff is relying on information requested, but not yet produced, by Boeing Defendants and the former Spirit Defendants to formulate its damage theories and models. Plaintiff further objects that the Interrogatory is premature as the specific relief Plaintiffs seek will be informed by the data and information produced by the former Spirit Defendants and will be the subject of

expert testimony, which will be disclosed at the appropriate time under Rule 26 or order of the Court. Plaintiff further objects that the request could be read to call for Plaintiff to share information that is protected from disclosure by privilege.  Subject to and without waiving these objections, Plaintiffs further answer as follows:

As the various complaints filed in this case attest, Plaintiff has asked the Court for relief in the alternative, including damages and/or specific performance of contractual promises.   Plaintiff's only claims in this case are against Defendant Boeing Co., not any other Boeing-related Defendant, and thus any Court-directed remedy (of damages or injunction) directly flowing from Plaintiff's claims would run against Boeing.

An award of damages that would issue following a trial would take whatever form the Court directed it to take.  Plaintiff has brought claims in its own name under Section 301 for the benefit of those whom it represented as their collective-bargaining representative.   The Court could structure a jury verdict form that would direct payment of damages to Plaintiff as the individual employees' collective bargaining representative, with it to distribute the individual amounts thereafter.  Alternatively, the Court could structure a jury verdict form that would itemize the payments to the individual employees then and there.  The Court may also have its own idea for how to structure the verdict form.  The Court will be separately trying the ERISA claims.  If the individual employees are fully compensated through damages, there may not be a need to try the ERISA claims, for reasons previously explicated; alternatively, if the individual employees are not fully compensated, then the ERISA claims would not be mooted.  If the claims are settled, the payment of damages could take any number of forms.  The specifics of

Plaintiff's theory and calculation of damages must wait for the information requested of the other parties.

**INTERROGATORY NO. 4:**  Please describe the terms and conditions of the IAM National Pension Fund, including without limitation a description of how benefit payments are calculated, the monthly benefit amount any plaintiff or represented person would receive under the IAM National Pension Fund upon retirement from Spirit; and the impact of early retirement on the receipt of any benefit.

**ANSWER:**  Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff objects that the request improperly calls for it to render legal conclusions.  Plaintiff objects that the request improperly calls for it to interpret documents which it did not create and does not administer.  Plaintiff objects that the request calls for speculative judgments and interpretations to be made.  Plaintiff objects that the request calls for it to substitute its judgment for that of the plan and its administrator.  Plaintiff objects that the request should be made to other parties that are in a better position to supply answers.  Plaintiff further objects that the information requested is irrelevant to the claims in this case and not reasonably calculated to lead to admissible evidence.  Further answering, Plaintiff has produced to the Boeing Defendants copies of what Plaintiff understands to be the governing plan documents of the National Pension Fund, which documents should supply the information requested.

**INTERROGATORY NO. 5:**  Please identify the Individual Plaintiffs and Harkness-Class Plaintiffs who are or have been participants in the IAM National Pension Fund described in Interrogatory No. 4; the credits and/or prospective benefits available to each such participant; and identify whether each such participant has received or is

currently receiving benefits from the IAM National Pension Fund and, if so, describe the nature and amount of those benefits.

**ANSWER:**  Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff objects that the request improperly calls for it to render legal conclusions.  Plaintiff objects that the request improperly calls for it to interpret documents which it did not create and does not administer.  Plaintiff objects that the request calls for speculative judgments and interpretations to be made.   Plaintiff objects that the request calls for it to substitute its judgment for that of the plan and its administrator.  Plaintiff objects that the request should be made to other parties that are in a better position to supply answers to the information requested.  Plaintiff further objects that some of the information requested has already been requested from other parties or former parties.  Plaintiff further objects that the information requested is irrelevant to the claims in this case and not reasonably calculated to lead to admissible evidence.  Subject to and without waiving these objections, Plaintiff answers as follows:

Plaintiff contends that the Individual Plaintiffs and Harkness-Class Plaintiffs who were employed at Spirit on or after June 17, 2005 and were covered by the collective bargaining agreement between Spirit and the IAM should have become participants in the National Pension Fund and presumably were participants.  Further answering, Plaintiff states that the identity of those individuals who actually are or have been participants in the National Pension Fund is information that would be held by those individuals themselves, by their employer (Spirit), and by the National Pension Fund, not independently by the IAM itself.  Further answering, Plaintiff states that it believes that

Harkness Plaintiffs Richard Pullen and Donna Zagonel are and have been participants in the National Pension Fund.

The credits and/or prospective benefits available to each participant are matters determined by the fund, not by Plaintiff.  Plaintiff refers Defendants to the plan documents that Plaintiff has produced, which documents describe how the plan works and how participants earn benefits thereunder.

Plaintiff has no present knowledge of what individual participants receive as benefits on account of their individual participation in the fund.  Defendants should pose that inquiry either to the individual participants or to the fund.  Plaintiff understands that Individual Plaintiffs Pullen and Zagonel are making a request to the fund for that information.


Dated August 23, 2013                    Respectfully submitted,


                                          s/ Tom E. Hammond
                                         Tom E. Hammond (#10242)
                                         Hammond, Zongker & Farris LLC
                                         727 N. Waco Street, Suite 200
                                         P.O. Box 47370
                                         Wichita, KS  67201
                                         Tel. (316) 262-6800
                                         Fax (316) 262-3770

                                         Arlus J. Stephens (DC #478938)
                                         Renee M. Gerni (DC #979573)
                                         Murphy Anderson PLLC
                                         1701 K Street NW, Suite 210
                                         Washington, DC  20006
                                         Tel. (202) 223-2620
                                         Fax (202) 223-8651

                                         William T. Payne (PA #38083)
                                         Joel R. Hurt (PA #85841)

Feinstein, Doyle, Payne & Kravec, LLC
The Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel. (412) 281-8400
Fax (412) 281-1007

Attorneys for Plaintiffs

## VERIFICATION

I, _____, hereby declare and state as follows:

1.       I have authority to answer these interrogatories on behalf of Plaintiff IAM.

2.       I have read the above and foregoing interrogatories and corresponding answers; these answers are IAM's answers based on its knowledge; and the answers are true and correct.

_____                    _____
Date

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SOCIETY OF PROFESSIONAL          )
ENGINEERING EMPLOYEES            )
IN AEROSPACE, et al.             )
                                 )          No. 05-CV-1251 MLB
                    Plaintiffs,  )
                                 )
v.                               )
                                 )
BOEING CO., et al.               )
                                 )
                    Defendants.  )
_____  )

## RESPONSE TO BOEING'S THIRD INTERROGATORIES TO SPEEA

Plaintiff SPEEA hereby responds to the Boeing Defendants' "Third Interrogatories to SPEEA."

### General Responses and Objections

1.      Plaintiff objects to each Interrogatory to the extent that it could be read to make inquiries of Plaintiff's counsel.  Plaintiff objects to each Interrogatory to the extent that it could be read to seek counsel's mental impressions, conclusions, legal opinions or theories. *See Hickman v. Taylor*, 329 U.S. 495 (1947).  Plaintiff further objects to each Interrogatory to the extent that it could be read to request information revealed in confidence for the purpose of obtaining legal services or opinions, and thus would object to each Interrogatory to the extent that it could be read to seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity or protection from discovery.

**EXHIBIT
H**

2.      Plaintiff objects to the instructions and definitions contained in these Interrogatories to the extent that they seek to impose obligations on Plaintiff greater than or inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Kansas.

3.      Plaintiff objects to each Interrogatory to the extent it seeks materials and information that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence regarding such claims and defenses.

4.      Plaintiff objects to each Interrogatory to the extent it is vague, overbroad, or not limited in scope to a particular time period relevant to the claims or defenses in this case. Plaintiff will, however, reasonably attempt to answer such Interrogatories to the extent they are proper and not ambiguous.

5.      Plaintiff objects to the Interrogatories to the extent that they seek information in Defendants' possession, publicly available, or otherwise available from sources that are more convenient, less burdensome, and/or less expensive to Plaintiff.

6.      Plaintiff's responses (and any further objections or responses to these discovery requests or their subject matter) are made without waiver of, and with preservation of:

a.      All questions as to competency, relevance, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceeding in this matter (including the trial of this lawsuit), and in any other lawsuit or proceedings;

b.      The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this lawsuit) and in any other lawsuit or proceeding; and

c.      The right to object on any ground at any time to a demand or request for the further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of these Interrogatories.

7.      Plaintiff incorporates all General Objections into each Specific Objection herein, with or without reference. Insertion of General Objections below in response to individual Interrogatories shall not be construed as a waiver of other General Objections in that response or as a waiver of that General Objection in other specific responses.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**INTERROGATORY NO. 1**:  Identify by full name and BEMS ID number each individual that you contend is a member of the class certified by the Court on July 14, 2008, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person.

**ANSWER:**  Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff objects that the Interrogatory calls for legal conclusions.  Plaintiff further objects that the Interrogatory requests some information from Plaintiff that has no bearing on Plaintiff's claims in this lawsuit.  Plaintiff further objects that the request is somewhat vague in requesting "the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person," which request is also partially objectionable in calling for possible legal conclusions to be drawn.  Plaintiff further objects that the request as written imposes undue burdens on Plaintiff when the

information could be more readily attained by other means. Subject to and without waiving these objections, Plaintiff answers as follows:

Plaintiff contends that the members of the class certified by the Court on July 14, 2008 are those individuals who were Union-represented Boeing workers in Wichita who were participants in the Boeing Pension Plan as of June 16, 2005, who had at least ten years of vesting service on that date, who were between the ages of 49 and 55 on that date, and who went to work at Spirit on or around June 17, 2005.  Further answering, Plaintiff contends the Court directed three subclasses, including one consisting of those class members who were represented by Plaintiff SPEEA.  Plaintiff takes no position on the identity of class members in the IAM or IBEW subclasses and offers no answer on them because it lacks any basis for information about them.  As for the SPEEA subclass, it specifically consists of any individual who was an employee in the bargaining unit of employees at Spirit represented by SPEEA as of June 17, 2005 and who otherwise meets the age and Boeing-service requirements.

