FILED
U.S. District Court
District of Kansas

OCT 19 2016

Clerk, U.S. District Court
By MAW  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001, *et al.*, <br><br>  Plaintiffs, <br><br> vs. <br><br> The Boeing Company, *et al.*, <br><br>  Defendants. | )<br>)<br>)<br>)<br>) Civil Action Nos.<br>) 05-CV-1251-MLB-KMH<br>) and<br>) 07-CV-1043-MLB-KMH<br>)<br>)<br>)<br>) |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW Plaintiff and Harkness Class Member Patrick W. Daley, *pro se,* in the above matter to move the Court to enforce the Settlement Agreement with respect to Gilardi & Co. LLC failing to provide proper notice to Class Member Daley of a substantial and incorrect reduction of his share of the Lost Pension Benefits Settlement Payout.

**I.  STATEMENT**

1.1  I received the first Information Addendum in the mail from Gilardi & Co. LLC on June 4, 2015. It provided an estimate of $45,500.00 as my portion of the Lost Pension Benefits Settlement. (Exhibit A)

1.2  Because of changes to the Settlement formula, all Class Members received a revised Information Addendum. I received the revised Information Addendum in the mail from Gilardi & Co. LLC on July 13, 2015. It provided a revised estimate of $46,800.00 as my portion of the Lost Pension Benefits Settlement. (Exhibit B)

1.3    The revised Information Addendum listed my personal information on which my payment for claims for Lost Pension Benefits was based. All of the information was correct and complete.

1.4    The revised Information Addendum stated that "The deadline for submitting the Pension Information Dispute Form is July 15, 2015." Since all my information on the Information Addendum was correct, I did not submit the Dispute form.

1.5    **August 4, 2015 was the deadline for filing an objection** for it to be heard at the Fairness Hearing which was held on August 19, 2015.

1.6    **I did not receive any other communication from Gilardi until I received the Lost Pension Benefits Payout letter/check on August 5, 2016.** (Exhibit C)

1.7    The 'stub" of the Pension Benefits Settlement Payout letter/check I received listed a Gross Award Amount of $37,310.67.

1.8    The $37,310.67 Gross Award Amount I received August 5, 2016 was substantially less than the estimated $46,800.00 in the last Information Addendum I received. There was no explanation offered in the letter for the substantial discrepancy or why I was not notified in time to object.

1.9    Other Class Members of which I am aware received Gross Award Amounts within one percent (1 %) of the estimate in the second Information Addendum.

2.0    In the *Order Preliminarily Approving Class Settlement, Conditionally Certifying Class Action as to Damages, Approving Notice to Class Members and the Plan of Notice, and Setting Date for Settlement Fairness Hearing* (case document 637), item 8 states in part:

> The Information Addendum to the Notice, the Pension Information Dispute Form, and the procedures outlined therein, **including the 45-day**

        **period for Class members to dispute the information contained in the Addendum**, are fair reasonable, and adequate and hereby approved.

2.1    In *Plaintiffs' Notice of Clarifications to Exhibit "C" to Settlement Agreement* (case document 639), item 4 states:

> Plaintiffs already arranged for Class Members to receive a tentative estimate of the amount they would each receive for the "pension" portion of the settlement distribution. Due to the clarifications identified above, the estimates Class Members received earlier will likely change. Accordingly, Plaintiffs are arranging to send new estimates to every Class Member to account for these clarifications. **The Class Members will receive the new estimates well in advance of the date for filing any objections.**

2.2    The estimate of $46,800.00 listed as my portion of the Lost Pension Benefits Settlement which was in the second Information Addendum I received was "information contained in the Addendum" for which I was to have **a 45-day period to dispute**, as cited in 2.0 above, and which I was to **receive well in advance of the date for filing any objections**, as cited in 2.1 above.

2.3    **The Lost Benefits Payout letter/check, which had the incorrect Gross Award Amount of $37,310.67, arrived one year and one day too late to file an objection** (367 days, accounting for 2016 being a leap year).

