IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SOCIETY OF PROFESSIONAL ENGINEERING
EMPLOYEES IN AEROSPACE, IFPTE LOCAL
2001, *et al.*,

        Plaintiff,

        vs.                                 Case No. 05-1251-JTM

THE BOEING COMPANY, *et al.*

        Defendant.

MEMORANDUM AND ORDER

Harkness Class Member and Objector Patrick Daley has moved to enforce the Settlement Agreement so as to award him an additional $9,489.33, reflecting the difference between the pension settlement award of $46,800 he anticipated (based on an Information Addendum he received on July 13, 2015), and the check for $37,310.67 which he ultimately received in 2016 as his portion of the Gross Amount Award. Daley stresses in his motion that the check he received in 2016 is not only less than the amount indicated in the Addendum, but that the check arrived well after the time in which he might file a timely objection prior to the approval of the settlement.

The court will deny the motion. Nothing in the Settlement Agreement locks in or

guarantees the figures issued in the Information Addenda issued in 2015. To the contrary, Revised Exhibit C to the Settlement Agreement (Dkt. 639), submitted by plaintiffs on June 26, 2015, and agreed to by Boeing, indicated the need for ongoing clarification of sums due under the pension portion of the settlement in light of additional information. The Notice of Revision indicated that the plaintiffs had previously sent class members "a *tentative estimate* of the amount they would each receive for the 'pension' portion of the settlement distribution," that as a result of these calculations "the *estimates* ... will likely change," and that the plaintiffs were "arranging to send new *estimates* to every Class Member." *Id.* at 2 (emphasis added). That the 2015 figures were not guaranteed is also emphasized in the Information Addendum actually received by Daley, which indicates that $46,800 is "[o]ur *preliminary* and *tentative estimate*" of what he would receive. (Dkt. 679, Exh. B) (emphasis added).

On September 3, 2015, Judge Belot granted final approval of the Settlement Agreement of the Harkness Class as fair, reasonable, and adequate. (Dkt. 671). The court also overruled the substantive objections of individual class members—including an Objection filed by Daley. (Dkt. (Dkt. 662).

Affidavit evidence supplied by the plaintiffs in their Response to Daley's motion indicates the June 2016 recalculation affects some 70 persons out of approximately 1800 members of the Harkness class. Further, the recalculation and revised Gross Amount Awards follow the payment model approved by the court, incorporating necessary revisions for early termination from employment at Spirit. Daley has not filed any reply

2

which would dispute the facts set forth in the plaintiffs' response.

Given the shared nature of the settlement fund, individualized awards could not occur until revisions reflecting service at Spirit were calculated for all 1800 members of the class. The check received by Daley was properly adjusted for his 65 months of Service at Spirit.

IT IS ACCORDINGLY ORDERED this 2nd day of December, that Objector Daley's Motion to Enforce (Dkt. 679) is hereby denied.

                                                 s/ J. Thomas Marten
                                                 J. THOMAS MARTEN, JUDGE