Because the payment of union dues (or fraction thereof) in Kansas is by law a voluntary matter, the Plaintiff does not itself have independently-created lists of those individuals who make up the bargaining unit in question.  Rather, the Plaintiff must generally rely on the employer to prepare such lists because the employer is the entity with the access to information to do so.  That is the case here: Spirit chose whom to hire for employment on June 17, 2005, and not all those people whom it hired became actual dues-paying members of SPEEA.

In this case, the Plaintiffs have already requested that Spirit provide them with the information requested in this Interrogatory.  Plaintiff has also requested that Spirit

provide contact information for all individuals who may be class members.  Once Spirit

has done so, and Plaintiff has had an opportunity to review what Spirit provides, Plaintiff

can supply a more complete answer to this Interrogatory.

**INTERROGATORY NO. 2:**   Other than those identified in response to the

prior interrogatory, identify by full name and BEMS ID number each and every other

individual, that you contend is entitled to damages, specific performance, or some other

remedy or recovery in this case, including the identity of any claimants to the

funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other

person.

**ANSWER:**   Plaintiff incorporates its General Objections as if fully set forth

herein. Plaintiff objects that the Interrogatory calls for legal conclusions.  Plaintiff further

objects that the Interrogatory requests some information from Plaintiff that has no bearing

on Plaintiff's claims in this lawsuit.  Plaintiff further objects that the request is somewhat

vague in requesting "the identity of any claimants to the funds/benefits sought in this

case, such as an estate, a surviving spouse, child, or other person," which request is also

partially objectionable in calling for possible legal conclusions to be drawn.  Plaintiff

further objects that the request as written imposes undue burdens on Plaintiff when the

information could be more readily attained by other means, including from Boeing's own

records. Subject to and without waiving these objections, Plaintiff answers as follows:

Plaintiff states that the only additional individuals of whom it is aware at this time

who should receive a remedy based on Plaintiff's claims in this case are those

McCartney/Boone Plaintiffs who were represented by SPEEA, all of whom IAM believes

are still living at this time.  Those individuals are Michael McCartney, Margaret Wieland,

James Boone, Bruce Carselowey, James Queen, Timothy Sanders, Marlon Stocking, and Lisa Wright.

**INTERROGATORY 3**:   Please state whether you are seeking monetary damages or specific performance in this lawsuit.  If you are seeking monetary damages (whether on your own behalf or on behalf of represented members), please describe in detail your theory of damages and any calculation thereof, including identification of the lump-sum / present-value discount rate you propose using, and the particular Boeing Defendant from which you are seeking these damages.  Also include in this answer your proposed method of payment, whether by lump sum amount, periodic monthly payments, or otherwise. Also state whether you claim that Boeing would make the payments directly to individual Harkness-class Plaintiffs or that a trust administered by the Union would be involved. If you are seeking specific performance, describe in detail the performance that you seek and the particular Boeing Defendant from which you are seeking this specific performance.

**ANSWER:**  Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff further objects that the Interrogatory requests some information from Plaintiff that has no bearing on Plaintiff's claims in this lawsuit.  Plaintiff further objects that the Interrogatory calls for speculation.  Plaintiff further objects that the Interrogatory calls for information not yet created, because Plaintiff is relying on information requested, but not yet produced, by Boeing Defendants and the former Spirit Defendants to formulate its damage theories and models. Plaintiff further objects that the Interrogatory is premature as the specific relief Plaintiffs seek will be informed by the data and information produced by the former Spirit Defendants and will be the subject of

expert testimony, which will be disclosed at the appropriate time under Rule 26 or order of the Court. Plaintiff further objects that the request could be read to call for Plaintiff to share information that is protected from disclosure by privilege.  Subject to and without waiving these objections, Plaintiffs further answer as follows:

As the various complaints filed in this case attest, Plaintiff has asked the Court for relief in the alternative, including damages and/or specific performance of contractual promises.   Plaintiff's only claims in this case are against Defendant Boeing Co., not any other Boeing-related Defendant, and thus any Court-directed remedy (of damages or injunction) directly flowing from Plaintiff's claims would run against Boeing.

An award of damages that would issue following a trial would take whatever form the Court directed it to take.  Plaintiff has brought claims in its own name under Section 301 for the benefit of those whom it represented as their collective-bargaining representative.   The Court could structure a jury verdict form that would direct payment of damages to Plaintiff as the individual employees' collective bargaining representative, with it to distribute the individual amounts thereafter.  Alternatively, the Court could structure a jury verdict form that would itemize the payments to the individual employees then and there.  The Court may also have its own idea for how to structure the verdict form.  The Court will be separately trying the ERISA claims.  If the individual employees are fully compensated through damages, there may not be a need to try the ERISA claims, for reasons previously explicated; alternatively, if the individual employees are not fully compensated, then the ERISA claims would not be mooted.  If the claims are settled, the payment of damages could take any number of forms.  The specifics of

Plaintiff's theory and calculation of damages must wait for the information requested of the other parties.


Dated August 23, 2013                    Respectfully submitted,


                                          s/ Tom E. Hammond
                                         Tom E. Hammond (#10242)
                                         Hammond, Zongker & Farris LLC
                                         727 N. Waco Street, Suite 200
                                         P.O. Box 47370
                                         Wichita, KS  67201
                                         Tel. (316) 262-6800
                                         Fax (316) 262-3770

                                         Arlus J. Stephens (DC #478938)
                                         Renee M. Gerni (DC #979573)
                                         Murphy Anderson PLLC
                                         1701 K Street NW, Suite 210
                                         Washington, DC  20006
                                         Tel. (202) 223-2620
                                         Fax (202) 223-8651

                                         William T. Payne (PA #38083)
                                         Joel R. Hurt (PA #85841)
                                         Feinstein, Doyle, Payne & Kravec, LLC
                                         The Allegheny Building, 17th Floor
                                         429 Forbes Avenue
                                         Pittsburgh, PA  15219
                                         Tel. (412) 281-8400
                                         Fax (412) 281-1007

                                         Attorneys for Plaintiffs

## **VERIFICATION**

I, _____, hereby declare and state as follows:

1.      I have authority to answer these interrogatories on behalf of Plaintiff SPEEA.

2.      I have read the above and foregoing interrogatories and corresponding answers; these answers are SPEEA's answers based on its knowledge; and the answers are true and correct.

_____          _____

Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SOCIETY OF PROFESSIONAL
ENGINEERING EMPLOYEES IN
AEROSPACE, IFPTE LOCAL 2001, et al.

                Plaintiffs,                    **No. 05-CV-1251 MLB**

v.

BOEING CO., et al.
                Defendants.
_____/

**RESPONSE TO BOEING DEFENDANTS' THIRD INTERROGATORIES TO**
**INDIVIDUAL PLAINTIFFS AND HARKNESS-CLASS PLAINTIFFS**

The Individual Plaintiffs and Harkness Class Representatives (hereinafter "Plaintiffs")

hereby respond to the Boeing Defendants' Third Interrogatories to Individual Plaintiffs and

Harkness-Class Plaintiffs.

**GENERAL OBJECTIONS AND RESPONSES**

1.      Plaintiffs object to these Interrogatories to the extent they seek responses from

individual Harkness Class members.  Instructions demanding that each individual Harkness

Class member provide separate Answers to Interrogatories when the Harkness Class members

have not yet been identified and when no individual Plaintiff was served with Interrogatories are

unduly burdensome and otherwise impractical and inappropriate.

2.      Plaintiffs object to these Interrogatories to the extent that they could be read to

make inquiries of Plaintiffs' counsel.  Plaintiffs object to these Interrogatories to the extent that

they could be read to seek counsel's mental impressions, conclusions, legal opinions or theories.

*See Hickman v. Taylor*, 329 U.S. 495 (1947).  Plaintiffs further object to these Interrogatories to

the extent that they could be read to request information revealed in confidence for the purpose

**EXHIBIT**

**I**

of obtaining legal services or opinions, and thus would object to these Interrogatories to the extent that they could be read to seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity or protection from discovery.

2.      Plaintiffs object to the instructions and definitions contained in the Boeing Defendants' Third Interrogatories to Individual Plaintiffs and Harkness-Class Plaintiffs to the extent that they seek to impose obligations on Plaintiffs greater than or inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Kansas.

3.      Plaintiffs object to these Interrogatories to the extent they seek materials and information that are neither relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence regarding such claims and defenses.

4.      Plaintiffs object to these Interrogatories to the extent they are vague, overbroad, or not limited in scope to a particular time period relevant to the claims or defenses in this case. Plaintiffs will, however, reasonably attempt to answer these Interrogatories to the extent they are proper and not ambiguous.

5.      Plaintiffs' responses (and any further objections or responses to these discovery requests or their subject matter) are made without waiver of, and with preservation of:

a.      All questions as to competency, relevance, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceeding in this matter (including the trial of this lawsuit), and in any other lawsuit or proceedings;

b.      The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this lawsuit) and in any other lawsuit or proceeding; and

c.      The right to object on any ground at any time to a demand or request for the further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the requests herein responded to.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1.** Identify by full name each individual that you contend is a member of the class certified by the Court on July 14, 2008, including the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person. To the extent that this information is provided in response to the interrogatories directed to the union plaintiffs, it need not be provided again in response to this interrogatory, provided the Harkness-class Plaintiffs adopt the union response. To the extent that this information is not provided in response to the interrogatories directed to the union plaintiffs, then it must be provided here, but one response on behalf of all of the Harkness-class Plaintiffs is sufficient.