2.4    Other than objecting at the Fairness Hearing, there is no provision in the Settlement Agreement for settling disputes relating to Lost Pension Benefits other than contacting the Gilardi Claims Administrator.

2.5   I sent three letters via USPS and one by e-mail to the Gilardi Claims Administrator in an attempt to correct this error and have not received a reply to any of them. The first letter was mailed August 8, 2016; so it has been 10 weeks, which is certainly sufficient time for Gilardi to address this time-sensitive manner.

    (a)   The first letter was sent August 8, 2016 first-class via the USPS. (Exhibit D)

    (b)   The second letter was sent September 7, 2016 as a certified letter via the USPS. It was picked up by a Gilardi representative September 12, 2016. (Exhibit E)

    (c)   The third letter was sent September 27, 2016 as a certified letter via the USPS. It was picked up by a Gilardi representative September 30, 2016. (Exhibit F)

    (d)   A copy of the third letter was also sent as an e-mail September 27, 2016 to classact@gilardi.com.

2.6   In the third letter I sent, I informed Gilardi that, if this matter was not resolved by October 14, 2016, I would ask the Court to enforce the terms of the Settlement Agreement.

2.7   I have been holding the incorrect Settlement check in hopes of resolving this payment discrepancy before the check becomes void November 1, 2016.

2.8   In addition to the time and effort expended by Class Member Daley drafting and filing this *Motion*, Gilardi's refusal to respond to Class Member Daley's multiple legitimate inquires has unnecessarily inconvenienced the Court, Plaintiffs' attorneys and Defense attorneys by their having to respond to this *Motion to Enforce*.

## II.     ARGUMENT

Since the second Information Addendum I received July 13, 2015 contained all of the information required by Gilardi for calculating my settlement payment, that this information was accurate, and that the gross award amount shown was $46,800.00, by later substantially and incorrectly reducing the gross award amount to $37,310.67, a shortage of $9,489.33, and not informing me until I received the check one full year after it was too late for me to object, Gilardi violated the notification provisions in the *Order Preliminarily Approving Class Settlement* and in the *Plan of Allocation and Distribution Order*.

## III.    CONCLUSION

For the reasons stated above, Class Member Daley asks the Court to enforce the notification provisions in the Settlement Agreement and instruct Gilardi & Co. LLC to issue a check to Patrick W. Daley to make up the $9,489.33 shortage in the gross amount, with the appropriate taxes withheld, and to provide any further relief the Court deems reasonable.

Respectfully submitted,

*/s/ Patrick W. Daley*

Patrick W. Daley

1251 S. Sagebrush Ct.
Wichita, KS 67230
316-218-1617

In Sedgwick County, the state of Kansas, on this 19th day of October, 2016, __Patrick W Daley__ personally known to me to be the person who executed the foregoing instrument of writing, appeared before me personally and duly acknowledged and executed same. IN TESTIMONY WHEREOF, I have hereunto set my hand and notarial seal for the above county and state, the day and year above written.

_Sherri Byram_   Notary Public

My appointment expires:

SHERRI BYRAM
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 5-20-17

6



SPEEA v. The Boeing Co.
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
Case Nos. 05-CV-1251 and 07-CV-1043

EXHIBIT A

...ICH

# INFORMATION ADDENDUM

BWICH 10000369-9

PATRICK WILLIAM DALEY
1251 S SAGEBRUSH CT
WICHITA KS  67230-7616

Dear PATRICK WILLIAM DALEY:

This Addendum sets forth the information on which your payment for claims of lost pension benefits under the settlement will be based. Based on records provided by Spirit, your payment for claims of lost pension benefits will be based on the following information:

A. DATE OF BIRTH: ▮1954

B. YEARS OF CREDITED SERVICE AT BOEING:   25.99950

C. DATE OF TERMINATION OF EMPLOYMENT AT SPIRIT: N/A

D. DATE OF DEATH, IF APPLICABLE: N/A

If you agree with the information set forth above, you do not need to take any action in order to receive your share of the settlement fund that has been allocated to claims of lost pension benefits. If you disagree with any information listed above: Date of Birth; Years of Credited Service at Boeing; Date of Termination of Employment at Spirit; Date of Death, if applicable, please see the enclosed Pension Information Dispute Form for instructions on how to correct or submit additional information. The deadline for submitting the Pension Information Dispute Form is July 15, 2015.