**ANSWER:**  Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad.  Plaintiffs object that the Interrogatory calls for legal conclusions.  Plaintiffs further object that the request is vague in requesting "the identity of any claimants to the funds/benefits sought in this case, such as an estate, a surviving spouse, child, or other person," which request is also partially objectionable in calling for possible legal conclusions to be drawn.  Plaintiffs further object that the request as written imposes undue burdens on Plaintiffs when the information could be more

readily attained by other means. Subject to and without waiving these objections, Plaintiffs answer as follows:

In this case, the Plaintiffs have already requested that Spirit provide them with the information requested in this Interrogatory. Plaintiffs have also requested that Spirit provide contact information for all individuals who may be class members. Once Spirit has done so, and Plaintiffs have had an opportunity to review what Spirit provides, Plaintiffs may be able to supply a more complete answer to this Interrogatory.

**INTERROGATORY NO. 2.** Other than Boeing or Spirit, please identify all other employers you have had at any time since June 17, 2005, identifying your specific dates of employment with each such employer, and if you are no longer employed by any such employer, please state the date and the reason you became separated from your employment with that employer (including whether your separation was voluntary or involuntary).

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory on the grounds that it calls for the discovery of information about other employment held by the Plaintiffs which is not relevant to the Plaintiffs' claims generally or those of any of them. Plaintiffs further object to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence at any trial that may occur in this matter. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad.

Subject to and without waiving those objections, Plaintiffs state that since June 17, 2005, the Harkness Class Representatives have not had any other employer but Spirit.

Plaintiffs further state that employment information for the Individual Plaintiffs is as follows:

4

- **Michael McCartney** –

  Employer: Wyatt and Associates
  Location: Wichita, KS
  Job Title: Engineer, Aerospace Structures analysis
  Length of Employment: June 2005 to January 2008

  Employer: Self – McCartney Consulting Enterprises
  Location: Wichita, KS
  Job Title: Consultant, Aerospace Structures analysis
  Length of Employment: January 2008 to May 2010

- **Norris Palmer** –

  Employer: Self
  Location: Wichita, KS
  Job Title: Freelance mechanic, electrician, welder
  Length of Employment: June 2005 to approximately 2010

  Employer: Oxford Township
  Location: Oxford, KS
  Job Title: Maintenance
  Length of Employment: 2005 to 2008, approximately 20 hours/month

  Employer: RL's Tank Truck Service
  Location: Wichita, KS
  Job Title: Driver, Mechanic and Secretary
  Length of Employment: 2008 to 2010, approximately 10 hours/week

- **Brad Stevens** –

  Employer: Coffeyville Resources Refining & Marketing
  Location: Coffeyville, KS
  Job Title: started as a Laborer, now works as a Mechanical Inspector
  Length of Employment: March 2006 to present

- **Margaret Wieland** –

  Ms. Wieland has occasionally performed work as an instructor on
  an independent contractor basis for JoAnn's Fabrics beginning in
  February 2013.  Otherwise, she has not been employed since
  leaving Boeing in 2005.

- **James Boone** –

  Employer: Office Depot

Length of Employment: approximately August 1, 2005 to December 1, 2005

Employer: Sam's Club
Location: Rocky Mount, North Carolina
Job Title: Auditor
Length of Employment: January 2006 to March 2006

Employer: City of Rocky Mount
Location: Rocky Mount, North Carolina
JobTitle: Waste Water Plant Operator
Length of Employment: March 2006 to March 31, 2013

- **Gary Leavell** – Mr. Leavell has not been employed since leaving Boeing in 2005.

- **Bruce Carselowey** –

  Employer: Walnut Valley Packing
  Location: El Dorado, KS
  Job Title: Owner
  Length of Employment: Summer 2005 to present

  Employer: Matrix Corp.
  Location: El Dorado, KS
  Length of Employment: Temporary assignment, approximately August 1, 2009 to September 15, 2009.

- **Marsha Gray** –

  Employer: Boeing Military
  Location: Wichita, KS
  Job Title: Transportation Dispatch and Trouble Call
  Length of Employment: September 2005 to May 2006

- **Darlene Kerns** –

  Employer: White's Food Distribution
  Location: Wichita, KS
  Job Title: Stock and Carry out person
  Length of Employment: January 2006 to March 2006

  Employer: USD 265 School District
  Location: Goddard, KS
  Job Title: Building Engineer
  Length of Employment: May 2006 to present

- **Randall McFarland** –

6

Employer: Self, McFarland Research and Development
Location: Wichita, KS
Job Title: Owner
Length of Employment: July 2005 to present

- **Larry Moore** – Mr. Moore has not worked since leaving Boeing in June 2005.

- **Russell Norman** –

  Employer: Kansas Electric
  Location: Newton, KS
  Job Title: Inventory Control
  Length of Employment: April 4, 2006 to April 21, 2006
  Employer: Halliburton
  Location: Duncan, OK
  Job Title: Maintenance
  Length of Employment: August 2006 to March 2007

  Employer: Greyhound Race Track
  Location: Wichita, KS
  Job Title: Maintenance
  Length of Employment: June 2007 to October 2007

  Employer: FMI, Inc.
  Location: Wichita, KS
  Job Title: Truck driver and maintenance
  Length of Employment: December 2007 to present

- **James Queen** –

  Employer: Ducommun AeroStructures
  Location: Parsons, KS
  Job Title: Waterjet Operator
  Length of Employment: June 2005 to November 2005

  Employer: Spirit Aerosystems
  Location: Wichita, KS
  Job Title: Production Operations Specialist
  Length of Employment: December 2005 to December 2010

- **Timothy Sanders** –

  Employer: Butler International
  Location: Wichita, KS
  Job Title: Structures Design, Contract Engineer
  Length of Employment: June 2005 to May 2008

Employer: Spirit Aerosystems
Location: Wichita, KS
Job Title: Structures Design Engineer
Length of Employment: May 2008 to July 2013

- **Marlon Stocking** –

    Employer: L3 Communications Integrated Systems
    Location: Greenville, TX
    Job Title: Systems Engineer
    Length of Employment: June 2005 to February 2007

    Employer: Spirit Aerosystems
    Location: Wichita, Kansas
    Length of Employment: February 2007 to September 2009

    Employer: L3 Communications Missions Systems
    Location: Greenville, TX
    Length of Employment: September 2009 to present

- **William Stoner** –

    Employer: Rail Express
    Location: Newton, KS
    Job Title: Driver
    Length of Employment: Fall 2005, approximately 3 months

    Employer: Hawker Beechcraft
    Location: Wichita, KS
    Job Title: Brake Assembler
    Length of Employment: On or about late 2005 to 2006, approximately 60 days

- **Lisa Wright** –

    Employer: Wachovia Securities
    Location: Kansas
    Job Title: Office Assistant
    Length of Employment: September 21, 2005 to December 1, 2005

    Employer: Kelly Services
    Location: Kansas
    Job Title: Administrative Assistant/Temporary administrative positions
       for various companies
    Length of Employment: 4th Quarter of 2006 to 2nd Quarter of 2008

Plaintiffs will continue to supplement this information as necessary.

**INTERROGATORY NO. 3.** Other than Boeing or Spirit, please identify any and all efforts you have made to obtain employment with any other employer at any time since June 17, 2005, identifying the name and location of the potential employer, the particular efforts you made to obtain that employment, and the date(s) you undertook each of those efforts.

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory on the grounds that it calls for the discovery of information about other employment held by the Plaintiffs which is not relevant to the Plaintiffs' claims generally or those of any of them. Plaintiffs further object to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence at any trial that may occur in this matter. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad.

Subject to and without waiving those objections, Plaintiffs state that since June 17, 2005, the Harkness Class Representatives have not had any other employer but Spirit. Plaintiffs further state that employment information for the Individual Plaintiffs has been provided in response to Interrogatory No. 2 above.

**INTERROGATORY NO. 4.** Please identify your specific dates of employment with Spirit; if you are no longer employed at Spirit, please state the date and the reason you became separated from your employment with Spirit (including whether your separation was voluntary or involuntary).

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad. Subject to and without waiving those objections, Plaintiffs answer that they have requested this information from the Spirit Defendants and have not yet received a response. Plaintiffs reserve the right to

supplement this response once the requested information from Spirit is obtained.  Plaintiffs

further respond as follows:

1.      **Harkness Class Representatives:** With the exception of David and Jene

Lewandowski, all of the Harkness Class Representatives have worked for Spirit from June 17,

2005 to present.  Mr. and Mrs. Lewandowski were employed with Spirit from June 17, 2005 to

August 31, 2006, when they voluntarily separated.

2.      **Individual Plaintiffs:**

Michael McCartney – May 2010 to present

James Queen – December 2005 to December 2010 (separation voluntary)

Tim Sanders – May 2008 to July 2013 (separation involuntary layoff)

Marlon Stocking – February 2007 to September 2009 (separation voluntary)

**INTERROGATORY NO. 5.** Please state whether you have retired from Spirit. If you

have retired from Spirit, please provide the following information:

a.   The date you retired;

b.   Your age as of the date you retired;

c.    Each retirement and/or pension plan from which you have received, are receiving,

and/or will receive benefits;

d.   The benefit option you selected for payment of your benefits from each retirement

and/or pension plan from which you have received or will receive benefits;

e.   The monthly amount (or lump sum) of your retirement/pension benefit under each

plan (including whether the amount has changed over time and the amount at each point in time);

f.    If you were represented by the IAM or IBEW, identify the value of your 401(k)

investments with the IAM National 401(k) Plan on the date of your retirement from Spirit;

g.   If you were represented by SPEEA, identify the value of your 401(k) plan on the date of your retirement from Spirit;

h.   Whether you participated in Spirit's medical plan, and, if you participated, which option(s) you chose, and the amount of premiums, deductibles, co-pays, or out-of-pocket expenses you have paid; and

i.   Whether you elected (and, if not, why not) to participate in the retiree-medical plan, and, if you participated, which option(s) you chose and the amount of premiums, deductibles, co-pays, or out-of-pocket expenses you have paid.