Based on the information set forth above, you will receive a settlement payment for claims of lost pension benefits, calculated using the allocation formula submitted for court approval as part of the settlement. Our preliminary and tentative estimate is that you would receive $45500.00 for this portion of the settlement. This number could change based on additional information.

This Addendum concerns only the payments under the settlement for lost pension benefits. The remaining proceeds of the settlement will be paid to Class Members as reimbursement and/or compensation for claims of lost retiree health insurance benefits. To submit a claim for reimbursement of medical expenses you have incurred, use the Healthcare Claim Form that is enclosed with this Notice package. Submitting the Healthcare Claim Form is the only way to get reimbursed for medical expenses under the settlement. The deadline for submitting a Healthcare Claim Form is September 18, 2015.



FOR CLAIMS PROCESSING ONLY   OB ☐ ☐   CB ☐   ○ DOC ○ LC ○ REV   ○ RED ○ A ○ B

1

SPEEA v. The Boeing Co.
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
Case Nos. 05-CV-1251 and 07-CV-1043

EXHIBIT B

# INFORMATION ADDENDUM

BWICH 10000369-9

1600
PATRICK WILLIAM DALEY
1251 S SAGEBRUSH CT
WICHITA KS  67230-7616

Dear PATRICK WILLIAM DALEY:

This Addendum sets forth the information on which your payment for claims of lost pension benefits under the settlement will be based. Based on records provided by Spirit, your payment for claims of lost pension benefits will be based on the following information:

A. DATE OF BIRTH:  ●/1954

B. YEARS OF CREDITED SERVICE AT BOEING:  25.9995

C. DATE OF TERMINATION OF EMPLOYMENT AT SPIRIT: 11/15/2014

D. DATE OF DEATH, IF APPLICABLE: N/A

If you agree with the information set forth above, you do not need to take any action in order to receive your share of the settlement fund that has been allocated to claims of lost pension benefits. If you disagree with any information listed above: Date of Birth; Years of Credited Service at Boeing; Date of Termination of Employment at Spirit; Date of Death, if applicable, please see the enclosed Pension Information Dispute Form for instructions on how to correct or submit additional information. The deadline for submitting the Pension Information Dispute Form is July 15, 2015.

Based on the information set forth above, you will receive a settlement payment for claims of lost pension benefits, calculated using the allocation formula submitted for court approval as part of the settlement. Our preliminary and tentative estimate is that you would receive $46,800.00 for this portion of the settlement. This number could change based on additional information.

This Addendum concerns only the payments under the settlement for lost pension benefits. The remaining proceeds of the settlement will be paid to Class Members as reimbursement and/or compensation for claims of lost retiree health insurance benefits. To submit a claim for reimbursement of medical expenses you have incurred, use the Healthcare Claim Form that is enclosed with this Notice package. Submitting the Healthcare Claim Form is the only way to get reimbursed for medical expenses under the settlement. The deadline for submitting a Healthcare Claim Form is September 18, 2015.

| FOR CLAIMS PROCESSING ONLY | OB | CB | DOC LC REV | RED A B |
|---|---|---|---|---|

1

Wichita Retirement Class Settlement
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

EXHIBIT C



CLAIM #: BWICH-10000369-9

PATRICK WILLIAM DALEY
1251 S SAGEBRUSH CT
WICHITA, KS  67230-7616

01563

Wichita Retirement Class Settlement
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
Toll Free: (877) 290 8514
Email: classact@gilardi.com
August 03, 2016

Re:   Wichita Retirement Class Settlement - Lost Pension Benefits Settlement Payment
      BWICH-10000369-9

Dear PATRICK WILLIAM DALEY:

Enclosed, please find a check in the amount of $23,449.76, representing your Lost Pension Benefits settlement payment in the Wichita Retirement Class Settlement. Please cash this check no later than November 01, 2016; because after that date, this check will no longer be valid.