**ANSWER:**  Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad.

Subject to and without waiving those objections, Plaintiffs answer that they have requested this information from the Spirit Defendants and have not yet received a response. Plaintiffs reserve the right to supplement this response once the requested information from Spirit is obtained.

Plaintiffs further respond that with the exception of David and Jene Lewandowski, none of the Harkness Class Representatives has retired from Spirit.  None of the Individual Plaintiffs has retired from Spirit.

With regard to David and Jene Lewandowski, Plaintiffs answer subparts A-I as follows:

a.      The date you retired:  August 31, 2006

b.      Your age as of the date you retired: Both David and Jene Lewandowski were age 55 at the time of their retirement.

c.       Each retirement and/or pension plan from which you have received, are receiving, and/or will receive benefits:   Spirit Pension Plan for former Boeing employees.

11

d.      The benefit option you selected for payment of your benefits from each retirement and/or pension plan from which you have received or will receive benefits:  Option 4.

e.      The monthly amount (or lump sum) of your retirement/pension benefit under each plan (including whether the amount has changed over time and the amount at each point in time):

David Lewandowski = $2213.66 (per month, September 2006 – July 2013)

JeNe Lewandowski = $2966.05 (per month, September 2006 – July 2013)

f.      If you were represented by the IAM or IBEW, identify the value of your 401(k) investments with the IAM National 401(k) Plan on the date of your retirement from Spirit: Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further object to this Interrogatory on the grounds that it calls for the discovery of information about other employment benefits which are not relevant to the Plaintiffs' claims generally or those of any of them.  Plaintiffs further object to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence at any trial that may occur in this matter.  Plaintiffs further object to this Interrogatory subpart as vague, burdensome and overbroad.

g.      If you were represented by SPEEA, identify the value of your 401(k) plan on the date of your retirement from Spirit: Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further object to this Interrogatory on the grounds that it calls for the discovery of information about other employment benefits which are not relevant to the Plaintiffs' claims generally or those of any of them.  Plaintiffs further object to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence at any trial that may occur in this matter.  Plaintiffs further object to this Interrogatory subpart as vague, burdensome and overbroad.

12

h.   Whether you participated in Spirit's medical plan, and, if you participated, which option(s) you chose, and the amount of premiums, deductibles, co-pays, or out-of-pocket expenses you have paid:  Both David and Jene Lewandowski participated in Spirit's medical plan for active employees from June 17, 2005 to August 31, 2006.  The Lewandowskis chose the "PHS HMO/POS" option.  They do not know the costs associated with this option. Plaintiffs have requested this information from the Spirit Defendants and have not yet received a response. Plaintiffs reserve the right to supplement this response once the requested information from Spirit is obtained.

i.   Whether you elected (and, if not, why not) to participate in the retiree-medical plan, and, if you participated, which option(s) you chose and the amount of premiums, deductibles, co-pays, or out-of-pocket expenses you have paid:  Both David and Jene Lewandowski have participated in Spirit's retiree-medical plan from September 1, 2006 to the present.  They chose the "PHS HMO/POS" option.  See Answer to Interrogatory 8 for information about costs.

**INTERROGATORY NO. 6.** Please identify the date on which you would have retired from Boeing if you had been classified as "laid off" following Boeing's sale of its BCA Wichita Division to Spirit in June 2005 and the benefit option you would have selected (i.e., lump sum, level-benefit option, or qualified joint and survivor immunity).

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad.  Plaintiffs also object that the request as posed is difficult to answer because Defendants have not presented Plaintiffs with the information typically provided to employees making such a decision.

13

Plaintiffs also object that they have not yet received answers to information requested in this case from other entities.

Subject to and without waiving those objections, and without the benefit of the information typically provided to prospective retirees, Plaintiffs answer that they would have retired from Boeing on the date and with the benefit option that made the best economic sense for them at that time.

**INTERROGATORY NO. 7.**  Please identify the dates during which you were:

a.  A participant in Spirit's medical plan for employees; and/or

b.  A participant in Spirit's medical plan for retirees.

**ANSWER:**

a.      With the exception of David and Jene Lewandowski, each of the Harkness Class Representatives has been a participant in the Spirit medical plan for employees from June 17, 2005 to the present.  Mr. and Mrs. Lewandowski were participants in the Spirit medical Plan for employees from June 17, 2005 to August 31, 2006.   The following Individual Plaintiffs were participants in the Spirit medical plan during the time periods indicated: Michael McCartney (May 2010 to present), James Queen (December 2005 to December 2010), Tim Sanders (May 2008 to July 2013) and Marlon Stocking (February 2007 to September 2009).

b.      Plaintiffs David and Jene Lewandowski have participated in Spirit's medical plan for retirees from September 1, 2006 to present.

**INTERROGATORY NO. 8.** Please identify each premium, deductible, co-pay, and out-of-pocket medical or healthcare related expenses you incurred while you were:

a.  A participant in Spirit's medical plan for employees; and/or

b.  A participant in Spirit's medical plan for retirees.

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory as vague, burdensome and overbroad.

Subject to and without waiving those objections, Plaintiffs answer that they have requested this information from the Spirit Defendants and have not yet received a response. Plaintiffs reserve the right to supplement this response once the requested information from Spirit is obtained.

Plaintiffs further answer as follows based on information currently available:

| Plaintiff | Total | See Document Nos. |
|---|---|---|
| Michael Baker | Premiums incurred = approximately $4,000 from July 2005-YTD. No other deductible, co-pay or other expenses. | PLTF100706-100714 |
| David Harkness | Premiums incurred = approximately $15,511.20; co-pays = approximately $480.00; out-of-pocket costs = approximately $1,328.09. | PLTF100474-100490 |
| William Hartig | Plaintiff Hartig is still calculating the premium amounts incurred.  He estimates that the deductibles paid equal the maximum allowable each year. | No responsive documents |
| David Lewandowski | Premiums incurred while a participant in Spirit's medical plan for retirees = approximately $37,662.43.  Unable to confirm other out of pocket costs at this time. | PLTF100548, 100704-100705 |
| Jene Lewandowski | Premiums incurred while a participant in Spirit's medical plan for retirees = approximately $37,662.43. Unable to confirm other out of pocket costs at this time. | PLTF100549, 100704-100705 |
| Ronald Owens | Premiums incurred = approximately $12,000; co-pays = approximately $1,520; out-of-pocket costs = approximately $3,708. | No responsive documents |
| Richard Pullen | Premiums incurred = approximately $3,756.40 from 2010 through June 2013. Plaintiff Pullen is still trying to confirm premiums paid for years prior to 2010. | PLTF100802-100805 |
| Donna Zagonel | Premiums incurred = 2005 (Med/Dental) – $696.00/54.00 2006 – $1,461.85/109.65 2007 – $1,770.00/109.20 | PLTF100880-100938 |

15

| | | |
|---|---|---|
| | 2008 – $2015.40/106.80<br>2009 – $2042.40/102.60<br>2010 – $1427.90/77.90<br>2011 – $520.20/49.20<br>2012 – $517.80/45.60<br>2013 (YTD) – $292.70/22.80<br><br>Co-pays = approximately $4,274.96<br>Out of pocket expenses = approximately $1781.90 | |
| Michael McCartney | Plaintiff McCartney is still trying to determine the amount of premiums incurred while he has been a participant in Spirit's medical plan for employees. | No responsive documents |
| James Queen | Plaintiff Queen is still trying to determine the amount of premiums incurred while he was a participant in Spirit's medical plan for employees. | PLTF100806-100863 |
| Timothy Sanders | Plaintiff Sanders is still trying to determine the amount of premiums incurred while he was a participant in Spirit's medical plan for employees.  He estimates $18,586.47 in other health care related expenses since June 2005. | PLTF100948-100951 |
| Marlon Stocking | Plaintiff Stocking is still trying to determine the amount of premiums incurred while he was a participant in Spirit's medical plan for employees. | No responsive documents |

**INTERROGATORY NO. 9.** Other than the expenses identified in response to Interrogatory No. 8, identify all other out-of-pocket medical or healthcare related expenses incurred since June 2005.