The enclosed check represents a share of the Net Common Fund Amount in the Litigation pending in the United States District Court for the District of Kansas, captioned *Society of Professional Engineering Employees in Aerospace, IFPTE Local 2001, et al. v. The Boeing Co. et al.*, Case Nos. 05-CV-1251 and 07-CV-1043. If you are not legally entitled to the proceeds identified on the check apron, the Court has entered an order that requires you to pay these proceeds to persons legally entitled thereto or to return the proceeds to the Claims Administrator for further distribution to the proper party.

The person to whom this check was originally made payable, and anyone to whom the check has been assigned by that person, has accepted this settlement payment pursuant to the terms of the Settlement Agreement, Notice of Proposed Settlement of Class Action, and Judgment related thereto, which releases Boeing, and all of its respective officers, members, directors, employees, agents, settlors, administrators, shareholders, representatives, and attorneys, and other Released Parties, as defined in the Settlement Agreement, from any and all claims that were brought, or that could have been brought, in connection with the above captioned Litigation.

The check will be null and void if not endorsed and negotiated within ninety (90) days of its date.   Continued on reverse

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND • THIS PAPER CONTAINS FLUORESCENT FIBERS AND OTHER SECURITY FEATURES

---

Wichita Retirement Class Settlement
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

Bank of the West

90-78/1211

Check No.
201563

PAY   ***********Twenty-three Thousand Four Hundred Forty-nine Dollars and 76/100***********

TO THE
ORDER OF



PATRICK WILLIAM DALEY
1251 S SAGEBRUSH CT
WICHITA, KS  67230-7616

Date: August 03, 2016         Pay Amount: $23,449.76
CLAIM #: BWICH-10000369-9

VOID AFTER November 01, 2016

*Dennis A. Gilardi*

⑈0000201563⑈  ⑆121100782⑆  0403800 32⑈

For tax purposes, your settlement payment is considered wages subject to the withholding of all a[pplicable] federal payroll taxes.

EXHIBIT C

We are pleased to inform you that we do not anticipate any social security benefit reductions arisi[ng from the indiv]idual components of your distribution. Ordinarily, for class members who are currently drawing social s[ecurity, recei]pt of wages could impact one's benefits depending on several factors. However, in this case we expect [payments fall] under the Social Security Administration's ("SSA") definition of a "special wage payment" or "SWP." An SWP is still subject to income taxation, as well as FICA taxes (Social Security and Medicare). However, solely for purposes of entitlement to, and calculation of, social security benefits, an SWP may be credited back to the period to which it relates (in this case, 2005, the year you separated from service from Boeing) rather than the year of receipt. Consequently, we do not anticipate any reduction in your current social security benefits. In some instances, the allocation back to 2005 may result in an increase in your benefits.

An SWP is not differentiated on your W 2 in any way. An SWP is treated exactly like any other wage payment for W 2 reporting purposes. Please note, the qualified settlement fund (the entity that is making these distributions to class members) will prepare and file special reports (Form SSA 131) with SSA that will allow SSA to allocate these SWPs appropriately. This reporting will be done contemporaneously with the filing of tax year 2016 Forms W 2 (in the first quarter of 2017).

Your W 2 will be provided with your Residual Distribution payment which is expected to be sent by the end of 2016. If you have any questions about potential tax issues, we recommend that you consult a professional tax consultant, as Class Counsel, Defense Counsel, and the Settlement Administrator cannot provide you with any tax advice. Nothing herein is intended to be, nor should be relied upon as tax advice.