**ANSWER:**

| Harkness Class Representative | Total | See Document Nos. |
|---|---|---|
| Michael Baker | N/A | -- |
| David Harkness | N/A | -- |
| William Hartig | N/A | -- |
| David Lewandowski | N/A | -- |
| Jene Lewandowski | N/A | -- |
| Ronald Owens | N/A | -- |
| Richard Pullen | N/A | -- |
| Donna Zagonel | N/A | -- |

| Individual Plaintiff | Total | See Document Nos. |
|---|---|---|
| Michael McCartney | 2006  $8780.68<br>2007  $14630.69<br>2008  $13936.67<br>2009  $13948.68<br>2010  $4356.77 | No responsive documents produced herewith.  Plaintiff McCartney is still gathering responsive documents. |
| Norris Palmer | $145,127.86 | PLTF100715-100801. Plaintiff Palmer is still gathering additional responsive documents. |
| Bradley Stevens | Plaintiff Stevens is still trying to determine the amount of healthcare related expenses incurred while he has been a participant in his employer's medical plan for employees. | PLTF100302-100306, 100878-100879 |
| Margaret Wieland | None | No responsive documents. |
| James Boone | None | No responsive documents. |
| Gary Leavell | Estimated $2,000 in payments made to VA for healthcare expenses. Plaintiff Leavell is still trying to confirm this information. | No responsive documents produced herewith. |
| Bruce Carselowey | Premiums incurred – Total $67,059.22. Plus co-pays and other expenses (see documents). | PLTF100307-100473 |
| Marsha Gray | None | No responsive documents. |
| Darlene Kerns | Premiums paid from 2006 to 2012 = approximately $6,480. | No responsive documents. |
| Randall McFarland | Premiums paid from June 2005 through July 2013 = $136,108.27<br><br>Co-pays and other out of pocket expenses since June 2005 = $43,995.01 | PLTF100491-100547, 100553-100703, 100864-100877 |
| Larry Moore | Out of pocket costs since June 2005 = approximately $7307.20. | PLTF100939-100947 |
| Russell Norman | Plaintiff Norman estimates that his | No responsive documents produced herewith. |

17

| | | |
|---|---|---|
| | premium costs have been approximately $18038.66. He is still trying to determine the amount of healthcare related expenses incurred while he has been a participant in his employer's medical plan for employees. | |
| James Queen | Plaintiff Queen refers to the documents produced herewith. | PLTF100806-100863 |
| Timothy Sanders | Plaintiff Sanders estimates $18,586.47 in other healthcare related expenses since June 2005. | PLTF100948-100951 |
| Marlon Stocking | Plaintiff Stocking refers to the documents produced herewith. | PLTF100550-100552 |
| Lisa Wright | None | No responsive documents |

**INTERROGATORY NO. 10.** Please identify the full name of any spouse or domestic partner you have had since June 17, 2005, and state whether that person has been an employee of Boeing and/or Spirit at any time since June 17, 2005, and the dates of that person's employment with Boeing and/or Spirit.

**ANSWER:**

| Harkness Class Rep | Name of Spouse/Partner | Boeing/Spirit Employment |
|---|---|---|
| Michael Baker | Connie Elizabeth Baker | Spirit employee, 6/17/2005 to present |
| David Harkness | N/A | -- |
| William Hartig | N/A | -- |
| David Lewandowski | Jene Lewandowski | Spirit employee, 6/17/2005 to 8/31/2006 |
| Jene Lewandowski | David Lewandowski | Spirit employee , 6/17/2005 to 8/31/2006 |
| Ronald Owens | Charlotte Owens | N/A |
| Richard Pullen | Linda A. Pullen | N/A |
| Donna Zagonel | N/A | N/A |

| Individual Plaintiff | Name of Spouse/Partner | Boeing/Spirit Employment |
|---|---|---|
| Michael McCartney | Martha M. McCartney | Not employed by Boeing or Spirit |
| Norris Palmer | Delva J. Palmer | Not employed by Boeing or Spirit |
| Bradley Stevens | Sherry A. Stevens | Not employed by Boeing or Spirit |
| Margaret Wieland | Richard A. Wieland | Not employed by Boeing or Spirit |
| James Boone | Soretta K. Boone | Not employed by Boeing or Spirit since June 17, 2005. Soretta Boone previously worked for Boeing; she retired on or about 1/4/2003. |
| Gary Leavell | N/A | -- |
| Bruce Carselowey | Nancy Carselowey | Not employed by Boeing or Spirit. |
| Marsha Gray | Kenneth D. Gray | Kenneth Gray was employed by Boeing from approximately October 1973 to May 1, 2006, when he retired. |
| Darlene Kerns | Ron Kerns | Not employed by Boeing or Spirit since June 17, 2005. Ron Kerns previously worked for Boeing; he retired on or about March 2005. |
| Randall McFarland | Korla McFarland | Not employed by Boeing or Spirit. |
| Larry Moore | Charlotte Moore | Not employed by Boeing or Spirit. |
| Russell Norman | Linda G. Norman | Not employed by Boeing or Spirit. |
| James Queen | Rebecca L. Queen | Not employed by Boeing or Spirit. |
| Timothy Sanders | Terri L. Sanders | Employed by Spirit from October 2011 to present. |
| Marlon Stocking | Chong Stocking | Not employed by Boeing or Spirit. |
| Lisa Wright | Jess V. Wright | Jess Wright was employed by Boeing from approximately April 1986 to March 2007, when he retired. |

**INTERROGATORY NO. 11.** State whether your spouse was a participant in any health or medical plan at any employer since June 2005 from which you received, or were eligible to receive, benefits.

**ANSWER:**

| Harkness Class Rep | Name of Spouse/Partner | Employer-Provided Health Plan |
|---|---|---|
| Michael Baker | Connie Elizabeth Baker | Spirit |
| David Harkness | N/A | -- |
| William Hartig | N/A | -- |
| David Lewandowski | Jene Lewandowski | Spirit |
| Jene Lewandowski | David Lewandowski | Spirit |
| Ronald Owens | Charlotte Owens | Not a participant in any other plan |
| Richard Pullen | Linda A. Pullen | Not a participant in any other plan |
| Donna Zagonel | N/A | N/A |

| Individual Plaintiff | Name of Spouse/Partner | Employer-Provided Health Plan |
|---|---|---|
| Michael McCartney | Martha M. McCartney | Not a participant in any employer-provided health plan. |
| Norris Palmer | Delva J. Palmer | Not a participant in any employer-provided health plan. |
| Bradley Stevens | Sherry A. Stevens | Brad Stevens was covered by Sherry Stevens' employer -provided coverage from January – April 2006. |
| Margaret Wieland | Richard A. Wieland | Margaret Wieland has been covered by Richard Wieland's employer-provided coverage since June 2005. |
| James Boone | Soretta K. Boone | James Boone has been covered by Soretta Boone's Boeing retiree medical coverage since June 2005. |
| Gary Leavell | N/A | -- |
| Bruce Carselowey | Nancy Carselowey | Bruce Carselowey has been covered by Nancy Carselowey's employer-provided coverage since approximately June 2005. |
| Marsha Gray | Kenneth D. Gray | Marsha Gray has been covered by Kenneth Gray's Boeing employee and retiree medical coverage since June 2005. |
| Darlene Kerns | Ron Kerns | Darlene Kerns has been covered by Ron Kern's Boeing retiree medical coverage since June 2005. |
| Randall McFarland | Korla McFarland | Not a participant in any employer-provided health plan. |
| Larry Moore | Charlotte Moore | Charlotte Moore had employer-provided coverage under which Larry Moore could have been covered. Mr. Moore was not covered under this plan because the coverage too expensive. |
| Russell Norman | Linda G. Norman | Russell Norman has been covered by Linda Norman's employer-provided coverage at various times when he was not employed since June 2005. He has had his own employer-provided coverage since approximately December 2007. |
| James Queen | Rebecca L. Queen | Rebecca L. Queen is a participant in an employer-provided plan under which James Queen is eligible to receive coverage. |
| Timothy Sanders | Terri L. Sanders | Terri Sanders is now a participant in the Spirit plan for employees.  Prior to her employment with Spirit in 2005, she was also a participant in an employer-provided plan under which Tim Sanders was eligible |

| | | to participate. |
|---|---|---|
| Marlon Stocking | Chong Stocking | Not a participant in any employer-provided health plan. |
| Lisa Wright | Jess V. Wright | Lisa Wright has been covered by Jess Wright's Boeing retiree medical coverage since 2007. |

**INTERROGATORY NO. 12.** If you were represented by the IAM or the IBEW, and in connection with Spirit's public stock offering, identify the amount of cash you received at the time of that offering, the amount of Spirit stock you received at the time of that offering, and the market value of the stock received at the time of that offering.

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory on the grounds that it calls for the discovery of information about other employment benefits which are not relevant to the Plaintiffs' claims generally or those of any of them. Plaintiffs further object to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence at any trial that may occur in this matter. Plaintiffs further object to this Interrogatory subpart as vague, burdensome and overbroad. Subject to and without waiving those objections, Plaintiffs refer to Judge Belot's findings regarding the Spirit stock offering in his December 11, 2012 Order (Doc. 581 at 7 and n.12).

**INTERROGATORY NO. 13.** Identify any early retirement programs in which you have participated, or were eligible to participate, since June 2005. Describe the eligibility for any such program and its terms, including the amount, frequency, and source of any payments under the program.

**ANSWER:** Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs further object to this Interrogatory on the grounds that it calls for the discovery of information about other employment benefits which are not relevant to the Plaintiffs' claims generally or those of any of them.  Plaintiffs further object to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence at any trial that may occur in this matter.  Plaintiffs further object to this Interrogatory subpart as vague, burdensome and overbroad.  Plaintiffs stand on their objections.

Subject to and without waiving those objections, Plaintiff Donna Zagonel was offered the opportunity to participate in an early retirement option offered by Spirit in June 2010.  The option was offered to certain individuals who were 55 years or older.  Plaintiff Zagonel was offered $30,000 to be distributed over a six-month period at $5,000 per month. Plaintiff Zagonel did not apply for the early retirement option as it did not include retiree medical coverage.

Respectfully submitted,

Dated August 23, 2013

Tom E. Hammond (#10242)
Hammond, Zongker & Farris LLC
727 N. Waco Street, Suite 200
P.O. Box 47370
Wichita, KS  67201
Tel.  (316) 262-6800  Fax (316) 262-3770

Arlus J. Stephens (DC #478938)
Renee M. Gerni (DC #979573)
Murphy Anderson PLLC
1701 K Street NW, Suite 210
Washington, DC  20006
Tel. (202) 223-2620  Fax (202) 223-8651

William T. Payne (PA #38083)
Joel R. Hurt (PA #85841)
Feinstein, Doyle, Payne & Kravec, LLC

22

The Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel. (412) 281-8400
Fax (412) 281-1007

By: s/ Arlus J. Stephens

Attorneys for Plaintiffs

**VERIFICATION**

I am an attorney representing the Plaintiffs in this matter, and as such am qualified to respond to the interrogatories herein.  I have made responses to the foregoing interrogatories and the responses are true and correct, and I am authorized to answer on behalf of the Harkness Class Representatives and Individual Plaintiffs.