Sincerely,

Settlement Administrator

**Payroll Deductions:**
| | |
|---|---|
| Federal Withholding: | $9,327.67 |
| Social Security: | $2,313.26 |
| Medicare: | $541.00 |
| KS State Withholding: | $1,678.98 |

Gross Award Amount: $37,310.67

Net Check Amount: $23,449.76


EXHIBIT
D

August 8, 2016

Patrick W. Daley
1251 S. Sagebrush Ct.
Wichita, KS 67230

Claims Administrator
Wichita Retirement Class Settlement
Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Re:   Discrepancy in Lost Pension Benefits Settlement Payout Amount
      Claim #: BWICH-10000369-9
      Check No. 201563

Dear Sir/Madam:

The $37,310.67 Gross Award Amount shown in the Lost Pension Benefits Settlement Payout letter/check I received August 5, 2016 is significantly less than the $46,800.00 estimate I received July 13, 2015 in the Information Addendum letter I received from Gilardi (copy enclosed).

There is no explanation given for the reduced amount. I am assuming an error was made when calculating the final gross award amount.

Please advise me on what the correct amount should have been and provide details of how that amount was calculated.

Sincerely,

*Patrick W. Daley*

Patrick W. Daley

enclosure: Information Addendum letter received July 13, 2015

*Copy mailed on Sep 2016*
*Cert. [illegible]*

EXHIBIT E

September 7, 2016

Patrick W. Daley
1251 S. Sagebrush Ct.
Wichita, KS 67230

Claims Administrator
Wichita Retirement Class Settlement
Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Re: Discrepancy in Lost Pension Benefits Settlement Payout Amount
    Claim #: BWICH-10000369-9
    Check No. 201563

Dear Sir/Madam:

*This is my second request. The first request was sent in a letter August 8, 2016 (copy enclosed).*

The $37,310.67 Gross Award Amount shown in the Lost Pension Benefits Settlement Payout letter/check I received August 5, 2016 is significantly less than the $46,800.00 estimate I received July 13, 2015 in the Information Addendum letter I received from Gilardi (copy enclosed).

There is no explanation given for the reduced amount. I am assuming an error was made when calculating the final gross award amount.

Please advise me on what the correct amount should have been and provide details of how that amount was calculated. Please respond within 10 days.

Sincerely,

*Patrick W. Daley*

Patrick W. Daley

Enclosures: Information Addendum letter received July 13, 2015
            August 8, 2016 Letter Daley to Claims Administrator

ms Administrator @ Gilardi
ırding discrepancy in Lost Pension
efits Settlement Payout

EXHIBIT
E

Edit View History Bookmarks Tools Help

Death Of US Dollar Reserve S... × USPS.com® - USPS Tracking® ×

https://tools.usps.com/go/Tra Search

# Product & Tracking Information

Ava

Postal Product: First-Class Mail®

Features: Certified Mail™

Text Up

Email U

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 12, 2016 , 8:01 am | Delivered, Individual Picked Up at Postal Facility | SAN RAFAEL, CA 94912 |
| Your item was picked up at a postal facility at 8:01 am on September 12, 2016 in SAN RAFAEL, CA 94912. | | |
| September 10, 2016 , 12:26 pm | Available for Pickup | SAN RAFAEL, CA 94912 |
| September 9, 2016 , 8:31 | Departed USPS Facility | PETALUMA, CA 94999 |

7015 3430 0000 6583 6933

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

SAN RAFAEL, CA 94912 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $ $3.30 | 0626 |
| Extra Services & Fees (check box, add fee as appropriate) $0.00 | 25 |
| ☐ Return Receipt (hardcopy) $ $0.00 | Postmark Here |
| ☐ Return Receipt (electronic) $ $0.00 | SEP 7 2016 |
| ☐ Certified Mail Restricted Delivery $ $0.00 | USPS |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ $0.00 | |
| Postage $ $0.47 | 09/07/2016 |
| Total Postage and Fees $ $3.77 | |

Sent To WICHITA CLASS SETTLMNT GILARDI, LLC
Street and Apt. No., or PO Box No. P.O. BOX 8040
City, State, ZIP+4® SAN RAFAEL CA 94912-8040