Dated: August 23, 2013

    s/ Arlus J. Stephens
Arlus J. Stephens

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2013, I electronically served the foregoing Plaintiffs'

Responses to the Boeing Defendants Third Interrogatories to Individual Plaintiffs and Harkness-

Class Plaintiffs by sending the same via electronic mail to the following:

| | |
|---|---|
| William J. Kilberg | Email:  wkilberg@gibsondunn.com |
| Paul Blankenstein | Email:  pblankenstein@gibsondunn.com |
| Jason J. Mendro | Email:  jmendro@gibsondunn.com |
| | |
| Boyd Byers | E-mail: bbyers@foulston.com |
| James M. Armstrong | E-mail: jarmstrong@foulston.com |
| Charles McClellan | E-mail: cmcclellan@foulston.com |

<u>s/Arlus J. Stephens</u>

Arlus J. Stephens

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, et al. | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 05-CV-01251-MLB-KMH |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| DAVID A. HARKNESS, on behalf of himself and all others similarly situated, et al., | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07-CV-01043-MLB-KMH |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs hereby make their initial disclosures pursuant to Fed. R. Civ.

P. 26(a)(1).  Plaintiffs reserve the right to supplement these disclosures as the

case progresses.

**EXHIBIT**

**J**

Pursuant to Rule 26(a)(1)(A)(i), Plaintiff identifies the following individuals who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses. Each of these individuals, besides the named Plaintiffs themselves, is either a Plaintiff or has an association with the Plaintiffs as either an officer, employee or member, and each may be contacted through counsel:

- All Plaintiffs

- All individuals disclosed by the Defendants

- Bob Brewer, SPEEA Midwest Director: information regarding bargaining with Boeing and Spirit and events surrounding the sale of the Commercial Division facility.

- Bill Hartig, SPEEA Midwest Vice President: information regarding bargaining with Boeing and Spirit and events surrounding the sale of the Commercial Division facility.

- Kurt Hanson, SPEEA Assistant Executive Director: information regarding bargaining with Boeing.

- Steve Rooney, IAM Directing Business Representative in Wichita: information regarding bargaining and benefits history and re the events regarding the sale and events since

- Dick Schneider, former IAM Aerospace Coordinator: information regarding bargaining and benefits history and regarding the sale

- Ron Eldridge, IAM Aerospace Coordinator: information regarding bargaining and benefits history and regarding the sale

- James Davis, Business Manager of IBEW Local 271: information about bargaining and benefits history and regarding the sale

- Rich Plunkett, SPEEA employee: information regarding benefits history and dealings with Boeing

Pursuant to Rule 26(a)(1)(A)(ii), the Plaintiffs identify the following documents, data compilations, and tangible things that are in its possession, custody, or control and that it may use to support their claims or defenses, unless solely for impeachment.  These disclosures supplement any documents previously disclosed by any party. Plaintiffs further reserve the right to supplement these disclosures as needed:

- collective bargaining agreements between IAM, SPEEA and/or IBEW with Boeing  or Spirit

- Plan documents for the Boeing and Spirit employee-benefit funds

- Materials sent to Plaintiffs and/or Plaintiffs counsel as part of the plan exhaustion process

- Documents regarding recall and recall rights of employees

- Documents regarding IAM grievance over denial of bridge

- Documents provided by Boeing to the employees and/or their unions regarding the divestiture

- Documents provided by Spirit to the employees and/or their unions regarding the divestiture

- Documents related to Boeing divestitures at Corinth, Texas; Irving, Texas; and Spokane, Washington

Plaintiffs will update these disclosures as such becomes necessary.

Pursuant to Rule 26(a)(1)(A)(iii), Plaintiffs do not at this time have for disclosure a computation of any category of damages.

Plaintiffs make these disclosures based on the information available to them at this time. Plaintiffs will act promptly to update or otherwise supplement these disclosures as needed.

Dated: May 16, 2008                    Respectfully,

                                        s/ Arlus J. Stephens
                                       Arlus J. Stephens
                                       Keira M. McNett
                                       Davis, Cowell & Bowe LLP
                                       1701 K Street NW, Suite 210
                                       Washington, DC 20006
                                       (202) 223-2620
                                       (202) 223-8651 (fax)

s/ Tom E. Hammond
Tom E. Hammond (#10242)
tehammond1@yahoo.com
Hammond, Zongker & Farris LLC
727 N. Waco Street, Suite 200
P.O. Box 47370
Wichita, KS 67201
(316) 262-6800
(316) 262-3770 (fax)

William T. Payne (PA #38083)
wpayne@stemberfeinstein.com
Joel R. Hurt (PA #85841)
jhurt@stemberfeinstein.com
Stember Feinstein Doyle & Payne, LLC
The Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
412-281-8400; 412-281-1007 (fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, IFPTE LOCAL 2001, AFL-CIO, et al. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1251-MLB-KMH |
| THE BOEING COMPANY, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| DAVID A. HARKNESS, on behalf of himself and all others similarly situated, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-CV-1043-MLB-KMH |
| THE BOEING COMPANY, et al. | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**PLAINTIFF IAM'S RESPONSE TO DEFENDANT BOEING'S FIRST
INTERROGATORIES TO PLAINTIFF IAM**

Plaintiff IAM, through counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby responds to Defendant Boeing's "First Interrogatories to Plaintiff IAM." These answers and objections represent Plaintiff's best effort at this stage of the litigation and are expressly made without prejudice to Plaintiff's right to amend, supplement, correct or clarify the answers as further information comes to light.

EXHIBIT

K

other means as well.  This allegation does not refer to particular words uttered by specific Boeing

managers, although discovery not yet conducted may reveal such instances.

**INTERROGATORY NO. 5:** For each claim in the First Amended Complaint, identify

the factual basis for your claim that damages should be awarded and specify the type of damages

you seek. Identify with specificity by each claim (a) the injunctive relief you seek, (b) the

declaratory relief you seek, and (c) the monetary relief you seek.

**ANSWER:** The IAM objects to this Interrogatory on the grounds stated in the general

objections, and specifically on the grounds that it calls for the discovery of information not

reasonably calculated to lead to admissible evidence at any trial that may occur in this case.  The

IAM further objects to this Interrogatory to the extent it could be read to call for the production of

attorney work product in the form of his mental processes and thoughts on legal claims.  The

IAM further objections to this Interrogatory on the grounds that it is overbroad to the extent that it

asks the IAM to address claims asserted on behalf of Plaintiff SPEEA.  Moreover, during the

parties' Rule 26(f) conference, and at the suggestion of Boeing's attorneys, it was agreed that

discovery would be limited to the question of liability for the claims pertaining to the individuals

covered in the Harkness class.  This limitation was specifically incorporated into the Rule 26

report and was adopted by the Court on page 3 of its May 1st scheduling order. Because the

parties expressly agreed not to engage in discovery of remedial questions, and instead to focus

solely on liability issues, and because the Court incorporated this limitation into its Order, and

because the IAM has not adopted final positions on remedy given the discovery limitations, the

IAM objects to this Interrogatory.  Subject to and without waiving these and all other objections,

and with the caveat that the answer provided is made without the benefit of any discovery, the

IAM answers as follows:

The IAM incorporates the answers provided to the previous interrogatories and

incorporates its prayer for relief in the First Amended Complaint.  The IAM fundamentally seeks

to make whole all of the affected employees (i.e., those covered in the Harkness and McCartney

9

classes in the Harkness class action).  This means that the employees should receive what was bargained for, namely the right to retire at age 55 and receive the Early Retirement Pension Benefit (at the appropriate multiplier) and the Early Retirement Health Care Benefit, and the right to engage in whatever employment they might wish (so long as it was not with Boeing), and all other layoff benefits under the agreement.  Although Plaintiff IAM submits that the affected employees were entitled to these benefits, they have not been provided.  Consequently, as employees reach the age of 55 they are not receiving the promised pension and health care benefits, or they are told they may receive a pension only if they quit working at a job they started with another employer after they were laid off from Boeing. Other individuals have incurred debts due to the lack of Boeing-provided health insurance.  The means by which the employees are made whole for Boeing's breaches of the agreement (e.g., injunctions, money damages, etc.) are less important to the IAM than the fact that they are indeed remedied.  Further answering, the IAM notes that the nature of the harm to be remedied is ongoing and changing and the types of remedy that would be appropriate to ensure all employees are made whole cannot be fully known at this stage of proceedings.

**<u>VERIFICATION</u>**

I am an attorney representing the Plaintiff IAM in this matter, and as such am qualified to respond to the interrogatories herein. I have made responses to the foregoing interrogatories and the responses are true and correct, and I am authorized to answer on behalf of the IAM.

Dated: August 18, 2008

  s/ Arlus J. Stephens
Arlus J. Stephens

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SOCIETY OF PROFESSIONAL | ) | |
| ENGINEERING EMPLOYEES | ) | |
| IN AEROSPACE, IFPTE LOCAL | ) | |
| 2001, AFL-CIO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 05-CV-1251-MLB-KMH |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| DAVID A. HARKNESS, on behalf of | ) | |
| himself and all others similarly | ) | |
| situated, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | 07-CV-1043-MLB-KMH |
| | ) | |
| THE BOEING COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF SPEEA'S RESPONSE TO DEFENDANT BOEING'S FIRST
INTERROGATORIES TO PLAINTIFF SPEEA**

Plaintiff SPEEA, through counsel, and pursuant to Federal Rule of Civil

Procedure 33, hereby responds to Defendant Boeing's "First Interrogatories to Plaintiff

SPEEA." These answers and objections represent Plaintiff's best effort at this stage of the

litigation and are expressly made without prejudice to Plaintiff's right to amend,

supplement, correct or clarify the answers as further information comes to light.