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions





COPY
mailed 9/27/16

EXHIBIT
F

September 27, 2016

Patrick W. Daley
1251 S. Sagebrush Ct.
Wichita, KS 67230

Claims Administrator
Wichita Retirement Class Settlement
Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Re:   Discrepancy in Lost Pension Benefits Settlement Payout Amount
      Claim #: BWICH-10000369-9
      Check No. 201563

*This is my third request. The first request was sent in a letter via USPS August 8, 2016; the second request was sent in a certified letter via USPS September 7, 2016 which was picked up by a Gilardi representative September 12, 2016.*

Dear Claims Administrator:

The $37,310.67 Gross Award Amount shown in the Lost Pension Benefits Settlement Payout letter/check I received August 5, 2016 is significantly less than the $46,800.00 estimate I received July 13, 2015 in the second Information Addendum letter from Gilardi.

As you are aware, the estimate in the first Information Addendum letter, which I received June 4, 2015, stated I should receive a gross amount of $45,500.00. However, a revised estimate was required to be sent to Class Members because of changes to the Settlement formula in *Exhibit "C" to Settlement Agreement, Plan of Allocation and Distribution Order* (case document 632-4) as explained in *Plaintiffs' Notice of Clarifications to Exhibit "C" to Settlement Agreement* (case document 639). Item 4 of the *Clarifications* document states:

>   4.   Plaintiffs already arranged for Class Members to receive a tentative estimate of the amount they would each receive for the "pension" portion of the settlement distribution. Due to the clarifications identified above, the estimates Class Members received earlier will likely change. Accordingly, Plaintiffs are arranging to send new estimates to every Class Member to account for these clarifications. **The Class Members will receive the new estimates well in advance of the date for filing any objections.**

EXHIBIT F

I received the revised estimate of $46,800.00 on July 13, 2015 in the second Information Addendum, which was in advance of the filing deadline for the August 19, 2015 Fairness Hearing. After this, I did not received any notice that the amount would be substantially changed until I received the Lost Pension Benefits Settlement Payment check in the mail August 5, 2016, **which was one full year plus one day (367 days) too late to file an objection** with the Court for it to be heard at the Fairness Hearing. Per the *Clarifications* document, the estimates were to arrive "...well in advance of the date for filing any objections."

Since the second Information Addendum I received July 13, 2015 contained all of the information required by Gilardi for calculating my settlement payment, that this information was accurate, and that the amount shown was $46,800.00, by substantially reducing the amount to $37,310.67 and not informing me until I received the check one full year after it was too late for me to object, Gilardi violated the *Plan of Allocation and Distribution Order*.

I have been holding the $37,310.67 gross amount check while I have attempted to resolve this matter with you for the past seven weeks; however, you appear to be "running the clock" until the check becomes void on November 1, 2016.

Either issue a check to make up the $9,489.33 shortage in the gross amount with the appropriate taxes withheld, or issue a check for the full $46,800.00 gross amount with the appropriate taxes withheld within 10 business days.

If this is not resolved by October 14, 2016, I will request the Court become involved to enforce the terms of the Settlement Agreement, as the Court has retained jurisdiction in this matter.

Sincerely,

*Patrick W. Daley*
Patrick W. Daley

Sent by Certified U.S. Mail and e-mailed to classact@gilardi.com

USPS.com® - USPS Tracking®     https://tools.usps.com/go/TrackConfirmAction.action?tRef=fullpage...

English    Customer Service    USPS Mobile

EXHIBIT F

## USPS.COM

# USPS Tracking®

**Still Have Questions?**
Browse our FAQs



Get Easy Tracking Updates
Sign up for My USPS.

Tracking Number: 70153430000065836926

On Time
Updated Delivery Day: **Friday, September 30, 2016**

## Product & Tracking Information

**Postal Product:** First-Class Mail®
**Features:** Certified Mail™

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 30, 2016, 9:10 am | Delivered, Individual Picked Up at Postal Facility | SAN RAFAEL, CA 94912 |

Your item was picked up at a postal facility at 9:10 am on September 30, 2016 in SAN RAFAEL, CA 94912.