**EXHIBIT
L**

websites, and possibly through other means as well.  This allegation does not refer to

particular words uttered by specific Boeing managers, although discovery not yet

conducted may reveal such instances.

**INTERROGATORY NO. 5:** For each claim in the First Amended Complaint,

identify the factual basis for your claim that damages should be awarded and specify the

type of damages you seek. Identify with specificity by each claim (a) the injunctive relief

you seek, (b) the declaratory relief you seek, and (c) the monetary relief you seek.

**ANSWER:** SPEEA objects to this Interrogatory on the grounds stated in the

general objections, and specifically on the grounds that it calls for the discovery of

information not reasonably calculated to lead to admissible evidence at any trial that may

occur in this case.  SPEEA further objects to this Interrogatory to the extent it could be

read to call for the production of attorney work product in the form of his mental

processes and thoughts on legal claims.  SPEEA further objects to this Interrogatory on

the grounds that it is overbroad to the extent that it asks SPEEA to address claims

asserted on behalf of Plaintiff IAM.  Moreover, during the parties' Rule 26(f) conference,

and at the suggestion of Boeing's attorneys, it was agreed that discovery would be limited

to the question of liability for the claims pertaining to the individuals covered in the

Harkness class.  This limitation was specifically incorporated into the Rule 26 report and

was adopted by the Court on page 3 of its May 1st scheduling order. Because the parties

expressly agreed not to engage in discovery of remedial questions, and instead to focus

solely on liability issues, and because the Court incorporated this limitation into its Order,

and because SPEEA has not adopted final positions on remedy given the discovery

limitations, SPEEA objects to this Interrogatory.  Subject to and without waiving these

and all other objections, and with the caveat that the answer provided is made without the benefit of any discovery, SPEEA answers as follows:

SPEEA incorporates the answers provided to the previous interrogatories and incorporates its prayer for relief in the First Amended Complaint.  SPEEA fundamentally seeks to make whole all of the affected employees (i.e., those covered in the Harkness and McCartney classes in the Harkness class action).  This means that the employees should receive what was bargained for, namely the right to retire at age 55 and receive the Early Retirement Pension Benefit (at the appropriate multiplier) and the Early Retirement Health Care Benefit, and the right to engage in whatever employment they might wish (so long as it was not with Boeing), and all other layoff benefits under the agreement.  Although Plaintiff SPEEA submits that the affected employees were entitled to these benefits, they have not been provided.  Consequently, as employees reach the age of 55 they are not receiving the promised pension and health care benefits, or they are told they may receive a pension only if they quit working at a job they started with another employer after they were laid off from Boeing. Other individuals have incurred debts due to the lack of Boeing-provided health insurance.  The means by which the employees are made whole for Boeing's breaches of the agreement (e.g., injunctions, money damages, etc.) are less important to SPEEA than the fact that they are indeed remedied.  Further answering, SPEEA notes that the nature of the harm to be remedied is ongoing and changing and the types of remedy that would be appropriate to ensure all employees are made whole cannot be fully known at this stage of proceedings.

## **VERIFICATION**

I am an attorney representing the Plaintiff SPEEA in this matter, and as such am qualified to respond to the interrogatories herein. I have made responses to the foregoing interrogatories and the responses are true and correct, and I am authorized to answer on behalf of SPEEA.

Dated: August 18, 2008

   s/ Arlus J. Stephens
Arlus J. Stephens

Connect with Us:

Online Member Center
Not a Member?
Click Here to Join
Login

Member Sign In
For Journalists
For Bloggers
Global Sites

Search News Releases

| PR Newswire Services | Knowledge Center | Browse News Releases | Contact PR Newswire | Send a News Release |

See more news releases in Banking & Financial Services | Human Resource & Workforce Management | Aerospace & Defense | Machine Tools, Metalworking and Metallurgy

## Spirit AeroSystems continues salaried workforce reductions, hourly hiring

Share

Follow     More



Spirit AeroSystems logo. (PRNewsFoto/Spirit AeroSystems, Inc.)

WICHITA, Kan., Sept. 12, 2013 /PRNewswire/ -- Spirit AeroSystems, Inc. (NYSE: SPR) today continued its previously announced workforce reductions by issuing layoff notices to approximately 150 salaried and management workers in Wichita, Kan. In addition, a significant number of Spirit salaried employees have expressed interest in voluntary retirement and voluntary layoff programs. The company is offering a lump sum severance payment and career transition services to employees who are laid off, and a lump sum severance payment and enhanced healthcare and pension options to eligible employees who decide to participate in the voluntary retirement program.

(Logo: http://photos.prnewswire.com/prnh/20130515/CG13652LOGO)

At the same time Spirit is reducing its salaried and management population, the company is hiring several hundred more factory workers, including assembly, composite, metals and process mechanics, and quality inspectors. These company actions to balance the workforce are being taken to meet record demand from its customers, and become more competitive in a cost-sensitive environment. Spirit is already producing at record rates and ramping up for further increases later this year and in early 2014. Spirit's backlog remains robust at about $38 billion.

On the web: www.spiritaero.com
On Twitter: @SpiritAero

*About Spirit AeroSystems, Inc.*
*Spirit AeroSystems, with headquarters in Wichita, Kan., USA, is one of the world's largest non-OEM designers and manufacturers of aerostructures for commercial aircraft. In addition to its Wichita and Chanute facilities in Kansas, Spirit has locations in Tulsa and McAlester, Okla.; Kinston, N.C.; Nashville, Tenn.; Prestwick, Scotland; Preston, England; Subang, Malaysia; and Saint-Nazaire, France. In the U.S., Spirit's products include fuselages, pylons, nacelles and wing components. Additionally, Spirit provides aftermarket customer support services, including spare parts, maintenance/repair/overhaul, and fleet support services in North America, Europe and Asia. Spirit Europe produces wing components for a host of customers, including Airbus.*

*Cautionary Statement Regarding Forward-Looking Statements*
*This press release contains forward-looking statements concerning future business operations. Forward-looking statements reflect our current expectations or forecasts of future events. We caution investors not to place undue reliance on any forward-looking statements. Actual results or circumstances may vary materially from those indicated or implied in this press release as a result of certain risks and uncertainties, including our ability to attain the anticipated cost reductions and efficiencies from the announced workforce reduction, the continuation of increased demand from our customers, as well as other risks and uncertainties, including but not limited to those detailed in Spirit AeroSystems Holdings, Inc. Securities and Exchange Commission filings.*

SOURCE Spirit AeroSystems, Inc.

RELATED LINKS
http://www.spiritaero.com

Share     Follow

### More by this Source

Spirit AeroSystems Announces New Board Member
Nov 26, 2013, 07:30 ET

Spirit AeroSystems (Europe) Aftermarket Enters into Cooperation Agreement with Lufthansa Technik
Nov 18, 2013, 21:00 ET

Spirit Investor Relations Director Speaking at Gabelli & Company 19th Annual Aircraft Supplier Conference
Nov 12, 2013, 15:46 ET

View all news by Spirit AeroSystems, Inc.

### Featured Video

2014 North American International Auto Show Reveals Evolution and Revolution of Utility, Luxury and Performance

### Journalists and Bloggers

Visit PR Newswire for Journalists for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on The Digital Center.

Next in Banking & Financial Services News

**Custom Packages**
Browse our custom packages or build your own to meet your unique communications needs.

Start today.

**PR Newswire Membership**
Fill out a PR Newswire membership form or contact us at (888) 776-0942.

**Learn about PR Newswire services**
Request more information about PR Newswire products and services or call us at (888) 776-0942.

Site Preview          Close Site Preview          View FullScreen

EXHIBIT

M



About Us

Company Description
Vision/Mission
Leadership
Global Diversity
History
Locations
Maps & Visitor Information
Community
Products

Investor Relations Supplier Info Careers

Login

Supplier/OEM Customer Login >>
Aftermarket Customer Login >>
Employee Login >>

Media

SPR* price 34.93 [0.13] at 3:21 PM ET on 1/21/2014

Search...

CAPABILITIES

> Design and Build
> Manufacturing Services
> Aftermarket Services

PERFORMANCE

> Investor Relations
> Quality Management System
> Certifications
> EHS Policy

TECHNOLOGY & INNOVATION

> Composites
> Metal Technologies
> Spirit Exact(TM)
> ShadowWorks
> Global Design Challenge

> DEFENSE

COMPANY NEWS
Spirit AeroSystems announces new board member
read more >

INVESTOR NEWS
Spirit AeroSystems releases Q3 earnings results and hosts earnings call
see investor news >

SOCIAL MEDIA

About PR Newswire | Contact PR Newswire | PR Newswire's Terms of Use Apply | Careers | Privacy | Site Map | RSS Feeds | Blog
Copyright © 2014 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.
Powered by Clickability.

| | |
|---|---|
| **From:** | Armstrong, Jim |
| **To:** | astephens@murphypllc.com; Renee Gerni (RGerni@murphypllc.com) |
| **Cc:** | tehammond1@yahoo.com; William J. Kilberg (WKilberg@gibsondunn.com); Byers, Boyd; McClellan, Charles |
| **Subject:** | Friday"s call |
| **Date:** | Monday, January 20, 2014 8:56:06 AM |

Arlus, I write following our call on January 17, in which we discussed a couple of issues that we intend to raise in a motion to compel directed at your discovery responses. You claimed in that call that we have not properly met and conferred on these issues, but I respectfully disagree. In addition to a thorough discussion of the issues in Friday's call, you acknowledged that we had also talked about them in the past. I have now reviewed my file and believe that we talked about these issues on at least two prior occasions—June 24, 2013 and again on October 25. I recognize that June 24 is before you actually filed your discovery responses on August 23, but in the June 24 call, as a part of your request for an extension of time to respond to our discovery, I asked what types of objections you intended to make. One of those we discussed as some length in the June 24 call was your anticipated refusal to answer interrogatories on behalf of each Harkness class member. I have notes of that call, and we discussed this issue in some detail. I believe we again discussed these issues on October 25 in connection with an upcoming call with the mediator. I told you at that time that before the mediation, we needed a more complete response to our interrogatories that asked for plaintiffs' damage model/theories. On both occasions, and again on January 17, you refused to change your position on either issue.

Part of our discussions involved Boeing's need for the requested information. For example, during our most recent call, I pointed out that the individual information from each class member on the status of their health insurance coverage since 2005 is a critical factor in assessing the potential damages in the case. I gave you the example that 4 of the McCartney/Boone plaintiffs, for whom you did provide individual answers, have been covered by their spouse's Boeing retiree medical. If a similar significant percentage of the Harkness class are in the same position, it has a dramatic effect on the damages claimed.

EXHIBIT N

During our discussions, you have stated that no damage class has been certified and that, therefore, you do not represent the Harkness class for damage purposes and they cannot be compelled to provide individual information.  This position, however, ignores the fact that the unions are bringing their 301 claims in a representative capacity on behalf of their members, and the 301 damage claims are directly impacted by this individualized information.

We also believe that the objections you made to our damage model/theories interrogatories are improper and that your answers are deficient.  In our discussions, all you have been willing to tell us is that you want the relief obtained in the Oklahoma arbitration, but this position ignores the fact that this is a different case under different collective bargaining agreements.  Boeing sincerely hopes that the mediation can be productive, but in order for that to happen, we need your position(s) on damages in advance of the mediation itself, so that we can formulate responsive positions.  That is why we served the interrogatories on this subject.  And, of course, if mediation is not successful, we need the information for trial.  There is still enough time before the mediation for us to hopefully reach agreement on this latter issue, and despite the fact that we will go ahead and file our motion to compel this week, we remain ready and willing to discuss this issue with you at any time.  We simply cannot wait any longer to get these issues before the Court.

James M. Armstrong
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
316.291.9576
866.346.1936 FAX
jarmstrong@foulston.com

| | |
|---|---|
| **From:** | Arlus Stephens |
| **To:** | Armstrong, Jim; Renee Gerni |
| **Cc:** | tehammond1@yahoo.com; William J. Kilberg (WKilberg@gibsondunn.com); Byers, Boyd; McClellan, Charles |
| **Subject:** | RE: Friday"s call |
| **Date:** | Monday, January 20, 2014 5:55:29 PM |

Hi Jim,

Please accept this email as a response to some of your key points in your email below.

First, I respectfully do not agree with you regarding conferral.  You are correct that I told you in June 2013 that the Harkness Class representatives intended to object to providing Interrogatory responses on behalf of each Harkness class member.  Among other things, I told you that the Harkness Plaintiffs believed that part of the Interrogatory was improper as a legal matter.  I specifically asked you at that time for legal authority that would support interrogatories to 1,800 class *members* being directed to class *representatives*.  I explained to you that I found the Interrogatory all the more strange since Boeing was insisting that the Harkness class representatives did not and should not represent the Harkness class members for remedy purposes.

Since that time – almost seven months ago – Boeing has yet to provide us with a single legal authority.  I asked you again on Friday and you refused to provide us anything, telling me that I would have to wait to see the legal authorities in the motion you would soon be filing with the Court.  Boeing's approach turns the conferral rule on its head – the purpose of conferring is to avoid filing unnecessary motions with the Court.  If there is decisional law requiring class representatives to hunt down all class members and obtain interrogatory responses from them, we would like to know about it so that we could reconsider our position.  As you wrote below, however, Boeing prefers to file its motion with the Court first and only then confer about it with Plaintiffs.  As for the damages-model Interrogatory, I do not recall you ever expressing to me any alleged legal deficiency with our response until this past Friday afternoon, January 17, 2014.

Second, if the Harkness Class members' Interrogatory is as allegedly important to mediation as you now assert, one must ask why Boeing waited until the 11th hour to follow up and demand its answer.  Plaintiffs have certainly never asked Boeing to wait.  As you admit, Boeing has known Plaintiffs' position since last June 2013.  In addition to legal objections, Plaintiffs explained to Boeing in June 2013 that they had no practical means by which to provide the Interrogatory responses from 1,800 people.  In this vein, it bears repeating that Plaintiffs do not have the answers to this Interrogatory and are simply refusing to share – they actually do not have those Interrogatory answers.  Rather than challenge the Harkness Plaintiffs then or seek the information by other means, Boeing has waited for about seven months, until late January 2014, a time far too late to actually get the responses by April, let alone make any use of them in mediation.

Third, as to the damages interrogatory, I do not believe there is any deficiency that warrants a motion to compel discovery. You will recall that Plaintiffs agreed to supplement their response as the Spirit data came available and could be used in calculations, something I repeated when we spoke on Friday. As of today, we are still waiting for updated responses from Spirit. As for the damages model, I believe my referencing the Oklahoma arbitration model was fully self-explanatory. Plaintiffs believe that model – which is very well known to Boeing and its lawyers -- is fully adaptable here to measure pension damages. When we spoke several months ago, you told me that Boeing thought the Oklahoma model was flawed – not that you did not understand what we were proposing. As I explained on the telephone on Friday, Plaintiffs expect to have different damage models for the lost health insurance coverage: one model would be based on the individual employees' losses; another model would be based on the lost CBA value due to Boeing's breaches of the health-insurance promise. It will be up to the fact finder to choose which model it wants to accept. Plaintiffs expect to supplement this explanation after calculations can be made from the Spirit data and after additional discovery is had from Boeing before trial. Once again, it is unclear what purpose would be served by Boeing filing a motion to compel on this response at this time, particularly when Plaintiffs were previously unaware of any concern from Boeing that there was a deficiency. If Boeing has specific questions, about the Oklahoma arbitration model or something else, Boeing should pose the questions to us rather than filing with the Court a blanket motion to compel a response. Moreover, as we discussed, the parties will be sharing information before the mediation as part of the mediation proceeding, including on damages issues.

In sum, we believe any motion to compel would be legally improper, would violate the Local Rule regarding conferral, would waste the resources of the Court and the parties, and would do nothing to advance this case. Indeed, although the ostensible purpose is to assist with mediation, Boeing's decision to wait until January 2014 to file – while not conferring in the meantime -- alone belies that purpose.

Instead of filing the motion, Plaintiffs again propose to Boeing that the parties actually confer about their disagreements and postpone the filing deadlines for any motions to compel until after mediation.

I will be in the office tomorrow if you would like to discuss further.

Arlus

---

**From:** Armstrong, Jim [mailto:jarmstrong@foulston.com]
**Sent:** Monday, January 20, 2014 9:56 AM
**To:** Arlus Stephens; Renee Gerni

**Cc:** tehammond1@yahoo.com; William J. Kilberg (WKilberg@gibsondunn.com); Byers, Boyd; McClellan, Charles
**Subject:** Friday's call

Arlus, I write following our call on January 17, in which we discussed a couple of issues that we intend to raise in a motion to compel directed at your discovery responses. You claimed in that call that we have not properly met and conferred on these issues, but I respectfully disagree. In addition to a thorough discussion of the issues in Friday's call, you acknowledged that we had also talked about them in the past. I have now reviewed my file and believe that we talked about these issues on at least two prior occasions—June 24, 2013 and again on October 25. I recognize that June 24 is before you actually filed your discovery responses on August 23, but in the June 24 call, as a part of your request for an extension of time to respond to our discovery, I asked what types of objections you intended to make. One of those we discussed as some length in the June 24 call was your anticipated refusal to answer interrogatories on behalf of each Harkness class member. I have notes of that call, and we discussed this issue in some detail. I believe we again discussed these issues on October 25 in connection with an upcoming call with the mediator. I told you at that time that before the mediation, we needed a more complete response to our interrogatories that asked for plaintiffs' damage model/theories. On both occasions, and again on January 17, you refused to change your position on either issue.

Part of our discussions involved Boeing's need for the requested information. For example, during our most recent call, I pointed out that the individual information from each class member on the status of their health insurance coverage since 2005 is a critical factor in assessing the potential damages in the case. I gave you the example that 4 of the McCartney/Boone plaintiffs, for whom you did provide individual answers, have been covered by their spouse's Boeing retiree medical. If a similar significant percentage of the Harkness class are in the same position, it has a dramatic effect on the damages claimed. During our discussions, you have stated that no damage class has been

certified and that, therefore, you do not represent the Harkness class for damage purposes and they cannot be compelled to provide individual information. This position, however, ignores the fact that the unions are bringing their 301 claims in a representative capacity on behalf of their members, and the 301 damage claims are directly impacted by this individualized information.

We also believe that the objections you made to our damage model/theories interrogatories are improper and that your answers are deficient. In our discussions, all you have been willing to tell us is that you want the relief obtained in the Oklahoma arbitration, but this position ignores the fact that this is a different case under different collective bargaining agreements. Boeing sincerely hopes that the mediation can be productive, but in order for that to happen, we need your position(s) on damages in advance of the mediation itself, so that we can formulate responsive positions. That is why we served the interrogatories on this subject. And, of course, if mediation is not successful, we need the information for trial. There is still enough time before the mediation for us to hopefully reach agreement on this latter issue, and despite the fact that we will go ahead and file our motion to compel this week, we remain ready and willing to discuss this issue with you at any time. We simply cannot wait any longer to get these issues before the Court.

James M. Armstrong
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
316.291.9576
866.346.1936 FAX
jarmstrong@foulston.com